Connie L. Michaels, SBN 128065
cmichaels@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

[*counsel continued on next page*]

Attorneys for Defendants
MEGAN REILLY, ILEANA DAVOLOS,
GEORGE MCKENNA, MONICA GARCIA,
SCOTT SCHMERELSON, NICK MELVOIN,
JACKIE GOLDBERG, KELLY GONEZ AND
TANYA ORTIZ FRANKLIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| HEALTH FREEDOM DEFENSE FUND, INC., a Wyoming Not-for-Profit Corporation; CALIFORNIA EDUCATORS FOR MEDICAL FREEDOM, an unincorporated association; MIGUEL SOTELO; MARIEL HOWSEPIANRODRIGUEZ; JEFFREY FUENTES; SANDRA GARCIA; and HOVHANNES SAPONGHIAN; NORMA BRAMBILA, | Case No. 2:21-cv-08688 DSF-PVCx |
| | Hon. Dale S. Fischer |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | [Filed concurrently with Defendant's Notice of Motion and Motion for Judgment on the Pleadings, Declaration of Carrie Stringham Iso Motion for Judgment on the Pleadings; and (Proposed) Order] |
| MEGAN K. REILLY, in her official capacity as Interim Superintendent of the Los Angeles Unified School District; ILEANA DAVALOS, in her official capacity as Chief Human Resources Officer for the Los Angeles Unified School District; GEORGE MCKENNA, MONICA GARCIA, SCOTT SCHMERELSON, NICK MELVOIN, JACKIE GOLDBERG, KELLY GONEZ, and TANYA ORTIZ FRANKLIN, in their official capacities as members of the Los Angeles Unified School District governing board, | |
| | [FED. R. CIV. P. 12 (c)] Date: September 12, 2022 Time: 1:30 p.m. Courtroom: 7D |
| Defendants. | Trial Date: March 13, 2021 Complaint filed: November 3, 2021 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1

2:21-CV-08688 DSF-PVCX

Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.:    916.561.0828

Carrie A. Stringham, Bar No. 272731
CStringham@littler.com
LITTLER MENDELSON P.C.
500 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.515.1836
Fax No.:    619.340.4283

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

2:21-CV-08688 DSF-PVCX

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................... 3

III.  LEGAL STANDARD............................................................................................ 4

IV.   LEGAL ARGUMENT .......................................................................................... 5

    A.    The SAC Should be Dismissed Because Defendants are Immune from  Suit Based on Eleventh Amendment Sovereign Immunity.................................. 5

        1.    The SAC's Efforts to Circumvent the State's Sovereign Immunity Should be Rejected Because Plaintiffs Admit their End Goal is an Award of Monetary Damages. ............................................................ 5

        2.    Defendants are Immune from the State Law Claims. ...................... 8

    B.    The Allegations Are Insufficient to State a Viable Claim Under 42 U.S.C. § 1983 (First Cause of Action)...................................................... 9

        1.    The Complaint Does Not Implicate a Constitutionally Protected Right.......... 9

        2.    The Facts Alleged are Insufficient to State a Claim Against the Individual Defendants. ................................................................. 12

        3.    Defendants are not 'Persons' Under Section 1983 ....................... 13

    C.    Plaintiffs' Equal Protection Claim Fails (Second Cause of Action) Because No Fundamental Rights or Suspect Class are Implicated.................................. 14

    D.    Plaintiffs' Third Claim for Declaratory and Injunctive Relief Under The California Constitution Fails.................................................................. 16

    E.    Plaintiffs' Fourth Claim for Declaratory and Injunctive Relief Under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, Et Seq. Fails. .................. 18

    F.    Plaintiffs' Fifth Claim for Violation Of Due Process Under *Skelly v. State Personnel Board* Fails........................................................................... 20

    G.    Plaintiffs' Sixth Claim for Public Disclosure of Private Facts Fails. ...................... 21

    H.    Plaintiffs' Seventh Claim for Breach of Security for Computerized Personal Information Fails.................................................................................. 22

V.    CONCLUSION.................................................................................................... 24

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3                                                    2:21-CV-08688 DSF-PVCX

1

**TABLE OF AUTHORITIES**

2

**Page**

3

4

**Cases**

5

*Abeel v. Clark,*
   84 Cal. 226 (1890) ....................................................................................11, 17, 18

6

7

*Alabama v. Pugh,*
   438 U.S. 781 (1978)..............................................................................................6

8

9

*Ammend v. BioPort Inc.,*
   322 F.Supp.2d 848 (W.D. Mich. 2004) ...............................................................5

10

*Angelotti Chiropractic, Inc. v. Baker,*
   791 F.3d 1075 (9th Cir. 2015) ...........................................................................15

11

12

*Antman v. Uber Technologies, Inc.,*
   2015 WL 6123054 (N.D. Cal. Oct. 19, 2015)....................................................23

13

*Antman v. Uber Techs., Inc.,*
   2018 U.S. Dist. LEXIS 79371, 2018 WL 2151231 (N.D. Cal. May 10, 2018).....................23

14

15

*Arizona Students' Association v. Arizona Board of Regents,*
   824 F.3d 858 ....................................................................................................6, 7

16

17

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937 (2008) ..........................................................................................5

18

*Attwood v. Clemons,*
   818 Fed. Appx. 863..............................................................................................9

19

20

*Baker v. McCollan,*
   443 U.S. 137 (1979)............................................................................................10

21

22

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990) ...............................................................................4

23

24

*Barren v. Harrington,*
   152 F.3d 1193 (9th Cir. 1998) ...........................................................................12

25

*Belanger v. Madera Unified Sch. Dist.,*
   963 F.2d 248 (9th Cir. 1992) ...............................................................................6

26

27

*Board of Trustees of Univ. of Ala. v. Garrett,*
   531 US 356 (2001)................................................................................................2

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4

2:21-CV-08688 DSF-PVCX

# TABLE OF AUTHORITIES
(continued)

**Page**

*Brett v. Brooks Bros. Grp.*,
  2018 U.S. Dist. LEXIS 153150, 2018 WL 8806668 (C.D. Cal. Sept. 6, 2018) .....................23

*Briscoe v. Reader's Digest Assn., Inc.*
  (1971) 4 Cal.3d 529 ...........................................................................................................21

*Brown v. Smith*,
  24 Cal.App.5th 1135, 1146 (2018) ...........................................................................11, 15

*Bryant v. Tex. Dep't of Aging & Disability Servs.*,
  781 F.3d 764 (5th Cir. 2015) ...............................................................................................5

*City of Cleburne v. Cleburne Living Ctr.*,
  473 U.S. 432 (1985) ...........................................................................................................18

*Cooper v. Dignity Health*,
  438 F.Supp.3d 1002 (9th Cir. 2020) ...................................................................................19

*Coshow v. City of Escondido*
  (2005) 132 Cal.App.4th 687 ...............................................................................................17

*Cottrell v. AT&T Inc.*,
  2020 WL 4818606 (N.D. Cal. Aug. 19, 2020) ...................................................................24

*Fallon v. Mercy Catholic Med. Ctr. of Southeastern Pennsylvania*,
  877 F.3d 487 (3d Cir. 2017)...............................................................................................11

*FCC v. Beach Commc'ns*,
  508 U.S. 307 (1993)............................................................................................................15

*Fleming v. Pickard*,
  581 F.3d 922 (9th Cir. 2009) ................................................................................................4

