Robert H. Tyler, Esq., CA Bar No. 179572
btyler@faith-freedom.com
**ADVOCATES FOR FAITH & FREEDOM**
25026 Las Brisas Road
Murrieta, California 92562
Telephone:   (951) 600-2733
Facsimile:    (951) 600-4996

Brant C. Hadaway (*Pro Hac Vice*)
bhadaway@davillierlawgroup.com
**HADAWAY, PLLC**
2425 Lincoln Ave.
Miami, Florida 33133
Telephone:   (305) 389-0336

George R. Wentz, Jr. (*Pro Hac Vice*)
gwentz@davillierlawgroup.com
**DAVILLIER LAW GROUP, LLC**
935 Gravier Street, Ste. 1702
New Orleans, LA 70112
Telephone:  (504) 458-7143

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEALTH FREEDOM DEFENSE FUND, INC.,** a Wyoming Not-for-Profit Corporation**; CALIFORNIA EDUCATORS FOR MEDICAL FREEDOM,** an unincorporated association**; JEFFREY FUENTES; SANDRA GARCIA; HOVHANNES SAPONGHIAN; and NORMA BRAMBILA,** | Case No.:  2:21-cv-08688-DSF-PVC |
| Plaintiffs, | **NOTICE OF APPEAL** |
| v. | |
| **ALBERTO CARVALHO,** in his official capacity as Superintendent of the Los Angeles Unified School District; **ILEANA DAVALOS,** in her official capacity as Chief Human Resources Officer for the Los Angeles Unified School District; **GEORGE MCKENNA, MÓNICA GARCÍA, SCOTT SCHMERELSON, NICK** | **Judge: Hon. Dale S. Fischer** |

1

**MELVOIN, JACKIE GOLDBERG, KELLY GONEZ**, and **TANYA ORTIZ FRANKLIN**, in their official capacities as members of the Los Angeles Unified School District governing board,

Defendants.

**NOTICE IS HEREBY GIVEN** that Plaintiffs/Appellants HEALTH FREEDOM DEFENSE FUND, INC., CALIFORNIA EDUCATORS FOR MEDICAL FREEDOM, JEFFREY FUENTES, SANDRA GARCIA, HOVHANNES SAPONGHIAN, and NORMA BRAMBILA ("Plaintiffs") hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Court's Order entered on the docket in this action on September 2, 2022 (Dkt. 82), granting Defendants' Motion for Judgment on the Pleadings (Dkt. 74). A copy of said Order is attached hereto.

Respectfully submitted,

**ADVOCATES FOR FAITH & FREEDOM**

Dated: October 3, 2022        */s/ Robert H. Tyler*
                              Robert H. Tyler

Dated: October 3, 2022        */s/ Mariah R. Gondeiro*
                              Mariah Gondeiro

**HADAWAY, PLLC**

Dated: October 3, 2022        */s/ Brant Hadaway*
                              Brant Hadaway

**DAVILLIER LAW GROUP**

Dated: October 3, 2022        */s/ George R. Wentz*
                              George R. Wentz

2

A-2 (01/07)                   **NOTICE OF APPEAL**

1

2     Dated: October 3, 2022           _/s/ *Allen J. Shoff*_
                                       Allen J. Shoff
3

4     Dated: October 3, 2022           _/s/ *Christopher J. Dimarco*_
                                       Christopher J. Dimarco
5

6                                      ***Attorneys for Plaintiffs/Appellants***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

A-2 (01/07)                    **NOTICE OF APPEAL**

ORDER - ECF 82

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTH FREEDOM DEFENSE FUND, et al., <br>       Plaintiffs, <br><br>            v. <br><br> MEGAN K. REILLY, et al., <br>       Defendants. | CV 21-8688 DSF (PVCx) <br><br> Order GRANTING Defendants' Motion for Judgment on the Pleadings (Dkt. 74) |

Defendants Megan Reilly, Ileana Davolos, George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin move for judgment on the pleadings. Dkt. 47-1 (Mot.). Plaintiffs Health Freedom Defense Fund, Inc., California Educators for Medical Freedom, Miguel Sotelo[1], Jeffrey Fuentes, Sandra Garcia, Hovhannes Saponghian, and Norma Bramila oppose. Dkt. 79 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing scheduled for September 12, 2022 is removed from the Court's calendar. The motion is GRANTED.