*Green v. Mansour*,
  474 U.S. 64 (1985)..........................................................................................................2, 8

*Hafer v. Melo*,
  502 U.S. 21, 26 (1991 ..................................................................................................13, 14

*Hays Cty. Guardian v. Supple*,
  969 F.2d 111 (5th Cir. 1992) ................................................................................................8

*Hill v. National Collegiate Athletic Assn.*,
  7 Cal.4th 1 (1994) ........................................................................................................16, 17

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5                                      2:21-CV-08688 DSF-PVCX

**TABLE OF AUTHORITIES**
(continued)

Page

*Hoeck v. City of Portland*,
  57 F.3d 781,786 (9th Cir. 1995) ........................................................................16

*Hustvet v. Allina Health Sys.*,
  910 F.3d 399 (8th Cir. 2018) ...........................................................................11

*Jackson v. Loews Hotels, Inc.*,
  2019 WL 6721637 (C.D. Cal. July 24, 2019) .....................................................23

*Jacobson v. Massachusetts*,
  197 U.S. 11 (1905).......................................................................................10, 11

*Jefferson v. Time Warner Cable Enterprises*,
  LLC, 584 Fed.Appx.520 (9th Cir. 2014) ...........................................................19

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ...........................................................................4

*Kirchmann v. Lake Elsinore Unified Sch. Dist.*,
  83 Cal.App.4th 1098 (2000), *as modified on denial of reh'g* (Oct. 11, 2000)...................5, 14

*Kirkpatrick v. Civil Service Com.*,
  77 Cal.App.3d 940 ...........................................................................................20

*Leer v. Murphy*,
  844 F.2d 628 (9th Cir. 1988) ...........................................................................12

*Love v. King*,
  784 F.2d 708 (5th Cir. 1986) ......................................................................10, 11

*Love v. State Dep't of Educ.*,
  29 Cal. App. 5th 980 (2018) ...........................................................10, 11, 17, 18

*Love v. State Dept. of Education*
  (2018) 29 Cal.App.5th 980, 984 ......................................................................16

*McAllister v. Los Angeles Unified School District*,
  *216 Cal.App.4th 1198, 1201-02 (2013)* ...........................................................13

*Moreno v. Hanford Sentinel, Inc.*,
  172 Cal.App.4th 1125 ....................................................................................21

*Nordlinger v. Hahn*,
  505 U.S. 1 (1992)............................................................................................14

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

# TABLE OF AUTHORITIES
(continued)

**Page**

*Pennhurst State Sch. & Hosp. v. Alderman*,
　465 U.S. 89 (1984) ..................................................................2, 8, 9

*Phillips v. City of New York*,
　775 F.3d 538 (2d Cir. 2015) ...............................................................11

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
　522 F.3d 1049 (9th Cir. 2008) ..............................................................4

*Regents of the University of California v. Doe*,
　519 U.S. 425 (1997) ...........................................................................5

*RUI One Corp. v. City of Berkeley*,
　371 F.3d 1137 (9th Cir. 2004) ............................................................15

*Seminole Tribe of Florida v. Florida*,
　517 U.S. 44 (1996) ...........................................................................5

*Skelly v. State Personnel Board*,
　15 Cal.3d 194 (1975) ....................................................................20, 21

*Stanley v. Trustees of Cal. State Univ.*,
　433 F.3d 1129 (9th Cir. 2006) ..............................................................4

*Stasi v. Inmediata Health Grp. Corp.*,
　2020 U.S. Dist. LEXIS 79303 ............................................................24

*Transphase Sys. Inc. v. Southern Cal. Edison Co.*,
　839 F. Supp. 711 (C.D. Cal. 1993) .........................................................5

*Tsao v. Desert Palace, Inc.*,
　698 F.3d 1128 (9th Cir. 2012) ............................................................12

*United States v. Padilla-Diaz*,
　862 F.3d 856 (9th Cir. 2017) ..............................................................14

*Vill. of Euclid, Ohio v. Amber Realty Co.*,
　272 U.S. 365 (1926) ........................................................................16

*Walsh v. Nevada Dept. of Human Resources*,
　471 F.3d 1033 (9th Cir. 2006) ........................................................19, 20

*Wells v. Brown*,
　891 F.2d 591 (6th Cir. 1999) .............................................................6, 11

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7

2:21-CV-08688 DSF-PVCX

# TABLE OF AUTHORITIES
(continued)

**Page**

*West v. Atkins,*
   487 U.S. 42 (1988)..............................................................................................10

*Whitlow v. California,*
   203 F.Supp.3d 1079 (S.D. Cal. 2016)..........................................................11, 15

*Will v. Michigan Dept. of State Police,*
   491 U.S. 58 (1989)...........................................................................5, 6, 13, 14

*Wilson v. California Health Facilities Com.,*
   110 Cal.App.3d 317 (1980) ..............................................................................17

*Workman v. Mingo Cty. Sch.,*
   667 F. Supp. 2d 679 (S.D. W.Va. 2009) ..........................................................11

*Wright v. Incline Village Gen. Improvement Dist.,*
   665 F.3d 1128 (9th Cir. 2011) ..........................................................................14

*Ex Parte Young,*
   209 U.S. 123 .......................................................................................2, 6, 8, 9

*Youngberg v. Romeo,*
   457 U.S. 307 (1982)..........................................................................................10

*Zucht v. King,*
   260 U.S. 174 (1922)...................................................................................10, 11

**Statutes**

42 U.S.C. § 1983 ...................................................................................... *passim*

42 U.S.C. § 12101, *et seq.*.................................................................................3, 18

Americans with Disabilities Act ................................................................ *passim*

Cal. Civil Code sections 1798.29 and 1798.82.......................................22, 23

Cal. Civil Code sec. 1798.150(a) ......................................................................22

California Civil Code section 1798.3.......................................................2, 22, 24

California Government Code sections 820.6 and 825 .........................................6

California Government Code sections 820.6 and 825(a)......................................6

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8

2:21-CV-08688 DSF-PVCX

# TABLE OF AUTHORITIES
(continued)

**Page**

Education Code Sec. 44807 ...................................................................................1, 16

Gov. Code § 6252(a) ..............................................................................................23

subdivision (a) of Section 6252 of the Government Code (a) ......................................23

Medical Information Act...........................................................................................24

## Other Authorities

Eleventh Amendment.......................................................................................... *passim*

Fourteenth Amendment ........................................................................................3, 10

Cal Const. art I, Sec 28(c)(1) ...............................................................................1, 16

California Civil Code Sections 1798.29 and 1798.82................................................22

California Constitution..............................................................................1, 3, 16, 17

Article VI of the California Constitution ..................................................................22

Rule 12(c) of the Federal Rules of Civil Procedure....................................................4

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2:21-CV-08688 DSF-PVCX

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Despite its thirty-four (34) pages, multiple exhibits, and seven purported "causes of action" consisting of every conceivable legal theory, the Second Amended Complaint ("SAC") lacks basic factual allegations necessary to sustain the legal claims alleged. Although the SAC certainly succeeds in amplifying the political agenda of the entity Plaintiffs, the multiple pages of largely extraneous and questionable anti-vaccination rhetoric is insufficient to state a cognizable legal claim against Defendants.