## I. BACKGROUND

On August 13, 2021, Defendants enacted a mandatory COVID-19 vaccination requirement (the Policy) for employees and other adults working at the Los Angeles Unified School District (LAUSD). Dkt. 65

---

[1] Sotelo stipulates to dismissal of his claims. Opp'n at 7 n.2.

(SAC) ¶ 4.[2]  The Policy required that employees must receive their first dose of the COVID-19 vaccine by October 15, 2021 or be terminated effective November 1, 2021.  Id. ¶¶ 4-5; id. Ex. A at 1 (the Policy).  The Policy provides for various exemptions from the vaccination requirement, including accommodations based on a sincerely held religious belief or a disability or serious medical condition.  Policy at 4.

Plaintiff Health Freedom Defense Fund is a Wyoming corporation with its headquarters in Idaho.  SAC ¶ 9.  Plaintiff California Educators for Medical Freedom is a voluntary, unincorporated association of California state education employees.  Id. ¶ 10.  Plaintiffs Miguel Sotelo, Jeffrey Fuentes, Sandra Garcia, Hovhannes Saponghian, and Norma Bramila are citizens of Los Angeles County and are employed by LAUSD in various positions.  Id. ¶¶ 11-5.  Plaintiffs have all either been terminated, placed on unpaid leave, or allegedly face imminent termination due to their refusal to be vaccinated against COVID-19.  Id. ¶¶ 73-77.

Defendant Alberto Carvalho is the superintendent of LAUSD, and Ileana Davalos is the Chief Human Resources Officer for LAUSD.  Id. ¶¶ 17-18.  Defendants George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin are LAUSD's governing board members.  Id. ¶ 19.  All Defendants are named in their official capacities.  Id. ¶¶ 17-19.

Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of substantive due process and equal protection under the Fourteenth Amendment, for declaratory and injunctive relief under the Americans with Disabilities Act (ADA), and for violations of California law.  Id. ¶¶ 79-144.

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed – but early

---

[2] The SAC violates the Local Rules because it is not a searchable PDF.  See L.R. 5-4.3.1.

enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006). It must appear beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997).

When deciding a Rule 12(c) motion, courts may consider facts set forth in the pleadings as well as facts contained in materials of which the court may take judicial notice. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999); see also Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts"). Allegations by the non-moving party must be accepted as true, and allegations of the moving party that have been denied must be deemed false for the purpose of the motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). However, a court is not required to accept the veracity of "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (internal quotation marks and citations omitted) (reviewing ruling under Rule 12(b)(6)).

### III. DISCUSSION

Defendants move for judgment on the pleadings as to each of Plaintiffs' causes of action on the grounds that all claims are barred by Eleventh Amendment immunity and that Plaintiffs fail to state a claim against Defendants. Mot. at 1-2.

### A. Evidentiary Objections

Defendants object to each of the 31 exhibits attached to Plaintiffs' Opposition. Dkt. 80-2 at 3. Among other objections, Defendants point

out that Plaintiffs' reference to those exhibits is improper on a motion for judgment on the pleadings.  Id.  The Court agrees with Defendants. "Judgment on the pleadings is limited to material included in the pleadings.  Otherwise, the proceeding is converted to summary judgment." Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health, 654 F.3d 919, 925 n.6 (9th Cir. 2011) (finding district court did not abuse discretion in declining to convert motion for judgment on the pleadings into one for summary judgment).  The Court declines to convert this motion into one for summary judgment by considering the exhibits to Plaintiffs' Opposition.

**B.    Judicial Notice**

Defendants request judicial notice of four exhibits filed in support of their Reply.  Dkt. 80-1 (RJN).  Exhibits A and B are statistics published by the World Health Organization and the County of Los Angeles Department of Public Health showing the total number of reported COVID-19 cases as of August 2022 in the United States and Los Angeles County, respectively.  Id. Exs. A-B.  Exhibit C is an information sheet published by the Centers for Disease Control and Prevention (CDC) relating to COVID-19 vaccines.  Id. Ex. C.  All exhibits are public.

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court "may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 789 F.2d 1279, 1282 (9th Cir. 1986)).  A court "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (quoting Lee, 250 F.3d at 689 (simplified)).