In response to the ongoing COVID-19 pandemic and in order to provide the California Constitution and Education Code[1] guarantees of safety, security, and peace at school for all students and staff, the Los Angeles Unified School District ("District") instituted a COVID-19 mandate ("Mandate") for its employees requiring them to either be vaccinated by October 1, 2021 (receive a first dose) or apply for one of the recognized exemptions. The individual Plaintiffs are covered by the Mandate and are members of the entity Defendant groups which, along with their counsel, are engaged in similar anti-vaccination lawsuits across the country with the goal of banning vaccine mandates for students and staff alike.

Plaintiffs' case is premised on various alleged state and federal constitutional violations. The SAC also contains a variety of incoherent and untenable state law claims for which Defendants are immune.  All of Plaintiffs' claims are either factually, legally, or procedurally defective.

First, there are zero allegations in Plaintiffs' SAC that the individual Defendants named were not acting in their official capacities as part of the course and scope of their employment at the District. Therefore, the individual Defendants named in Plaintiffs' SAC are immune from suit by virtue of the Eleventh Amendment sovereign immunity. While the SAC purports to seek injunctive and declaratory relief to conform to the

---

[1] *See Cal Const art* I, Sec 28(c)(1) and *Education Code* Sec. 44807.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

*Young* Doctrine (*Ex Parte Young*, 209 U.S. 123 (1908)), Plaintiffs' true goal, as evidenced by the allegations themselves, is to obtain a judgment declaring the mandate unlawful so that Plaintiffs can then use that judgment to obtain monetary damages and other relief against Defendants. *See Green v. Mansour*, 474 U.S. 64, 72-73 (1985).

Even if Defendants are not immune from the federal claims, Plaintiffs' third, fifth, sixth and seventh causes (the state-law claims) must be dismissed because *Ex Parte Young* is "inapplicable in a [federal] suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Alderman*, 465 U.S. 89, 106 (1984).

Further, Plaintiffs' fourth cause of action which seeks declaratory and injunctive relief under the ADA is essentially a tort claim, the violation of which would entitle Plaintiffs to monetary damages. Given the nature of the claim, equitable relief is not appropriate as Plaintiffs certainly have an adequate remedy at law (i.e., asserting individual claims with the required factual basis under the appropriate provisions of the ADA). Because the fourth cause of action is essentially a tort claim for damages, sovereign immunity bars the claim in this case. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 US 356, 368-369 (2001) (state employees' federal-court suits for money damages against state for alleged failure to comply with ADA held barred by Eleventh Amendment).

Plaintiff's fifth and sixth causes of action also fail, irrespective of the fact that Defendants are immune from these state law claims, because they are deficiently plead to state a claim against Defendants. Plaintiffs' seventh cause of action fails not only because Plaintiffs lack standing to pursue this claim, but because Defendants do not fall within the scope of *California Civil Code* section 1798.3.

Finally, according to Plaintiffs' SAC, Plaintiffs Garcia and Saponghian are former employees. Therefore, both individuals lack standing to seek injunctive relief as any injunction would not redress former employees no longer subject to the District's Mandate.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2                                    2:21-CV-08688 DSF-PVCX

For all these reasons, Defendants respectfully request the Court grant the instant Motion for Judgment on the Pleadings and dismiss Plaintiffs' SAC in its entirety without leave to amend.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2021, Plaintiffs filed a Complaint ("Original Complaint") alleging the District issued a policy requiring district employees be vaccinated against COVID-19. *See* Dkt. No. 65, Second Amended Complaint ("SAC") at p. 2, ¶ 1.  Given the premature nature of the lawsuit, on July 27, 2021, the Court dismissed the Original Complaint, without prejudice, based on ripeness.  *Id*. at p. 2, ¶ 3.

Thereafter, on August 13, 2021, LAUSD issued a mandatory COVID-19 vaccination policy (the "Mandate") requiring all District employees receive the first dose of the COVID-19 vaccine by October 15, 2021. *Id*. at p. 2 ¶¶ 4-5, Ex. A.  The Mandate provided procedures for those seeking religious or medical exemptions.  *Id*. at p. 20, ¶¶ 73-77 (each paragraph references Plaintiffs applying for an exemption).

Following pre-litigation meet and confer efforts amongst the parties, on November 3, 2021, *nearly three (3) months* after the August announcement of the Mandate, *several weeks* after the first COVID-19 dose requirement, and *two days* after the alleged terminations were set to occur, Plaintiffs filed a First Amended Complaint ("FAC").  *See* Dkt. No. 8. To avoid dismissal of the case based on LAUSD's Eleventh Amendment sovereign immunity, the FAC removed LAUSD as a defendant and instead named various LAUSD employees as defendants. *Id.*

On March 14, 2022, Plaintiffs filed the operative Second Amended Complaint ("SAC") asserting the following causes of action against all Defendants in their official capacities:  (1) Violation of the Fourteenth Amendment, Substantive Due Process (42 U.S.C. § 1983); (2) Violation of Fourteenth Amendment, Equal Protection (42 U.S.C. § 1983); (3) Declaratory and Injunctive Relief under California Constitution; (4) Declaratory and Injunctive Relief under the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, *et seq.*; (5) Violation of Due Process-*Skelley v. State Personnel*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3

2:21-CV-08688 DSF-PVCX

*Board*; (6) Public Disclosure of Private Facts; and (7) Breach of Security for Computerized Personal Information. *See* Dkt. No. 65.

In accordance with Local Rule 7-3, the Parties met and conferred regarding the deficiencies in the SAC identified by Defendants; however, the parties could not reach an agreement as to the dismissal of the claims. Declaration of Carrie A. Stringham ("Stringham Decl.") at ¶ 2-4.[2] As a result, Defendants bring the instant Motion as it is the most expeditious means to address the deficient pleading given the impending trial date and related deadlines.

## III.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") permits a party to move to dismiss a claim "[a]fter the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c).

As here, a motion for "[j]udgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1052 n.1 (9th Cir. 2008). Dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534

---

[2] After this Motion was drafted following multiple rounds of meet and confer conversations, Plaintiffs' counsel recently advised that Plaintiffs would agree to dismiss the third through seventh causes of action. At the same time, Plaintiffs requested Defendants stipulate to the filing of a Third Amended Complaint to include additional factual allegations as well as a number of additional defendants. For several reasons, Defendants could not agree to so stipulate but requested Plaintiffs confirm the dismissal of counts three through seven. To date, however, Plaintiffs have yet to confirm the same or dismiss counts three through seven thereby necessitating the instant Motion as Defendants are not confident the claims will be dismissed without Court intervention.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4                                    2:21-CV-08688 DSF-PVCX

F.3d 1116, 1121-22 (9th Cir. 2008).

In determining whether judgment is proper, the court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See*, *Transphase Sys. Inc. v. Southern Cal. Edison Co.*, 839 F. Supp. 711, 717 (C.D. Cal. 1993). Of significance, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" nor do "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2008).

As discussed in detail below, Plaintiffs' SAC should be dismissed in its entirety.

## IV.  LEGAL ARGUMENT

### A.  The SAC Should be Dismissed Because Defendants are Immune from Suit Based on Eleventh Amendment Sovereign Immunity.

#### 1.  The SAC's Efforts to Circumvent the State's Sovereign Immunity Should be Rejected Because Plaintiffs Admit their End Goal is an Award of Monetary Damages.