Plaintiffs object to Defendants' request for judicial notice on the grounds that (1) Defendants did not cite Exhibits A-C in their motion or

reply briefs; (2) the exhibits do not relate to the "central contested issues in this case" of whether COVID-19 vaccines are effective in creating immunity and whether LAUSD failed to recognize the efficacy of natural immunity; and (3) the sources cited in the exhibits are unreliable.

First, Defendants cite Exhibits A-C on page seven of their Reply. Dkt. 80 (Reply) at 7. Second, that the exhibits do not pertain to what Plaintiffs consider to be the core issues in this case does not in itself prevent the Court from taking judicial notice of them. Finally, as for the accuracy of the information in Exhibits A-C, the Court takes judicial notice of the *existence* of the documents, not the truth of the allegations or the merits of the arguments asserted in those documents, or the parties' characterization of those documents.

Exhibits A-C are matters of public record because they are government publications. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 978 n.2 (9th Cir. 2007) (a court may take judicial notice of a government publication).

The Court GRANTS Defendants' request for judicial notice.

## C.     Eleventh Amendment Immunity

Defendants argue that the Court should dismiss the SAC because while Plaintiffs do not expressly seek damages, their "end goal" is a damages award prohibited by the Eleventh Amendment. Mot. at 5.

"The Eleventh Amendment creates an important limitation on federal court jurisdiction, generally prohibiting federal courts from hearing suits brought by private citizens against state governments without the state's consent." Sofamor Danek Grp., Inc. v. Brown, 124 F.3d 1179, 1183 (9th Cir. 1997). Under the Eleventh Amendment, agencies of the state are immune from private damages or suits for injunctive relief brought in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). To determine whether a governmental agency is an arm of the state, courts examine the following factors: whether a money judgment would be satisfied out of

5

state funds, whether the entity performs essential government functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity. Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982); Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988), cert. denied, 490 U.S. 1081 (1989) (applying test to community college district).

 The Ninth Circuit has repeatedly found that public school districts in California are arms of the state and are immune to suit under the Eleventh Amendment. Sato v. Orange Cnty. Dep't of Educ., 861 F.3d 923, 926 (9th Cir. 2017) (holding that "[s]chool districts . . . in California remain arms of the state and cannot face suit"); C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983."); Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (citing Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992)) (holding school districts in California are immune from § 1983 claims by virtue of the Eleventh Amendment).

 State immunity from suit extends also to its agencies and officers with one exception. Ex parte Young, 209 U.S. 123 (1908) (barring suits against state officials in their official capacity except for claims for prospective declaratory and injunctive relief)). To be liable under Ex parte Young, the state official "must have some connection with the enforcement of the [allegedly unconstitutional] act." Los Angeles Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Id. It cannot be for retrospective relief. Green v. Mansour, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of Young, however, to claims for retrospective relief.").

 Defendants argue that while Plaintiffs only expressly request injunctive relief in the SAC, they are effectively suing for damages.

6

Mot. at 8. In support of this statement, Defendants point to paragraph 22, which states:

> But for Defendants' qualified immunity this suit would include a demand that Plaintiffs be compensated for these damages. Upon information and belief, discovery will reveal grounds for claiming one or more exceptions to the doctrine of qualified immunity. If that occurs, Plaintiffs will seek leave to amend this Complaint to assert claims for money damages against Defendants in their individual capacities.

SAC ¶ 22. In opposition, Plaintiffs argue this paragraph merely states that if Plaintiffs determine that an exception to qualified immunity applies, they will seek damages against Defendants, but do not do so in the SAC. Opp'n at 5. The Court agrees. The Court declines to dismiss the SAC on the basis of Eleventh Amendment immunity.

## D. Failure to State a Claim

### 1. State Law Claims (Third, Fifth, Sixth, and Seventh Causes of Action)

Defendants argue that the Court lacks jurisdiction to consider Plaintiffs' state law claim for declaratory and injunctive relief under the California Constitution, due process under California law, public disclosure of private facts, and breach of security for computerized personal information. "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law" and "conflicts directly with the principles of federalism that underlie the Eleventh Amendment." See Pennhurst, 465 U.S. at 106, 121 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment" and "this principle applies as well to state-law claims brought into federal court under pendent jurisdiction.").

Plaintiffs agree to dismiss their state law claims without prejudice. Opp'n at 9. The Court therefore GRANTS Defendants' motion as to the state law claims without leave to amend.