"The Eleventh Amendment prohibits federal courts from hearing 'any suit in law or equity, commenced or prosecuted against one of the United States....' The prohibition 'encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.'" *Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 83 Cal.App.4th 1098, 1101 (2000), *as modified on denial of reh'g* (Oct. 11, 2000); *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). An entity enjoys state sovereign immunity under the Eleventh Amendment if it is deemed an "arm of the state" government. *Ammend v. BioPort Inc.*, 322 F.Supp.2d 848, 856 (W.D. Mich. 2004) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). The Eleventh Amendment bars suits against the state, arms of the state or its officials, absent a valid waiver or abrogation of its sovereign immunity. *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Will v.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

2:21-CV-08688 DSF-PVCX

*Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). There is no such waiver or abrogation applicable here.

The Ninth Circuit has determined that public school districts are to be considered arms of the State for purposes of immunity analysis. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992). The immunity applies as to the school district regardless of whether the district is sued for damages or injunctive relief. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Lawsuits against state officials in their official capacity are deemed to be lawsuits against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1999) ("state officials sued in [their] official capacity for damages are absolutely immune from liability under the Eleventh Amendment."). For purposes of Eleventh Amendment immunity, a claim for damages that would be paid by the state or an arm of the state is barred.[3] *Belanger v. Madera Unified School District*, *supra*.

Defendants recognize sovereign immunity does not bar claims against individuals sued in their official capacity seeking *prospective injunctive relief* against state officials to remedy an *ongoing violation of federal law*. *Ex Parte Young*, 209 U.S. at 149-56; *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 (emphasis added). While Plaintiffs' may argue that they are not *currently* seeking

---

[3] Under California Government Code sections 820.6 and 825, the District is liable for any monetary judgment awarded against a District employee for actions undertaken in his/her official capacity. California Government Code sections 820.6 and 825(a) provide, in relevant part, as follows: 820.6. If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable. 825(a) Except as otherwise provided in this section, if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity and the request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6                    2:21-CV-08688 DSF-PVCX

monetary damages but rather seeking only prospective equitable relief, the conduct of Plaintiffs, as well as the allegations in the SAC, prove otherwise.

According to the SAC, in August 2021 District employees were notified of the Mandate and advised that they would need to receive their first does of the COVID-19 vaccine by October 1, 2021.  *See* Dkt. No. 65 at p. 2 ¶¶ 4-5, Ex. A.  According to the SAC, if an employee did not comply with the October 1, 2021, first-dose vaccination deadline, the employees would be subject to suspension or termination as of November 1, 2022.  *Id.* Plaintiffs did not file the SAC until *seven* months after they were advised of the Mandate and nearly *four* months *after* the alleged adverse employment actions were supposed to have taken place. At no time since the filing of the Original Complaint in March 2021 (*16 months ago*), or since the District notified employees of the Mandate in August 2021 (*7 months ago*), have Plaintiffs moved the Court for a preliminary injunction or any other form of emergency relief.

Instead, Plaintiffs are pursuing the instant lawsuit in which they purport to seek *prospective* relief with the understanding that the Mandate was instituted months ago and that any judgment in this case will not be entered for many more months.  At that point, any injunction or declaratory judgment would likely be moot.  If Plaintiffs' true intention was to halt imposition of the Mandate, their actions in this lawsuit would align accordingly. Therefore, by way of the SAC, Plaintiffs are actually seeking a *retroactive* determination that the Mandate is unlawful.

Plaintiffs' own allegations in the SAC reveal their true motivations, i.e., a retroactive finding of unlawfulness that can be used to recover monetary damages. Paragraph 22 of the SAC alleges:

> Defendants, through their acts and omissions complained of herein are liable to Plaintiffs <u>for damages in an amount to be proven at trial</u>, including, but limited to, <u>damages for lost income</u>, loss of employment opportunities and deprivation of constitutional and other civil rights. But for Defendants' qualified immunity this suit would include a demand that Plaintiffs be compensated for these damages. Upon information and belief, discovery will reveal grounds for claiming one or more exceptions to the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7                                    2:21-CV-08688 DSF-PVCX

doctrine of qualified immunity. If that occurs, Plaintiffs will seek leave to amend this Complaint to assert claims for <u>money damages</u> against Defendants in their individual capacities."

Dck. No. 65, p. 8, ¶ 22.

The SAC admits that, but for the immunity enjoyed by the District, and by extension, Defendants sued in their official capacities, Plaintiffs would be seeking monetary damages and intend to seek such damages if permissible.

Ultimately, the SAC is a carefully crafted attempt to do an end-run around the sovereign immunity provided for by the Eleventh Amendment. *See, e.g., Green v. Mansour*, 474 U.S. 64, 72-73 (1985).  The only purpose the issuance of a declaratory judgment in this case would be to serve as a basis for which Plaintiffs may fulfill their stated plan (outlined in Paragraph 22 of the SAC) to seek monetary damages and related relief. As the Court in *Green* noted, "the issuance of declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." *Id*. at 73, citing *Public Service Commission of Utah v. Wycoff Co., Inc*., 344 U.S. 237, 247.

Because Plaintiffs are not actually seeking prospective, injunctive relief but rather a retroactive declaration that the Mandate is unlawful which they can ultimately use to obtain monetary damages against Defendants in their individual capacities, the *Young* doctrine is inapplicable and Defendants are entitled to Eleventh Amendment immunity.

### 2.    Defendants are Immune from the State Law Claims.

Assuming, *arguendo*, that Defendants are not immune from the federal claims, they are nonetheless immune from the state law claims based on basic principles of federalism. *Ex Parte Young* is "inapplicable in a [federal] suit against state officials on the basis of state law." *Pennhurst State Sch. & Hosp. v. Alderman*, 465 U.S. 89, 106 (1984); *see e.g., Hays Cty. Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8                                    2:21-CV-08688 DSF-PVCX

(holding that the Eleventh Amendment bars state-law claims against university officials in their official capacities); *see also Attwood v. Clemons*, 818 Fed. Appx. 863, 869, fn. 2 ("Representative Clemons also argues that Mr. Attwood's official capacity state-law claims—which are based on the Florida Constitution—are barred by Eleventh Amendment immunity.").

Plaintiffs have specifically sued Defendants in their official capacities, but have nonetheless alleged several state-law claims against the Defendants in direct violation of the principals underlying the Eleventh Amendment.[4]  Plaintiffs cannot have it both ways, on the one hand suing Defendants in their official capacities in an effort to avoid Eleventh Amendment Immunity under federal law, while also attempting to hold Defendants liable for alleged state-law violations when such official capacity state-law claims are expressly barred. As a result, Plaintiffs' third, fifth, sixth and seventh causes, all premised on state-law, must be dismissed.

**B.    The Allegations Are Insufficient to State a Viable Claim Under 42 U.S.C. § 1983 (First Cause of Action).**

**1.    The Complaint Does Not Implicate a Constitutionally Protected Right.**

Plaintiffs allege Defendants violated their substantive due process rights under Section 1983 by violating their right to personal autonomy, self-determination, bodily integrity, and the right to reject medical treatment. *See* Dkt. 65, p. 22, ¶ 80. Absent an immunity defense, Plaintiffs' first and second causes of action under Section 1983 nonetheless fail as a matter of law and no amendment can cure the SAC's inherent defects.