### 2. Substantive Due Process (First Cause of Action)

Defendants argue Plaintiffs' substantive due process claim under 42 U.S.C. § 1983 fails because the SAC does not implicate a fundamental right. Mot. at 9.

The Due Process Clause prohibits government officials from arbitrarily depriving a person of constitutionally protected liberty or property interests. See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025-26 (9th Cir. 2007). "Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest." Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir. 1990) (citing City of New Orleans v. Dukes, 427 U.S. 297, 303-04 (1976)). "Governmental action is rationally related to a legitimate goal unless the action is clearly arbitrary and unreasonable, having no substantial relation to public health, safety, morals, or general welfare." Sylvia Landfield Trust v. City of Los Angeles, 729 F.3d 1189, 1193 (9th Cir. 2013) (internal quotations omitted).

The two-tiered rational basis inquiry first asks whether the challenged law has a legitimate purpose, then whether the challenged law promotes that purpose. Erotic Serv. Provider Legal Educ. and Research Project v. Gascon, 880 F.3d 450, 457 (9th Cir. 2018). "Given the standard of review, it should come as no surprise [courts] hardly ever strike[ ] down a policy as illegitimate under rational basis scrutiny." Trump v. Hawaii, 138 S. Ct. 2392, 2420 (2018).

#### a. Existence of Fundamental Right

First, Defendants argue the Policy does not violate any fundamental right. Defendants cite numerous cases in which federal courts have upheld mandatory vaccination laws, and cite Jacobson v.

Massachusetts, 197 U.S. 11, 25 (1905) in which the Supreme Court upheld a state's mandatory vaccination policy. Plaintiffs concede that mandatory vaccination laws are generally constitutional under Jacobson and its progeny, but argue that LAUSD's Policy implicates a different, fundamental constitutional right: the right to refuse unwanted medical treatment. Opp'n at 9. Specifically, Plaintiffs argue that the COVID-19 vaccine is not actually a vaccine, but rather should be viewed as a medical treatment. Id. at 10. Plaintiffs do not cite any cases adopting this approach with respect to the COVID-19 vaccine or any other vaccine. Instead, Plaintiffs cite dicta from Jacobson stating it was "common belief" that the smallpox vaccine at issue in that case had a "decided tendency to prevent the spread of this fearful disease, and to render it less dangerous to those who contract it." Id. (citing Jacobson, 197 U.S. at 34) (citing Viemeister v. White, 179 N.Y. 235 (1904)). Plaintiffs argue this language indicates a vaccine must prevent infection and transmission in order to be considered a vaccine for scrutiny under Jacobson. Id.

Plaintiffs argue that the COVID-19 vaccine should instead be viewed as a "medical treatment" and be subject to strict scrutiny because "it is designed to reduce symptoms in the infected vaccine recipient rather than to prevent transmission and infection." Id. at 12. In support of this statement, Plaintiffs cite various sources stating the purpose of the COVID-19 vaccine is to lessen the severity of the disease, not prevent contraction or transmission. Opp'n at 12-17. But Plaintiffs' reliance on this distinction is misplaced. The language from Jacobson on which Plaintiffs rely is a quote from a New York Supreme Court decision that the Supreme Court in Jacobson cited as support for the point that "vaccination, as a means of protecting a community against smallpox, finds strong support in the experience of this and other countries . . . ." Jacobson, 197 U.S. at 35. Moreover, in Jacobson, the Supreme Court articulated the more general finding that the plaintiff had not demonstrated that "the means prescribed by the state" to "stamp out the disease of smallpox" had "no real or substantial relation to the protection of the public health and the public safety." Id.

at 31.  <u>Jacobson</u> does not require that a vaccine have the specific purpose of *preventing* disease.