---

[4] "This need to reconcile competing interests is wholly absent, however, when a plaintiff alleges that a state official has violated state law. In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears. A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law." *Pennhurst, supra,* 465 U.S. 89 at 106.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9                                    2:21-CV-08688 DSF-PVCX

For Plaintiffs to proceed under a 42 U.S.C. section 1983 claim, they must allege that (1) they were deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute "is not itself a source of substantive rights." Rather, it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979).

Plaintiffs fail to allege a deprivation of any right secured by the Constitution or laws of the United States. A substantive due process right, as opposed to a procedural due process right, is one either listed in the Bill of Rights or one held to be so fundamental that a state may not take it away. *See generally Youngberg v. Romeo*, 457 U.S. 307 (1982). "[T]he question is whether the official's action improperly (unconstitutionally) impinged on an individual's right to personal autonomy to the extent that that autonomy is guaranteed by the Constitution." *Love v. King*, 784 F.2d 708, 712 n. 4 (5th Cir. 1986). "[I]n order to maintain a § 1983 claim under the Fourteenth Amendment one must allege the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution." *Id*. at 712.  Plaintiffs cannot meet this burden.

Courts have repeatedly upheld mandatory vaccination laws against constitutional challenges. Courts have time and again cited to *Jacobson v. Massachusetts*, a landmark decision in which the U.S. Supreme Court held that a state's mandatory vaccination statute was a lawful exercise of the state's police power to protect public health and safety. *See Jacobson v. Massachusetts*, 197 U.S. 11, 25 (1905). More than a decade later, the U.S. Supreme Court reaffirmed *Jacobson* in *Zucht v. King*, which unanimously held that a public school system could refuse admission to a student who failed to receive a required vaccination. *Zucht v. King*, 260 U.S. 174 (1922). More recently, in *Love v. State Dep't of Educ*., the court elaborated that although historically it has been the state which imposed vaccination mandates that in and of itself was not a limitation because the United States Supreme Court held that a state's mandatory vaccination law

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10                2:21-CV-08688 DSF-PVCX

did not violate substantive due process requirements; it did not merely state that states may pass vaccine laws. *Love v. State Dep't of Educ.*, 29 Cal. App. 5th 980, (2018), citing *Zucht v. King*, 260 U.S. 174 (1922). The court in *Love* went on to state that "as our colleagues pointed out in *Brown*, "compulsory immunization has long been recognized as the gold standard for preventing the spread of contagious diseases" and "federal and state courts, beginning with *Abeel*, have held 'either explicitly or implicitly' that 'society has a compelling interest in fighting the spread of contagious diseases through mandatory vaccination of school-aged children…. The right to privacy, 'fundamental as it may be, is no more sacred than any of the other fundamental rights that have readily given way to a State's interest in protecting the health and safety of its citizens, and particularly, school children." *Love, supra*, at 994, citing *Brown v. Smith*, 24 Cal.App.5th 1135, 1146 (2018).

Although the Ninth Circuit has yet to decide a case involving a challenge to a mandatory vaccination law, other circuits and the California Supreme Court have decided such cases. In fact, since *Jacobson, Zucht* and *Love*, a long line of cases have upheld mandatory vaccination laws over constitutional challenges, with recent decisions focusing on vaccination mandates in the context of employees challenging termination decisions that were based on a refusal to be vaccinated in healthcare settings[5] and in the context of the vaccination of students as a condition of enrollment.[6]

---

[5] *See, e.g., Hustvet v. Allina Health Sys.*, 910 F.3d 399 (8th Cir. 2018) (affirming summary judgment for healthcare employer where employee who worked with potentially vulnerable clients was terminated for refusing MMR vaccine); *Fallon v. Mercy Catholic Med. Ctr. of Southeastern Pennsylvania*, 877 F.3d 487 (3d Cir. 2017) (affirming dismissal of medical center employee's religious discrimination claim under Title VII, based on termination for refusal to receive flu vaccine).

[6] *See, e.g., Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) (upholding vaccination mandate for school children and holding that substantive due process challenge was foreclosed by *Jacobson*, "as *Jacobson* made clear, that [mandatory vaccination] is a determination for the legislature, not the individual objectors"); *Whitlow v. California*, 203 F.Supp.3d 1079 (S.D. Cal. 2016), citing to *Abeel v. Clark*, 84 Cal. 226 (1890) (California Supreme Court upheld the State's mandatory vaccination law as a proper exercise of police powers under the California Constitution, allowing a public school to exclude a child who had not been vaccinated in accordance with the law); *Workman v. Mingo Cty. Sch.*, 667 F. Supp. 2d 679 (S.D. W.Va. 2009) (holding that mandatory immunization program for school children did not violate free exercise, equal protection, or due process rights).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

11                                    2:21-CV-08688 DSF-PVCX

As no constitutional right exists upon which a violation of substantive due process has occurred, Plaintiffs' first claim must be dismissed without leave to amend.

### 2.     The Facts Alleged are Insufficient to State a Claim Against the Individual Defendants.

As previously stated, relief under Section 1983 is determined by a two-part test. Plaintiffs cannot meet the first prong of the test as there is no constitutionally protected right, privilege, or immunity applicable to the claim here. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988); accord *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law"). Plaintiffs similarly cannot establish the second prong requiring that a person acting under color of state law to have committed the conduct at issue.

The Ninth Circuit requires plaintiffs to "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under Section 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the Complaint is 34 pages long, contains 144 paragraphs of allegations, and 14 pages of attachments, it fails to allege any facts, beyond mere conclusory allegations, as to what acts were undertaken by what officials or how those acts were committed under color of law.

Plaintiffs generally assert that Defendants Reilly [sic] and Davalos acted under color of law, resulting in a violation of "certain rights, privileges and immunities under the laws and Constitution of the United States, and under the laws and Constitution of the State of California." Dkt. No. 85, p. 8, ¶ 20. Yet, this conclusory allegation is insufficient to notify any of the Defendants (or the State for that matter) of what the Defendants are alleged to have done wrong. Further, the Complaint completely fails to address how the Defendant Board Members (McKenna, Garcia, Schmerelson, Melvoin,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12                                    2:21-CV-08688 DSF-PVCX

Goldberg, Gonez, and Ortiz Franklin) have in any way violated the Constitutional and
substantive rights of Plaintiffs by any acts allegedly taken in their official capacities.

Thus, it is not clear from the allegations how any deprivation of a constitutional
right arose from the acts of any of the Defendants. Without more, the Court cannot find
Plaintiffs are entitled to any plausible relief under Section 1983.  Because there are no
factual allegations asserting a substantive due process violation and demonstrating who
should be enjoined from what, the Section 1983 claims against the individual
Defendants named in their official capacities should be dismissed.