Further, the Seventh Circuit recently considered and rejected many of the arguments Plaintiffs make here.  <u>See</u> <u>Lukaszczyk v. Cook Cnty.</u>, --- F.4th ---, No. 21-3200, 2022 WL 3714639 (7th Cir. Aug. 29, 2022).  In particular, the plaintiffs argued that the vaccine mandates infringed fundamental liberty and bodily autonomy interests and that the policies at issue should therefore be subject to strict scrutiny rather than rational review.  <u>Id.</u> at *7.  The Seventh Circuit rejected this argument on the grounds that following the Supreme Court's guidance, the circuit court "has been hesitant to expand the scope of fundamental rights under substantive due process."  <u>Id.</u> at *8.  The circuit therefore declined to apply strict scrutiny and applied rational basis review instead, finding under that standard that while the plaintiffs had "shown the efficacy of natural immunity as well as pointed out some uncertainties associated with the COVID-19 vaccines," they "have not shown the governments lack a 'reasonably conceivable state of facts' to support their policies."  <u>Id.</u> at *8-9.  The Ninth Circuit has also been reluctant to add new fundamental rights under substantive due process.  <u>See</u> <u>Stormans, Inc. v. Wiesman</u>, 794 F.3d 1064, 1087 (9th Cir. 2015) (courts "must be 'reluctant to expand the concept of substantive due process' and must 'exercise the utmost care whenever we are asked to break new ground in this field.'" (citing <u>Washington v. Glucksberg</u>, 521 U.S. 702, 720 (1997)).  Without further guidance from the Ninth Circuit, the Court declines to adopt case law applying strict scrutiny in cases of forced medical treatment to the COVID-19 vaccine context.

### b.  <u>Rational Basis Review</u>

Defendants argue that there is a rational basis for the Policy: "a legitimate and constitutionally mandated state interest in promotion and providing the safest environment possible to all employees and students against the COVID-19 virus."  Mot. at 16 (citing Cal. Const. art. I, Sec 28(c)(1) and Education Code Sec. 44807).  Plaintiffs argue that the vaccine does not further the Policy's stated purpose of "provid[ing] the safest possible environment in which to learn and

work," Policy at 1; Opp'n at 19; they point out various uncertainties about the precise mechanics of the COVID-19 vaccine, including numerous authorities explaining that the COVID-19 vaccine is believed to reduce symptoms in infected vaccine recipients and prevent severe disease and death, rather than prevent transmission or contraction of COVID-19. Opp'n at 12-16. However, these features of the vaccine further the purpose of protecting LAUSD students and employees from COVID-19, and the Court finds the Policy survives rational basis review.

The Court GRANTS Defendants' motion as to the substantive due process claim.

### 3. Equal Protection (Second Cause of Action)

Defendants argue that Plaintiffs' equal protection claim fails because Plaintiffs are not members of a suspect class, no fundamental rights are implicated, and the Policy survives rational basis review. Mot. at 14.

The Equal Protection Clause mandates that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Cent., 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, a plaintiff must "show that a class that is similarly situated has been treated disparately." Boardman v. Inslee, 978 F.3d 1092, 1117 (9th Cir. 2020). If the identifiable group is recognized as a suspect or quasi-suspect class, courts examine the classification under a heightened level of scrutiny. Cleburne, 473 U.S. at 440; see Regents v. Bakke, 438 U.S. 265, 290-91 (1978) (Powell, J.) (treating race as a suspect classification); Craig v. Boren, 429 U.S. 190, 197 (1976) (treating gender as a quasi-suspect classification). Outside of the limited number of traits that have been recognized as suspect or quasi-suspect classes, courts apply rational basis review. See, e.g., Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976) (applying rational basis review to an equal protection claim alleging discrimination based on age). If there is no suspect class at issue, differential treatment is presumed to be valid so long as it is "rationally related to a legitimate

state interest." <u>Cleburne</u>, 473 U.S. at 440. To determine the appropriate standard of review of an Equal Protection Clause claim, the first step is to determine the type of classification at issue.

The rational basis review test is functionally the same under substantive due process and the Equal Protection Clause. <u>Gamble v. City of Escondido</u>, 104 F.3d 300, 307 (9th Cir. 1997). The Equal Protection Clause is satisfied so long as there is a "plausible policy reason for the classification," the government decisionmaker relied on facts that "may have been considered to be true," and "the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." <u>Nordlinger v. Hahn</u>, 505 US 1, 11 (1992).

Plaintiffs identify the two classes that the Policy treats disparately as unvaccinated persons and vaccinated persons. Opp'n at 22. Plaintiffs cite no authority indicating courts have found such classifications to be suspect. <u>See</u> <u>id.</u>; <u>see also</u> <u>Kheriaty v. Regents of Univ. of California</u>, No. SACV 21-01367 JVS (KESx), 2021 WL 4714664 (C.D. Cal. Sept. 29, 2021) (finding university vaccine policy did not create a suspect or quasi-suspect class in treating individuals disparately who had vaccine-induced versus infection-induced immunity to COVID-19).