### 3.    Defendants are not 'Persons" Under Section 1983

Plaintiffs' cause of action is against individual Defendants acting in their official
capacity as employees of the District. Section 1983 imposes liability against "[e]very
person who, under color of any statute, ordinance, regulation, custom, or usage, of any
State... subjects, or causes to be subjected, any citizen of the United States or other
person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws ...." (emphasis added). However,
"neither a State nor its officials acting in their official capacities are 'persons' under §
1983." *Witt v. Mich. Dep't of State Police*, 491 U.S. 58,71 (1989). The Supreme Court
went on to explain that "[o]bviously state officials are literally persons. But a suit
against a state official in his or her official capacity is not a suit against the official but
rather is a suit against the official's office." *Id.*

Applying the principles from *Will*, the court in *McAllister v. Los Angeles Unified
School District*, considered whether a schoolteacher could bring suit under Section 1983
against a school district *and* its superintendent. 216 Cal.App.4th 1198,1201-02 (2013).
The court explained that in deciding "whether a section 1983 claim may lie against a
state official, we must analyze 'the capacity in which the state officer is sued....' " *Id*. at
1208 (quoting *Hafer v. Melo,* 502 U.S. 21, 26 (1991)). The court noted that the actions
from which the plaintiff based his allegations of liability were all committed in the
course of the superintendent's employment. *Id* at 1209. For example, the superintendent

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13                                      2:21-CV-08688 DSF-PVCX

was acting in his official capacity when he decided to terminate the plaintiff's employment. *Id*. Based on these facts, the court concluded that "the language of the complaint leaves no question that [the superintendent] was sued in his official capacity and not as an individual" Accordingly, the court held that the trial court had properly sustained the demurrer to the plaintiff's cause of action under Section 1983 and plaintiff was not permitted to amend the complaint. *Id*. at 1213, 1220; see also *Kirchmann v. Lake Elsinore Unified School Dist*., 83 Cal.App.4th 1098, 1115 (2000) (confirming that a school district as an "arm of the state" was not subject to liability under § 1983 claim).

Here, as in *McAllister*, Plaintiffs are attempting to bring a Section 1983 cause of action against several school officials, who were all acting in their employed capacities at the District at the time of issuance of the COVID-19 Mandate.  However, as the court held in *Will*, a Section 1983 claim is invalid against state officials, unless those officials are sued in a personal capacity. Plaintiffs' factual allegations clearly indicate all individual Defendants are being sued in their official capacity, because all of the actions alleged by Plaintiff were committed while these individuals were acting as Superintendent, Chief of Human Resources, and Board Members. Therefore, Plaintiffs' Section 1983 claim fails to state a cause of action.

### C.    Plaintiffs' Equal Protection Claim Fails (Second Cause of Action) Because No Fundamental Rights or Suspect Class are Implicated.

"The Equal Protection Clause does not forbid classifications. It simply keeps governmental decision makers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "Classifications that do not implicate fundamental rights or a suspect class are permissible so long as they are 'rationally related to a legitimate state interest.'" *United States v. Padilla-Diaz*, 862 F.3d 856, 862 (9th Cir. 2017) quoting *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 440 (1985). "Evidence of different treatment of unlike groups does not support an equal protection claim." *Wright v. Incline Village Gen. Improvement Dist*., 665 F.3d 1128, 1140 (9th Cir. 2011).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14

2:21-CV-08688 DSF-PVCX

Under rational basis review, if there are "plausible reasons" for challenged government action, the challenged governmental action survives. *FCC v. Beach Commc'ns*, 508 U.S. 307, 313 (1993) ("a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification"); *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1154 (9th Cir. 2004) ("Where there are plausible reasons for legislative action, our inquiry is at an end"). Likewise, under rational basis review the government's choice "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1087 (9th Cir. 2015); *Beach Commc'ns*, 508 U.S. at 318-20 (upholding challenged statute where government showed a "conceivable basis" for distinctions drawn).

The COVID-19 Mandate is applicable to all District employees, and as explained above, does not implicate fundamental rights or make suspect classifications nor classifications strictly based on vaccination status. In fact, the SAC acknowledges that there are procedures in place allowing Plaintiffs to seek an exemption from the Mandate. Dkt. No. 65, at p. 20, ¶¶ 73-77. Such distinctions, even where persons remain unvaccinated due to personal or religious beliefs, are subject to rational basis review. *Whitlow v. California*, 203 F. Supp. 3d at 1087 (finding students with personal belief exemptions to required vaccines were "not similarly situated to children without [personal belief exemptions]"). This same rule applies under California's Equal Protection Clause. *See Brown v. Smith*, 24 Cal. App. 5th at 1147 (upholding mandatory vaccine law against Article I, § 7 challenge where alleged class was defined by vaccination status; citing *Whitlow* with approval). Thus, rational basis review applies here.

There is a clear rational basis for the District's COVID-19 Mandate, which treats vaccinated employees (and those with appropriate exemptions) differently than those

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15                                    2:21-CV-08688 DSF-PVCX

without the vaccination. The Mandate is rationally related to a legitimate and constitutionally mandated state interest in promotion and providing the safest environment possible to all employees and students against the COVID-19 virus. The California Constitution and Education Code guarantee the right to a safe, secure and peaceful school for all students and staff. *Cal Const art* I, Sec 28(c)(1) and *Education Code* Sec. 44807. The facts as alleged in the SAC fail to demonstrate the Mandate as being "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Vill. of Euclid, Ohio v. Amber Realty Co*., 272 U.S. 365, 395 (1926); *Hoeck v. City of Portland*, 57 F.3d 781,786 (9th Cir. 1995), as amended (July 10, 1995).

Because the Mandate survives rational basis review and no facts are alleged demonstrating otherwise, this claim must be dismissed without leave to amend.

## D. Plaintiffs' Third Claim for Declaratory and Injunctive Relief Under The California Constitution Fails.

Plaintiffs' third cause of action is based on an alleged violation of Plaintiffs' privacy rights secured by the California Constitution.  Dkt. No. 65, p. 25, ¶ 108-113. Absent Defendants' immunity from this state law claim, Plaintiffs' third cause of action fails under well-established California law supporting compulsory vaccinations.

To allege an invasion of privacy under the California Constitution, Plaintiffs must establish: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. National Collegiate Athletic Assn*., 7 Cal.4th 1, 37 (1994). While the right to retain personal control over the integrity of one's body is protected under the right to privacy, the right is not absolute. *Love v. State Dept. of Education* (2018) 29 Cal.App.5th 980, 984. Instead, it "must be balanced against other important interests" and "may be outweighed by supervening public concerns." *Hill, supra*, 7 Cal.4th at 37.  Defendant may prevail by negating any element or "by pleading and proving, as an affirmative defense, that the invasion of privacy is justified because it

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

16                                    2:21-CV-08688 DSF-PVCX

substantively furthers one or more countervailing interests. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill, supra,* at p. 37.)

The District's vaccine Mandate states the District's objective, which is "to provide the safest possible environment in which to learn and work…" *See Id*., Ex. A. Where, as here, a challenged action primarily concerns public health and safety, no fundamental right to privacy is at stake. *Wilson v. California Health Facilities Com*., 110 Cal.App.3d 317, 322 (1980). "[W]hen the state asserts important interests in safeguarding health, review is under the rational basis standard…In the area of health and health care legislation, there is a presumption both of constitutional validity and that no violation of privacy has occurred." *Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 712.

The California Constitution allows compulsory vaccination. *Abeel, supra*, 84 Cal. at 230. More recently, in *Love v. State Dept. of Education*, 29 Cal.App.5th 980, 984 (2018), plaintiffs alleged that by mandating vaccination as a condition for enrolling students in school while eliminating an exemption based on their personal beliefs, the State violated their substantive due process and privacy rights under the California Constitution. In rejecting Plaintiffs' arguments that the vaccination requirement infringed on their right to bodily autonomy and to refuse medical treatment, the court noted that the "State is well within its powers to condition school enrollment on vaccination." *Id*. at 988- 990. The court held: "It is well established that laws mandating vaccination of school-aged children promote a compelling government interest of ensuring health and safety by preventing the spread of contagious diseases." *Id*. at 990. The court further noted plaintiffs' privacy right are not absolute and "'must be balanced against other important interests' and 'may be outweighed by supervening public concerns.'" *Id*. at 993, quoting *Hill, supra*, 7 Cal.4th at 37. Where there is an important state interest in safeguarding citizens' health, there is a presumption of constitutional

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

17

2:21-CV-08688 DSF-PVCX

validity. *Id*. Accordingly, the court held there is a "compelling interest in fighting the spread of contagious diseases through mandatory vaccination…" *Id*. Over 130 years ago, our Supreme Court found that "[v]accination [is] the most effective method known of preventing the spread of the disease." *Abeel v. Clark* (1890) 84 Cal. 226, 230. The scientific consensus has not changed since then.