Further, as discussed above, the Policy does not implicate any fundamental rights, and the Policy is rationally related to a legitimate state interest. Therefore, the Court GRANTS Defendants' motion as to the equal protection claim with leave to amend.

### 4. ADA Claim (Fourth Cause of Action)

Plaintiffs state in their Opposition that they agree to dismiss their ADA claim without prejudice. Even if Plaintiffs had not agreed to voluntarily dismiss their claim, Defendants correctly point out that Plaintiffs have failed to allege they have a "physical or mental impairment," which is required to state a claim under the ADA. <u>See</u> 42 U.S.C. § 12102(1) (defining "disability" as (1) "a physical or mental impairment that substantially limits one or more major life activities of

such individual;" (2) "a record of such an impairment;" or (3) being regarded as having such an impairment.").

The Court therefore GRANTS the motion as to the ADA claim without prejudice.[3]

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings is GRANTED. Should Plaintiffs choose to file an amended complaint, it must be filed and served no later than September 26, 2022. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. A red-lined copy of any amended complaint must be submitted to the Court's generic email inbox.

IT IS SO ORDERED.

Date: September 2, 2022

Dale S. Fischer
United States District Judge

---

[3] Defendants argue Plaintiffs may not bring ADA claims against individual employees. Mot. at 19 (citing Walsh v. Nevada Dep't of Hum. Res., 471 F.3d 1033, 1037 (9th Cir. 2006). Walsh addresses liability for individual employees in their *individual* capacities; here, Defendants are named in their official capacities and Plaintiffs seek prospective injunctive relief under the ADA, not damages.

# <u>UNITED STATES COURT OF APPEALS</u>
# <u>FOR THE NINTH CIRCUIT</u>

## FORM 6 - REPRESENTATION STATEMENT

*(Pursuant to Ninth Circuit Rule of Appellate Procedure 3-2)*

## <u>APPELLANTS</u>

### <u>Names of Parties</u>:

- HEALTH FREEDOM DEFENSE FUND, INC., a Wyoming Not-for-Profit Corporation; CALIFORNIA EDUCATORS FOR MEDICAL FREEDOM, an unincorporated association; JEFFREY FUENTES; SANDRA GARCIA; HOVHANNES SAPONGHIAN; and NORMA BRAMBILA.

### <u>Names/Contact Information of Appellants' Counsel</u>:

**HADAWAY, PLLC**

Brant C. Hadaway (*Pro Hac Vice*)
2425 Lincoln Ave.
Miami, Florida 33133
Telephone: (305) 389-0336
Email: bhadaway@davillierlawgroup.com

Registered for Electronic Filing in the 9th Circuit? Yes (**X** ) No ( )

**DAVILLIER LAW GROUP, LLC**

George R. Wentz, Jr. (*Pro Hac Vice*)
935 Gravier Street, Ste. 1702
New Orleans, LA 70112
Telephone: (504) 458-7143
Email: gwentz@davillierlawgroup.com

Registered for Electronic Filing in the 9th Circuit? Yes (**X** ) No ( )

## APPELLEES

**Names of Appellees**:

- ALBERTO CARVALHO, in his official capacity as Superintendent of the Los Angeles Unified School District; ILEANA DAVALOS, in her official capacity as Chief Human Resources Officer for the Los Angeles Unified School District; GEORGE MCKENNA, MÓNICA GARCÍA, SCOTT SCHMERELSON, NICK MELVOIN, JACKIE GOLDBERG, KELLY GONEZ, and TANYA ORTIZ FRANKLIN, in their official capacities as members of the Los Angeles Unified School District governing board.

**Names/Contact Information of Appellees' Counsel**:

**LITTLER MENDELSON P.C.**

Connie L. Michaels
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583
Email: cmichaels@littler.com

Nicholas W. McKinney
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Phone: 916-830-7200
Fax: 916-561-0828
Email: nmckinney@littler.com

Carrie Stringham
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone: 619.232.0441
Fax No.:   619.232.4302
Email: cstrigham@littler.com

Joy C. Rosenquist
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Phone: 916-830-7200
Fax: 916-561-0828
Email: JRosenquist@littler.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, I electronically filed **NOTICE OF APPEAL** with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on October 3, 2022, at Murrieta, California.

s/ Robert H. Tyler
Robert H. Tyler

1