Here, the District has a compelling interest in fighting the spread of COVID-19 and protecting its students and staff through the mandatory vaccination of its employees. COVID-19 vaccines offer the public their best chance to avoid COVID infection and/or minimize its harms. "[L]egislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Center* (1985) 473 U.S. 432, 440.) The District has demonstrated that its vaccination mandate is rationally related to a legitimate interest in providing its students and staff with the safest possible school environment. Plaintiffs have not provided any authority for their position that a reasonable expectation of privacy amid a global novel coronavirus pandemic excuses these employees from vaccine mandates. The District's supervening public concern of protecting its workforce and its students from COVID-19 transmission and infection clearly outweighs any alleged privacy rights made by Plaintiffs. As a result, this Plaintiffs' third cause of action fails as a matter of law.

**E.      Plaintiffs' Fourth Claim for Declaratory and Injunctive Relief Under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, Et Seq. Fails.**

Absent any arguments regarding Governmental Immunity, Plaintiffs' fourth cause of action fails because there are insufficient facts (or any facts for that matter) necessary to establish a claim under the ADA which would warrant declaratory or injunctive relief.

A claim for disparate treatment based on disability under the ADA requires proof that: (1) the plaintiff was disabled; (2) the plaintiff was qualified and able to perform

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

her essential job functions with or without reasonable accommodation; (3) a similarly situated employee without a disability was treated more favorably than she by the employer; and (4) the disability was the "but for" cause of the adverse employment action. *Jefferson v. Time Warner Cable Enterprises,* LLC, 584 Fed.Appx.520, 522 (9th Cir. 2014). A failure to accommodate claim under the ADA requires proof that: (1) the plaintiff was a qualified individual with a disability; (2) the defendant was aware of her disability; and (3) the defendant failed to accommodate her disability. *Cooper v. Dignity Health,* 438 F.Supp.3d 1002, 1008 (9th Cir. 2020). These are two separate and independent claims under the ADA.

First, individual employees cannot be liable for violations of the ADA. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033 (9th Cir. 2006). Plaintiffs have solely brought this instant lawsuit against individual employees of the District. As there is no basis for liability against Defendants, there is no basis for which to issue declaratory or injunctive relief.

Even if there were some basis to enjoin the individual Defendants, which there clearly is not, Plaintiffs' fourth cause of action nonetheless fails as the SAC is completely devoid of any allegations suggesting that any of the Plaintiffs suffer from a qualifying disability much less that they were treated differently because of any unidentified disability. Even assuming *arguendo* that Plaintiffs are somehow able to establish they suffered from a qualified disability resulting in disparate treatment, the SAC is bereft of allegations showing that any of the named Defendants failed to accommodate any unidentified disability. Rather, the SAC specifically acknowledges that exemptions and accommodations were/are offered by the District. Dkt. No. 65, p. 20, ¶¶ 73-77.

Further and most glaringly, Plaintiffs do not allege a disability or any effort to seek a disability-related accommodation. Indeed, Plaintiffs Fuentes, Garcia, Saponghian, and Brambila, all allege that the basis for their requested exemptions are their religious beliefs. *Id.* p. 20, 74-77. These Plaintiffs do not have an ADA claim as

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

19                                    2:21-CV-08688 DSF-PVCX

a matter of law. Plaintiffs' SAC specifically acknowledges that District employees were advised that medical exemptions are available to those with a disability or serious medical condition while simultaneously admitting that none of the named Plaintiffs sought or were denied an accommodation on that basis. *Ibid.*

Finally, as noted above, Plaintiffs Garcia and Saponghian, as former LAUSD employees, lack standing to bring a claim for the injunctive relief requested. *Walsh, supra*, 471 F.3d 1033, 1037.

As a result, any claim based on the ADA fails as a matter of law and no amendment, particularly any amendment that would contradict the admissions already made in the SAC, could cure these legal deficiencies.

### F.    Plaintiffs' Fifth Claim for Violation Of Due Process Under *Skelly v. State Personnel Board* Fails.

As discussed at the outset, Defendants sued in their official capacities are immune from this state-law claim.  Regardless, this claim nonetheless fails procedurally as it is not a valid cause of action.

As a threshold matter, *Skelly* does not provide a private right of action. *See Skelly v. State Personnel Board,* 15 Cal.3d 194 (1975).  Rather, in *Skelly*, the U.S. Supreme Court acknowledged that certain permanent civil service employees have specific due process rights prior to discharge or the imposition of other disciplinary action. *Id.; see e.g., Kirkpatrick v. Civil Service Com.*, 77 Cal.App.3d 940. If such an employee believes these rights were violated, the procedure for challenging the actions of the employee entity is outlined in an employee's employment agreement and/or collective bargaining agreement. Any decision by that agency can then be challenged via a writ of mandamus seeking the Court's determination of the validity of the administrative decision.

Even beyond the fact that *Skelly* is not a proper cause of action, the SAC otherwise fails to meet the heightened pleading requirements provided by *Twombly, supra*, and its progeny. The SAC is devoid of any facts (aside from mere conclusory allegations) that (1) any of the Plaintiffs are entitled to the rights afforded by *Skelly* (i.e.,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

20                                    2:21-CV-08688 DSF-PVCX

they are permanent civil service employees); (2) that any of the Plaintiffs were actually denied any applicable due process rights (the SAC merely alleges "on information and belief" that "LAUSD contends it does not have to afford Plaintiffs (generally) a full and complete *Skelly* hearing; or (3) that Plaintiffs pursued the appropriate administrative remedies following any alleged denial of such rights.

For these reasons, any claim based on *Skelly* is not properly before the Court and is otherwise deficiently pleaded.

### G.    Plaintiffs' Sixth Claim for Public Disclosure of Private Facts Fails.

Plaintiffs' sixth cause of action for public disclosure of private facts also fails both because Defendants are immune from this state-law claim and because it is deficiently pled.  To establish this claim Plaintiffs must establish (1) public disclosure; (2) of a private fact; (3) which would be offensive and objectionable to a reasonable person; and (4) which is not of legitimate concern. *Moreno v. Hanford Sentinel, Inc.*, 172 Cal.App.4th 1125, 1129-1130.  "The absence of any of these elements is a complete bar to liability." *Id.*  Moreover, a plaintiff must prove "that the publisher invaded his privacy with reckless disregard for the fact that reasonable men would find the invasion highly offensive." *Briscoe v. Reader's Digest Assn., Inc.* (1971) 4 Cal.3d 529, 542-54.

Once again, the SAC alleges insufficient facts necessary to establish this claim. Primarily, despite the vague and conclusory assertions that "Defendants" collectively, disclosed some unidentified private information relating to some unidentified "biological tests," to "Fulgent" and, by extension, "thousands of persons," there are insufficient allegations suggesting that any information was disclosed to the public. *See* Dkt. No. 65, at. p. 30, ¶¶ 134-135.

In connection with this claim, the term "publicity" "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."  *See* CACI No. 1801. Aside from failing to establish what private information was actually disclosed and failing to even establish what "Fulgent" is or how it relates to the alleged

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

21

2:21-CV-08688 DSF-PVCX

disclosure, the facts as alleged simply do not show a public disclosure (or any disclosure for that matter). This ambiguity merely underscores the lack of validity of this claim.

Even beyond this, the SAC simply recites the other key elements of the claim without providing the necessary factual basis for this cause of action. For instance, the SAC merely concludes that "Defendants knew or acted with reckless disregard of the fact that the disclosure and dissemination of said information would be highly offensive or damaging to Plaintiffs." *Id*. at ¶ 135. Again, Plaintiffs fail to support this bald statement with any factual allegations whatsoever such as the nature of the disclosure, which of the named Defendants allegedly disclosed the information, how such unspecified Defendant(s) knew that the alleged disclosure would be highly offensive to any of the Plaintiffs, or acted with reckless disregard of Plaintiffs, or why any of the Plaintiffs considered the alleged disclosure to be offensive or harmful. To that point, the SAC is completely devoid of any allegations suggesting any resulting actual harm to Plaintiffs of the alleged disclosure.

Simply put, this claim is deficiently pled and otherwise without merit.

## H. Plaintiffs' Seventh Claim for Breach of Security for Computerized Personal Information Fails.

As to their seventh cause of action for the alleged breach of security for computerized personal information, this claim fails not only because Defendants are immune from this state-law claim but because the cited provisions of the California Civil Code (Sections 1798.29 and 1798.82) are inapplicable and Plaintiffs lack standing to bring this claim. *See* Cal. Civil Code sec. 1798.150(a).

Specifically, Defendants are not an "Agency," as defined by California law under Cal. Civil Code § 1798.3 and are therefore not within the scope of the statute. Under § 1798.3, an "agency" means "every state office, officer, department, division, bureau, board, commission, or other state agency, except that the term agency shall not include: (1) The California Legislature; (2) Any agency established under Article VI of the California Constitution; (3) The State Compensation Insurance Fund, except as to any

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

22                                    2:21-CV-08688 DSF-PVCX

records which contain personal information about the employees of the State Compensation Insurance Fund; and (4) A local agency, as defined in subdivision (a) of Section 6252 of the Government Code.[7]  The District falls under the local agency exception, and therefore, the law relied upon by Plaintiffs simply does not apply to the individual Defendants.

Further, Plaintiffs lack Article III standing to bring a claim under Cal. Civil Code sections 1798.29 and 1798.82, as they have not alleged a concrete injury traceable to the Defendants' conduct. *See, e.g., Jackson v. Loews Hotels, Inc*., 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (explaining that allegations regarding the theft of name, e-mail address, phone number, and mailing address, but not social security number, account number, or account password, did not suggest that hackers obtained any information that would allow them to assume the plaintiff's identity or access any of her accounts); *Antman v. Uber Technologies, Inc*., 2015 WL 6123054, at *11 (N.D. Cal. Oct. 19, 2015) (dismissing for lack of standing where the plaintiff alleged "disclosure only of his name and driver's license information," concluding that it was not plausible that a hacker could open a credit card in the plaintiff's name only from this information and without a Social Security number);  *Brett v. Brooks Bros. Grp*., 2018 U.S. Dist. LEXIS 153150, 2018 WL 8806668, at *3 (C.D. Cal. Sept. 6, 2018) (finding the plaintiffs failed to show a sufficiently credible threat of future harm where hackers stole names, credit and debit card numbers along with card expiration dates and verification codes, and possibly the store zip codes where the plaintiffs made purchases, as well as the times of purchase, because this information "does not rise to the level of sensitivity of the information in *Krottner* and *Zappos*"); *Antman v. Uber Techs., Inc*., 2018 U.S. Dist. LEXIS 79371, 2018 WL 2151231, at *10 (N.D. Cal. May 10, 2018) (explaining that the theft of Uber drivers' names and driver's license numbers, combined with bank

---

[7] (a)  "Local agency" includes a county; city, whether general law or chartered; city and county; school district; municipal corporation; district; political subdivision; or any board, commission or agency thereof; other local public agency; or entities that are legislative bodies of a local agency pursuant to subdivisions (c) and (d) of Section 54952. Gov. Code § 6252(a).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

23                                    2:21-CV-08688 DSF-PVCX

account and routing numbers, "does not change the court's conclusion that the disclosed information does not plausibly amount to a credible threat of identity theft that risks real, immediate injury"); *Stasi v. Inmediata Health Grp. Corp*., 2020 U.S. Dist. LEXIS 79303, at *26 (no standing under the California Confidentiality of Medical Information Act, where "Plaintiffs cite no case, and the court is aware of none, involving the theft or hack of medical information that did not include social security numbers and/or financial information.").

Moreover, there was no "breach of the security of the system" as required and defined in the applicable statute as there was no unauthorized acquisition of computerized data. Under both cited statutes, the operative condition is that there must be some type of "unauthorized acquisition" to personal information. *See* § 1798.3 (defining a "breach of the security of the system" as "unauthorized acquisition of computerized data . . ."); and § 1798.82(g) (same definition). As to whose "authorization" is required – the answer is Defendants, not the individuals about whom the information identifies. Thus, because the Defendants (presumably) authorized the disclosure of this information, it is wholly irrelevant that the Plaintiffs here did not authorize it, or otherwise objected to it. This principle is well laid out in *Cottrell v. AT&T Inc*., 2020 WL 4818606 (N.D. Cal. Aug. 19, 2020) ("The Court agrees with AT&T that, in addressing a "breach," the CCRA is plainly focused on access to a defendant's computer system without the defendant's authorization. Cottrell cites no case holding that the CCRA requires a company to notify its customers whenever it uses or discloses a customer's personal information in a manner the customer has not specifically authorized."). Plaintiffs fail to allege any facts necessary to establish this cause of action.

Based on the foregoing, Plaintiffs' seventh cause of action fails as a matter of law.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

24                    2:21-CV-08688 DSF-PVCX

1  Motion for Judgment on the Pleadings as to each of the seven (7) causes of action and

2  dismiss the SAC in its entirety without leave to amend.  In the alternative, Defendants

3  request the Court grant judgment on the pleadings as to those causes of action which

4  state insufficient facts to maintain a cognizable legal theory and are without merit as a

5  matter of law.

6

7  Dated:          July 29, 2022                    LITTLER MENDELSON, P.C.

8

9                                                   /s/ *Carrie A. Stringham*
                                                    Connie L. Michaels
10                                                  Carrie A. Stringham

11                                                  Attorneys for Defendants
                                                    MEGAN REILLY, ILEANA DAVOLOS,
12                                                  GEORGE MCKENNA, MONICA
                                                    GARCIA, SCOTT SCHMERELSON,
13                                                  NICK MELVOIN, JACKIE
                                                    GOLDBERG, KELLY GONEZ and
14                                                  TANYA ORTIZ FRANKLIN

15
    4890-3542-0204.2 / 050758-1054
16  07/28/22

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

25                                    2:21-CV-08688 DSF-PVCX