| ATTORNEY (Invoice Number) | DATE (OF TIME OF ENTRY) (Date of Invoice on which it appears) | DESCRIPTION | REASON FOR REDACTION | TIME | AMT CHALLENGED | REDUCED BY | OBJECTION | REASON FOR OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|---|---|---|---|
| Health Freedom Defense Fund, et al. v. Carvahlo, et al. | | | | | | | | | |
| Connie L. Michaels Invoice=5619039 | 11/10/2021 2/28/2022 | Prepare for by review of Complaint and exhibits (.5) and telephone call with client re REDACTED (.5). | To protect content of attorney-client communications re discussion of allegations. | 1 | ($397.60) [this is 5/7s of the full $560 entry] | | | | |
| | | | | | | | | | |
| Connie L. Michaels Invoice=5601829 | 11/24/2021 1/31/2022 | Correspond with Mr. Howard re my being authorized to accept service of the complaint. | | 0.1 | ($37.63) [This is 5/7s of the full $53 entry] | | | | |
| Connie L. Michaels Invoice=5601829 | 11/24/2021 1/31/2022 | Telephone call with Mr. Hernandez re REDACTED REDACTED our representation and representing all defendants. | To protect content of attorney-client communications re discussion of allegations and strategy. | 0.2 | ($75.26) [This is 5/7s of the full $106 entry] | | | | |
| Connie L. Michaels Invoice=5601829 | 11/24/2021 1/31/2022 | Prepare for telephone call with Mr. Hernandez re REDACTED litigation by review and initial analysis of REDACTED. | To protect content of attorney-client communications re discussion of analysis and strategy. To protect content of attorney work product, attorney mental impressions, and strategy. | 0.4 | ($150.52) [This is 5/7s of the full $212 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry | Mr. Hernandez refers to Marcos Hernandez, the Chief Labor & Employment Counsel of LAUSD. As indicated, entry is redacted to protect contents of attorney-client communications re discussions of allegations. "Reasons for Redaction" clearly indicates that this is a telephonic communication re allegations. |
| Donna Leung Invoice=5601829 | 11/29/2021 1/31/2022 | Review 48-page Complaint and exhibits filed by Health Freedom Defense Fund, et al. against the Los Angeles Unified School District and individual defendants REDACTED re the alleged violation of civil rights and request for declaratory and injunctive relief, and specifically claims for violation of the Fourteenth Amendment, Relief | To protect content of attorney work product, attorney mental impressions, and strategy. | 1.1 | $308.50 [This is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of redacted entry; unable to determine how much time billed for each claim. | Attorney activity was conducted in the entire review of the allegations in Plaintiffs' Complaint. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | under the Americans with Disabilities Act, | | | | | |
| | | Violation of Due Process, Public Disclosure of | | | | | |
| | | Private Facts, and Breach of Security for | | | | | |
| | | Computerized Personal Information in order to | | | | | |
| | | REDACTED. | | | | | |
| Connie L. Michaels | 12/1/2021 | Prepare correspondence to Mr. Hernandez re | | ($39.76) [This is 5/7s of the full $56 entry] 0.1 | | | |
| Invoice=5619039 | 2/28/2022 | status of service and related issues. | | | | | |
| Connie L. Michaels | 12/5/2021 | Commence drafting of answer to complaint. | | ($1,073.52) [This is 5/7s of full $1512 entry] 2.7 | | | |
| Invoice=5619039 | 2/28/2022 | | | | | | |
| Connie L. Michaels | 12/6/2021 | Further draft answer to complaint, and | To protect content of attorney- | ($2,027.76) [This is 5/7s of the full $2,856 entry] 5.1 | Reduced in its entirety by Plaintiffs | Object | unreasonable/excessive block billing; unable to determine nature of redacted entry; unable to determine how much time billed for each claim. |
| Invoice=5619039 | 2/28/2022 | correspond with client re REDACTED, | client communications re | | | | Attorney activity was conducted in the entire review of the allegations in Plaintiffs' Complaint.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney-client privilege, attorney mental impression, and attorney work product. Defendants were obligated to review the 51 page Complaint and its exhibits and affirm or deny the factual allegations in its 149 Paragraphs and 7 causes of |
| | | REDACTED, | discussion of allegations. | | | | |
| | | REDACTED. | | | | | |
| Andrew R. Gray | 12/6/2021 | Assist with analysis and strategy relating to | To protect content of attorney | ($218.68)      [This is 5/7s of full $308 entry] 0.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. |
| | | | | | | | Attorney activity was conducted in relation to all factual allegations within Plaintiffs' Complaint.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991).Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and redactions have been made to protect attorney-client privilege, attorney mental impression, and attorney work product. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Invoice=5619039 | 2/28/2022 | affirmative defenses to be alleged in response to Plaintiffs' claims REDACTED | work product, attorney mental impressions, and strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| Connie L. Michaels | 12/7/2021 | Compare complaint allegations with those in first amended complaint. | | | 0.5 | ($188.15)       [This is 5/7s of the full $265 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim. | Attorney activity was conducted in relation to all factual allegations within Plaintiffs' Complaint.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney-client privilege, attorney mental impression, and attorney work product. |
| Invoice=5601829 | 1/31/2022 | | | | | | | | |
| Connie L. Michaels | 12/7/2021 | Revise REDACTED letter. | To protect proprietary information. | | 0.1 | ($39.76) [This is 5/7s of the full $56 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | The letter was sent by counsel for Defendants to all the Defendants re potential conflicts. Nature of the attorney work is evident, and redactions have been made to protect client's proprietary information.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). |
| Invoice=5619039 | 2/28/2022 | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Connie L. Michaels**<br>**Invoice=5601829** | **12/7/2021**<br>**1/31/2022** | Revise answer supporting first amended complaint REDACTED. | To protect content of attorney-client communications re discussion of allegations. | 0.3 | ($112.89) [This is 5/7s of the full $159 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Attorney activity was conducted in relation to all factual allegations and causes of actions within Plaintiffs' Complaint. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney-client privilege, attorney mental impression, and attorney work product. Defendants were obligated to review the 51 page Complaint and its exhibits and affirm or deny the factual allegations in its 149 |
| **Connie L. Michaels**<br>**Invoice=5601829** | **12/8/2021**<br>**1/31/2022** | Correspond with client re finalizing answer, complete revisions to same and oversee filing/service. | | 0.1 | ($37.63) [This is 5/7s of the full $53 entry] | | | | |
| **Connie L. Michaels**<br>**Invoice=5601829** | **12/16/2021**<br>**1/31/2022** | Correspond with Hernandez re REDACTED REDACTED. | To protect proprietary information. To protect content of attorney-client communication re discussions about claims. | 0.2 | ($75.26) [This is 5/7s of the full $106 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Nature of attorney work is evident. This is a communication with client regarding discussion about claims. Redactions have been made to protect attorney-client communications and attorney mental impressions. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 12/21/2021 | Prepare for and confer with case team re | | | 0.3 | ($112.89) [This is 5/7s of the full $159 entry] | Reduced in its entirety by Plaintiffs | Object | Duplicative. | The duplicative entry has been deleted. A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of attorney work is evident and relates to strategic assessment and factual analysis regarding Plaintiff's allegations. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). |
| Invoice=5601829 | 1/31/2022 | background facts and initial strategy. | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Donna Leung | 12/21/2021 | Strategize re litigation strategy, including | To protect content of attorney | 0.3 | ($84.14) [This is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | Duplicative; unable to determine nature of entry. | Not a duplicative entry. This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on entirety of factual allegation within Plaintiffs' Complaint. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5601829 | 1/31/2022 | potential response to REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and strategy. | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ($56.09) [This is 5/7s of the full $79 entry] | | | | Duplicative; unable to determine nature of entry; unable to determine how much time billed for each claim. | Not a duplicative entry. Attorney work conducted on entirety of factual allegation within Plaintiffs' Complaint. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Donna Leung Invoice=5601829 | 12/21/2021 1/31/2022 | Strategize re litigation strategy and next steps, including drafting an answer to the complaint with appropriate affirmative defenses to Plaintiff's claims in order to REDACTED. | To protect content of attorney work product, attorney mental impressions, and strategy. | 0.2 | Reduced in its entirety by Plaintiffs | Object | | | |
| | | | | | | | | |
| | | | | ($75.26) [This is 5/7s of the full $106 entry] | | | | unable to determine nature of entry; unable to determine how much time billed for each claim. | The letter was sent by counsel for Defendants to all of the Defendants re potential conflicts. Nature of attorney work is evident. This is a communication with client regarding discussion about claims and strategy. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991).Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| Connie L. Michaels Invoice=5601829 | 12/22/2021 1/31/2022 | Draft REDACTED and correspond with clients re same. | To protect content of attorney-client communications re discussion of case status and strategy. To protect content of attorney mental impressions and strategy. | 0.2 | Reduced in its entirety by Plaintiffs | Object | | | |

Final Joint Statement_00006

| Attorney | Invoice/Date | Date | Description | Reason | Time | Amount | Status | Obj | Note | Comment |
|---|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5601829 | 12/27/2021<br>1/31/2022 | | Prepare for and confer with Ms. Sharin, Mr. Hernandez, and Ms. Evan's re strategy and status REDACTED. | To protect content of attorney-client communications re discussion of case status and strategy. To protect content of attorney mental impressions and strategy. | 0.5 | ($188.15)    [This is 5/7s of the full $265 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Mr. Hernandez refers to Marcos Hernandez, the Chief Labor & Employment Counsel of LAUSD; Ms. Shahin is an Associate General Counsel of LAUSD. Nature of attorney work is evident. This is a communication with client regarding discussion about claims and strategy.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991).Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| Connie L. Michaels<br>Invoice=5619039 | 1/5/2022<br>2/28/2022 | | Prepare for and conference call with client and co-counsel re status of case and related matters. | | 0.4 | ($166.99) [This is 5/7s of the full $235.2 entry] | Reduced in its entirety by Plaintiffs | Object | Duplicative | Other duplicative entry deleted.  Nature of attorney work is evident. This is a communication with client regarding discussion about claims and strategy.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Redactions have been made to protect attorney-client communications and attorney mental impressions. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5619039 | 1/5/2022<br>2/28/2022 | Conference call with team regarding strategy for case handling. | | 0.3 | ($84.14) [This is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | Duplicative | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. This entry is not duplicative. Several attorneys were involved in the defense of Plaintiffs' claims. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). The nature of this entry is evident and relates to communications with Defendants re defense strategy. |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5619039 | 1/9/2022<br>2/28/2022 | Prepare correspondence with client re status of REDACTED. | To protect content of attorney-client communications re discussion of case status. | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Nature of attorney work is evident. Communication with client regarding discussion about claims and strategy are recoverable. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5619039 | 1/9/2022<br>2/28/2022 | Prepare correspondence with plaintiff's counsel re meeting and conferring for scheduling conference. | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5619039 | 1/10/2022<br>2/28/2022 | Correspond with client re status of REDACTED REDACTED. | To protect content of attorney-client communications re discussion of case status. | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | The letter was sent by counsel for Defendants to all of the Defendants re potential conflicts. Nature of attorney work is evident. Communication with client regarding discussion about claims and strategy are recoverable. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5619039 | 1/10/2022<br>2/28/2022 | Draft case budget and forward same to client. | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | Administrative task | Case budgeting is not an administrative tasks and requires the expertise of counsel to advise a client of anticipated time and cost of defending a matter which is further vested on the nature of claims, allegations, and required attorney work to present defense. Such task cannot be handled by an assistant. |
| Connie L. Michaels<br>Invoice=5619039 | 1/11/2022<br>2/28/2022 | Confer with Ms. Richman re preparation and maintenance of extranet. | | 0.5 | ($208.74) [This is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | Administrative task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman | 1/11/2022 | Call with C. Michaels re organizing and | | ($31.95) [This is 5/7s of the full $45 entry] | | Reduced in its entirety by Plaintiffs | Object | Administrative task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorney's fees may properly include compensation for paralegals. *Missouri v. Jenkins* , 491 U.S. 274, 285 (1989). The Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for an attorney bills her client." *Trustees of the Constr. Indus. Laborers Health Welfare Trust v. Redland Ins. Co* ., 460 F.3d 1253, 1256-57 (9th Cir. 2006). |
| Invoice=5619039 | 2/28/2022 | supporting all files on Extranet and review | | 0.2 | | | | |
| | | email thread re setting up extranet and email | | | | | | |
| | | A. Greer re Extranet questions. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Suzy Richman | 1/12/2022 | Set up folders on Extranet REDACTED. | To protect proprietary | ($31.95) [This is 5/7s of the full $45 entry] | | Reduced in its entirety by Plaintiffs | Object | Admin. Task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorney's fees may properly include compensation for paralegals. *Missouri v. Jenkins* , 491 U.S. 274, 285 (1989). The Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for an attorney bills her client." *Trustees of the Constr. Indus. Laborers Health Welfare Trust v. Redland Ins. Co* ., 460 F.3d 1253, 1256-57 (9th Cir. 2006). |
| Invoice=5619039 | 2/28/2022 | | information. | 0.2 | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 1/12/2022 | Locate and review pleadings from REDACTED | To protect content of attorney | 0.8 | ($333.98) [This is 5/7s of the full $ 470.4 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to discern nature of entry; unable to determine how much time billed for each claim | Nature of attorney work is evident. Counsel has reviewed pleadings in preparation for defense of this matter. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991).Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| Invoice=5619039 | 2/28/2022 | REDACTED. | work product, attorney mental impressions, and strategy. | | | | | | |
| Connie L. Michaels | 1/13/2022 | Confer with case team re matter status and next | | 0.4 | ($166.99) [This is 5/7s of the full $235.2 entry] | Reduced in its entirety by Plaintiffs | Object | Admin. Task; vague | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Strategizing and preparing defense is not an administrative task. Nature of attorney work is evident, and counsel are required to strategize and confer as to the next steps in defending against Plaintiffs' claims. |
| Invoice=5619039 | 2/28/2022 | steps. | | | | | | | |
| Connie L. Michaels | 1/13/2022 | Correspond with Mr. Howard re meeting and | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | conferring per Rule 26 re scheduling conference. | | | | | | | |
| Connie L. Michaels | 1/13/2022 | Review pleadings from related cases per | To protect content of attorney | 0.5 | ($208.74) [This is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to discern nature of entry; unable to determine how much time billed for each claim | Nature of attorney work is evident. Counsel has reviewed pleadings in preparation for defense of this matter. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991).Redactions have been made to protect attorney-client communications and attorney mental impressions. |
| Invoice=5619039 | 2/28/2022 | REDACTED. | work product, attorney mental impressions, and strategy. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman | 1/13/2022 | Prepare introduction email to group regarding | To protect proprietary | ($31.95) [This is 5/7s of the full $45 entry] | Reduced in its entirety by Plaintiffs | Object | Admin. Task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorney's fees may properly include compensation for paralegals. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). The Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for which an attorney bills her client." *Trustees of the Constr. Indus. Laborers Health Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). |
| Invoice=5619039 | 2/28/2022 | using the extranet REDACTED. | information. | 0.2 | | | | |
| | | | | | | | | |
| Donna Leung | 1/13/2022 | Begin drafting joint Rule 26(f) report as | | ($308.50) [This is 5/7s of the full $434.5 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | required by Judge Fischer's Standing Order, | | 1.1 | | | | |
| | | Federal Rule of Civil Procedure 16(b) and | | | | | | |
| | | 26(f), and Central District Local Rule 26-1 in | | | | | | |
| | | order to demonstrate to the court Defendants' | | | | | | |
| | | positions as to the statement of the case, key | | | | | | |
| | | factual and legal issues, and proposed | | | | | | |
| | | discovery and motion plan. | | | | | | |
| | | | | | | | | |
| Nick McKinney | 1/13/2022 | Conference call with team to discuss case | | ($84.14) [This is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | duplicative; vague | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. This entry is not duplicative. Several attorneys were involved in the defense of Plaintiffs' claims. The nature of this entry is evident and relates to counsels' analysis re defense strategy. |
| Invoice=5619039 | 2/28/2022 | analysis and strategy. | | 0.3 | | | | |
| | | | | | | | | |
| Nick McKinney | 1/14/2022 | Review complaint and analysis for preparation | | ($280.45) [This is 5/7s of the full $395 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | of further case handling. | | 1 | | | | |
| | | | | | | | | |
| Donna Leung | 1/14/2022 | Draft stipulation and proposed order to | To protect content of attorney | ($308.50) [This is 5/7s of the full $434.5 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to discern nature of redacted services. Billed amount for unredacted services is excessive. | Nature of attorney work is evident. Counsel drafted a stipulation and proposed order for the court ordered Scheduling Conference. Given the number of Plaintiffs' attorneys, scheduling conflicts for defense counsel, and the pending substitution of counsel by Plaintiffs', the time billed for this attorney work is reasonable. |
| | | | | 1.1 | | | | |

Final Joint Statement_00012

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice=5619039 | 2/28/2022 | continue scheduling conference based upon scheduling conflict on behalf of Defendants' counsel and pending substitution of attorney on behalf of Plaintiffs' counsel in order to REDACTED. | work product, attorney mental impressions, and strategy. | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 1/14/2022 | Correspond with plaintiff's counsel re his substitution out of case and stipulation to | | ($83.50) [This is 5/7s of the full $117.6 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | | | 0.2 | | | | |
| | | court to continue scheduling conference. | | | | | | |
| | | | | | | | | |
| Suzy Richman | 1/14/2022 | Continue setting up extranet and setting up folders and renaming documents REDACTED. | To protect proprietary information. | ($47.93) [This is 5/7s of the full $67.5 entry] | Reduced in its entirety by Plaintiffs | Object | Admin. Task | Maintaining potentially privileged documents or information is not an administrative task. Moreover, attorney's fees may properly include compensation for paralegals. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). The Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for which an attorney bills her client." *Trustees of the Constr. Indus. Laborers Health Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). |
| Invoice=5619039 | 2/28/2022 | | | 0.3 | | | | |
| | | | | | | | | |
| Suzy Richman | 1/18/2022 | Continue organization of files on Extranet REDACTED | To protect proprietary information. | ($47.93) [This is 5/7s of the full $67.5 entry] | Reduced in its entirety by Plaintiffs | Object | Admin. Task | Maintaining potentially privileged documents or information is not an administrative task. Moreover, attorney's fees may properly include compensation for paralegals. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). The Ninth Circuit has extended compensable time to all those "whose labor contributes to work product for which an attorney bills her client." *Trustees of the Constr. Indus. Laborers Health Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). |
| Invoice=5619039 | 2/28/2022 | | | 0.3 | | | | |
| | | | | | | | | |
| Connie L. Michaels | 1/18/2022 | Review court order granting stipulation to continue the Rule 26 scheduling conference. | | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | | | 0.1 | | | | |
| | | | | | | | | |
| Donna Leung | 1/18/2022 | Continue drafting and revising Rule 26(f) report and proposed trial and pre-trial deadlines in order to comply with Federal Rule of Civil Procedure 16(b) and 26(f), and Central District Local Rule 26-1. | | ($476.77) [This is 5/7s of the full $671.5 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | | | 1.7 | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung | 1/18/2022 | Begin drafting outline of key arguments in | To protect content of attorney | | ($140.23) [This is 5/7s of the full $197.5 entry] | 0.5 | Reduced in its entirety by Plaintiffs | Object | Unnecessary; unable to determine how many hours billed for each claim | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek a 5/7 fraction of total |
| Invoice=5619039 | 2/28/2022 | opposition to a potential motion REDACTED | work product, attorney mental | | | | | | | |
| | | filed by Plaintiffs with respect to | impressions, and strategy. | | | | | | | |
| | | the LAUSD vaccination mandate based upon Plaintiff's | | | | | | | | |
| | | claims Fourteenth Amendment and state law claims. | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| Donna Leung | 1/20/2022 | Further strategy re opposition to a potential | To protect content of attorney | | ($84.14) [This is 5/7s of the full $118.5 entry] | 0.3 | Reduced in its entirety by Plaintiffs | Object | Unnecessary; unable to determine how many hours billed for each claim; unable to discern nature of entry. | Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney |
| Invoice=5619039 | 2/28/2022 | REDACTED motion filed by | work product, attorney mental | | | | | | | |
| | | Plaintiff REDACTED | impressions, and strategy. | | | | | | | |
| | | REDACTED | | | | | | | | |
| | | in order to protect client's interests. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5619039 | 1/20/2022<br>2/28/2022 | Weekly case update conference call for defense team. | | 0.3 | ($84.14) [This is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | A brief case team meeting was held all defense counsel weekly to confer and strategize regarding the case and its developments. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for |
| Connie L. Michaels<br>Invoice=5619039 | 1/20/2022<br>2/28/2022 | Confer with case team re matter status and strategy REDACTED<br>REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and strategy. | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to discern nature of entry. | Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5619039 | 1/24/2022<br>2/28/2022 | Evaluate information received to date and analyze and strategize approach to obtain appropriate experts. | | 0.2 | ($83.50) [This is 5/7s of the full $117.6 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5619039 | 1/24/2022<br>2/28/2022 | Revise defense section of joint report under Rule 26 for scheduling conference. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | | |
| Connie L. Michaels<br>Invoice=5619039 | 1/27/2022<br>2/28/2022 | Strategize with case team including re REDACTED, REDACTED, and REDACTED. | To protect content of attorney work product, attorney mental impressions, and strategy. | 0.3 | ($125.24) [This is 5/7s of the full $176.4 entry] | Reduced in its entirety by Plaintiffs | Object | Unnecessary; and unable to determine how many hours billed for each claim; unable to discern nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations in Plaintiffs' Complaint. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek a 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Conti | 1/27/2022 | Review and summarize expert witness | To protect content of attorney | 3.7 | (1,544.68) [This is 5/7s of the full $2175.6 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5619039 | 2/28/2022 | declarations from REDACTED matter. | work product, attorney mental | | | | | | |
| | | | impressions, and strategy. To | | | | | | |
| | | | protect proprieitary information. | | | | | | |
| Robert Conti | 1/27/2022 | Attend team strategy/status call. | | 0.2 | ($83.50) [This is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary;  unable to determine how many hours billed for each claim; vague | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5619039 | 2/28/2022 | | | | | | | | |
| Robert Conti | 1/27/2022 | Receipt and review of Rule 26 plan. | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5619039 | 1/27/2022<br>2/28/2022 | Weekly litigation team conference call to discuss case strategy and further handling. | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; vague | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | |
| Donna Leung<br>Invoice=5619039 | 1/27/2022<br>2/28/2022 | Email to new counsel for Plaintiffs, Robert Tyler, re Rule 26(f) conference and status of joint report in advance of Scheduling Conference in order to meet and confer re the same. | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | |
| | | | | | | | |
| Donna Leung<br>Invoice=5619039 | 1/27/2022<br>2/28/2022 | Further revisions to joint rule 26(f) report in order to include basis and authorities for Defendants' affirmative defenses to each of Plaintiffs' causes of action in order to protect client's statement of the case. | 1.9 | ($532.86) [This is 5/7s of the full $750.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | |
| Donna Leung<br>Invoice=5619039 | 1/27/2022<br>2/28/2022 | Email to Marcos Hernandez and Narmin Shahin of the LAUSD re status of Scheduling Conference, draft of the joint Rule 26(f) report, and status of Plaintiffs' counsel substitution in order to confer re the same. | 0.3 | ($84.14) [this is 5/7s of full $118.5 entry] | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Donna Leung** | 1/27/2022 | Begin drafting memorandum of points and | To protect content of attorney | 3.1 | ($869.40) [this is 5/7s of the full $1224.5 entry] | Reduced in its entirety by Plaintiffs | Object | Unnecessary; and unable to determine how many hours billed for each claim; unable to discern nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |
| Invoice=5619039 | 2/28/2022 | authorities in opposition to a potential motion | work product, attorney mental | | | | | | |
| | | for REDACTED anticipated to be | impressions, and strategy. To | | | | | | |
| | | filed by Plaintiffs, including REDACTED | protect proprieitary information. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| **Connie L. Michaels** | 1/28/2022 | Review client changes to joint report and | To protect content of attorney | 0.1 | ($41.75) [this is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to determine how many hours billed for each claim; unable to discern nature of entry. | Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5619039 | 2/28/2022 | provide direction to case team REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED. | impressions, and strategy. To | | | | | | |
| | | | protect proprieitary information. | | | | | | |
| **Connie L. Michaels** | 1/31/2022 | Coordinate revision and filing of unilateral | | 0.1 | ($41.75) [this is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | Admin task. | This is not an administrative task. Lead counsel can recover fees for time spent supervising other team counsel on drafting of court submissions. |
| Invoice=5619039 | 2/28/2022 | rule 26 report. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 1/31/2022 | Review correspondence from client with key | To protect content of attorney | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to determine how many hours billed for each claim; unable to discern nature of entry. | Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy and attorney-client communications.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5619039 | 2/28/2022 | timeline and documents re REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED. | impressions, and strategy. To | | | | | | |
| | | | protect proprieitary information. | | | | | | |
| | | | To protect content of attorney- | | | | | | |
| | | | client communications. | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Donna Leung | 1/31/2022 | Finalize and incorporate revisions to | | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | | | | |
| Invoice=5619039 | 2/28/2022 | Defendants' Rule 26 report to reflect efforts | | | | | | | |
| | | to reach Plaintiffs' new substituted counsel | | | | | | | |
| | | and highlight Defendants' position on all | | | | | | | |
| | | required elements of the Judge's requested | | | | | | | |
| | | report and discovery plan in order to protect | | | | | | | |
| | | client's interests. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Suzy Richman | 1/31/2022 | Add Documents to Extranet re REDACTED | To protect proprietary | 0.1 | ($15.98) [this is 5/7s of the full $22.50 entry] | Reduced in its entirety by Plaintiffs | Object | Admin task | |
| Invoice=5619039 | 2/28/2022 | REDACTED | information. | | | | | | |
| | | REDACTED | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| Name / Invoice | Date | Description | Redaction reason | Hrs | Amount | Plaintiffs | Object | Notes | Rationale |
|---|---|---|---|---|---|---|---|---|---|
| Suzy Richman Invoice=5631540 | 2/1/2022 3/25/2022 | Upload documents to extranet REDACTED To protect proprietary information. | | 0.1 | ($15.98) [this is 5/7s of the full $22.50 entry] | Reduced in its entirety by Plaintiffs | Object | Admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Robert Conti Invoice=5631540 | 2/1/2022 3/25/2022 | Receipt and review of REDACTED motion. To protect proprietary information. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to determine how many hours billed for each claim; unable to discern nature of entry. | Nature of attorney work is evident and defense counsel can recover fees for analysis and strategy of defending matter. Redacation have been made to protect proprietary information.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A. , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Conti Invoice=5631540 | 2/3/2022 3/25/2022 | Teleconference re: cases status and work needed going forward. | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | admin task; vague; unable to determine how many hours billed for each claim. | Nature of attorney work is evident and defense counsel can recover fees for client communication regarding the status and plan of action.  If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A. , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 2/3/2022 | Confer with case team re matter status and | | 0.2 | ($83.50) [This is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | |
| Invoice=5631540 | 3/25/2022 | strategy. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 2/3/2022 | Strategize with case team re initial disclosures. | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |
| Invoice=5631540 | 3/25/2022 | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 2/3/2022 | Prepare for (.2) and participate in rule 26 | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | | |
| Invoice=5631540 | 3/25/2022 | conference with opposing counsel (.3). | | | | | | | |
| | | | | | | | | | Nature of the attorney work is evident and done so in response to Court's order. Redactions rightfully protect attorney work product, attorney mental impressions, and strategy. |
| Donna Leung | 2/3/2022 | Review of Court's Order Setting Scheduling | To protect content of attorney | 0.3 | ($84.14) [this is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to discern nature of entry. | |
| Invoice=5631540 | 3/25/2022 | Conference in order to REDACTED respond to | work product, attorney mental | | | | | | |
| | | Court's order to show cause re Defendants' drafting | impressions, and/or strategy. | | | | | | |
| | | of the proposed trial schedule and pre-trial deadlines. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | Nature of the attorney work is evident and done so in response to Court's order. Redactions rightfully protect attorney work product, attorney mental impressions, and strategy. |
| Donna Leung | 2/3/2022 | Draft declaration in response to the Court's | To protect content of attorney | 1 | ($280.45) [This is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to discern nature of entry. | |
| Invoice=5631540 | 3/25/2022 | Order to Show Cause re the Proposed Trial | work product, attorney mental | | | | | | |
| | | Schedule and revised trial schedule pursuant to | impressions, and/or strategy. | | | | | | |
| | | Judge's Order Setting Scheduling Conference REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 2/3/2022 | Weekly standing meeting to discuss case | | 0.2 | ($56.09) [This is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5631540 | 3/25/2022 | handling analysis and strategy. | | | | | vague; unnecessary; unable to determine how many hours billed for each claim. | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 2/4/2022 | Draft email to client re case status. | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | | | |
| Invoice=5631540 | 3/25/2022 | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Donna Leung | 2/6/2022 | Further revisions to the schedule of proposed | To protect content of attorney | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5631540 | 3/25/2022 | trial and pre-trial deadlines in order to | work product, attorney mental | | | | unable to determine how many hours billed for each claim. | |
| | | comply with the Court's Order Setting | impressions, and/or strategy. | | | | | |
| | | Scheduling Conference and ensure proposed dates | | | | | | |
| | | REDACTED. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Donna Leung | 2/7/2022 | Communications with opposing counsel re the | | 0.1 | ($28.05) [this is 5/7s of the full $39.50 entry] | | | |
| Invoice=5631540 | 3/25/2022 | proposed trial and pre-trial dates pursuant to | | | | | | |
| | | Judge Fischer's Order Setting Scheduling | | | | | | |
| | | Conference in order to confer re the same. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 2/7/2022 | Prepare notice of appearance. | | 0.2 | ($56.09) [This is 5/7s of the full $79 entry] | | | |
| Invoice=5631540 | 3/25/2022 | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 2/7/2022 | Correspond with plaintiffs' counsel re proposed | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | |
| Invoice=5631540 | 3/25/2022 | deadlines in scheduling report. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 2/8/2022 | Various communications with plaintiffs' counsel | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | |
| Invoice=5631540 | 3/25/2022 | re joint scheduling report and stipulation to | | | | | | |
| | | amend complaint. | | | | | | |
| | | | | | | | | |
| | | | | | | | | Nature of the attorney work is evident and clearly depicts that the attorney work was revisions to the Court ordered Joint Report. |
| Donna Leung | 2/8/2022 | Final revisions to the Rule 26(f) joint report | To protect content of attorney | 0.9 | ($252.41) [this is 5/7s of the full $355.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to discern nature of entry. |
| Invoice=5631540 | 3/25/2022 | pursuant to the Judge's Order Setting | work product, attorney mental | | | | | |
| | | Scheduling Order in order to incorporate | impressions, and/or strategy. | | | | | |
| | | Plaintiff's inserts and REDACTED | | | | | | |
| | | REDACTED. | | | | | | |
| | | | | | | | | |
| Donna Leung | 2/8/2022 | Review of Plaintiff counsel's declaration in | | 0.1 | ($28.05) [this is 5/7s of the full $39.50 entry] | | | |
| Invoice=5631540 | 3/25/2022 | response to the Court's order to show cause re | | | | | | |
| | | sanctions re the Joint Rule 26 report in order | | | | | | |
| | | to analyze the same. | | | | | | |
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney | 2/10/2022 | Litigation team case update call. | | 0.2 | ($56.09) [This is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. |
| Invoice=5631540 | 3/25/2022 | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Conti | 2/10/2022 | Teleconference with team members re: case status, | | ($83.50) [This is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5631540 | 3/25/2022 | work in progress. | | 0.2 $117.60 entry] | | | | |
| Robert Conti | 2/10/2022 | Receipt and review of email from client re: | To protect proprietary | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5631540 | 3/25/2022 | REDACTED. | information. | 0.1 $58.8 entry] | | | | |
| Connie L. Michaels | 2/10/2022 | Strategize with case team re matter status and next | To protect content of attorney | ($125.24) [This is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | 0.3 $176.40 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice=5631540 | 3/25/2022 | steps including REDACTED, REDACTED, and initial disclosures. | work product, attorney mental impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 2/17/2022 | Confer with case team re status REDACTED | To protect content of attorney | 0.2 | ($83.50) [This is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry; vague; duplicative. |
| Invoice=5631540 | 3/25/2022 | REDACTED REDACTED and strategy. | work product, attorney mental impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. It clearly denotes that the attorney work was to revise initial disclsours and review of documents thereto. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 2/21/2022 | Revise initial disclosures, including review of | To protect content of attorney | 1.4 | ($584.47) [this is 5/7s of the $823.20 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry. |
| Invoice=5631540 | 3/25/2022 | client documents, and REDACTED. | work product, attorney mental impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| Nick McKinney | 2/21/2022 | Prepare rule 26 disclosures. | | 0.7 | ($196.32) [this is 5/7s of the full $276.5 entry] | | | |
| Invoice=5631540 | 3/25/2022 | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 2/22/2022 | Correspond with client re REDACTED | To protect content of attorney | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. It clearly denotes that the attorney work was to regarding initial disclosures and attorney-client communications thereto. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5631540 | 3/25/2022 | initial disclosures. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 2/28/2022 | Provide brief case update to client. | | 0.1 | ($41.75) [This is 5/7s of the full $58.8 entry] | | | | |
| Invoice=5631540 | 3/25/2022 | | | | | | | | |
| | | | | | | | | | |
| Robert Conti | 3/2/2022 | Evaluate expert witness declarations and | To protect content of attorney | 4.8 | ($1,908.48) [This is 5/7s of the full $2688 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5647966 | 4/25/2022 | REDACTED requests REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ($112.18) [this is 5/7s of the full $158 entry] 0.4 | | | | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. It clearly denotes that the attorney work was related to discovery.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5647966 | 3/2/2022 4/25/2022 | Begin drafting document requests to plaintiffs, including requests for communications with defendants, accommodation requests, and key documents supporting their allegations in the complaint in order to further investigate plaintiffs' claims | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | Reduced in its entirety by Plaintiffs | Object | | |
| | | | | | | | | |
| | | | | ($364.59) [this is 5/7s of the full $513.5 entry] 1.3 | | | | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. It clearly denotes that the attorney work was related to Plaintiffs' initial disclosures. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5647966 | 3/2/2022 4/25/2022 | Begin review of Plaintiff's initial disclosures document production, including Plaintiff's alleged various research, articles, test results, videos, and records regarding the COVID-19 vaccine used to support Plaintiff's allegations and claims. | | | Reduced in its entirety by Plaintiffs | Object | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5647966 | 3/3/2022 4/25/2022 | Further research in support of anticipated opposition to Plaintiff's anticipated REDACTED motion, with particular attention to Plaintiff's state law claims for declaratory and injunctive relief under the Americans with Disabilities Act, violation of due process under Skelly v. State Personnel Board, 15 Cal.3d 194 (1975), and for public disclosure of private facts in order to further analyze the same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| Donna Leung Invoice=5647966 | 3/3/2022 4/25/2022 | Continue drafting and revising anticipated opposition to Plaintiffs' anticipated motion REDACTED, with particular attention to points and authorities in support REDACTED for the breach of security for computerized personal information. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.2 | ($336.54) [this is 5/7s of the full $474 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **David Alan Dixon**<br>Invoice=5647966 | 3/3/2022<br>4/25/2022 | Analyze legal inquiry pertaining to experts REDACTED<br>REDACTED<br>REDACTED<br>REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($51.12) [this is 5/7s of the full $72 entry] 0.2 | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| **Robert Conti**<br>Invoice=5647966 | 3/3/2022<br>4/25/2022 | Review multiple REDACTED cases regarding<br>REDACTED<br>REDACTED<br>in support of oppositions and chart same. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($1,590.40) [this is 5/7s of the full $2240 entry] 4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. It clearly denotes that the attorney work was related to Plaintiffs' initial disclosures. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Conti<br>Invoice=5647966 | 3/3/2022<br>4/25/2022 | Teleconference with client re: experts, case status, REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communication. | 0.5 | ($198.8) [this is 5/7s of the full $280 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5647966 | 3/3/2022<br>4/25/2022 | Confer with client with Mr. Conti re REDACTED expert witnesses. | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communication. | 0.6 | ($238.56) [this is 5/7s of the full $336 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5647966 | 3/3/2022 4/25/2022 | Confer with case team re matter status and strategy for next steps. | | | 0.1 | ($39.76) [this is 5/7s of the full $56 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Conti Invoice=5647966 | 3/6/2022 4/25/2022 | REDACTED expert witness data for medical professionals REDACTED REDACTED regarding impact of COVID-19, need for vaccination and compile list and documents re: same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | 2.4 | ($954.24) [this is 5/7s of the full $1344 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Robert Conti<br>Invoice=5647966 | 3/9/2022<br>4/25/2022 | Zoom conference with client, team members and LAUSD personnel REDACTED<br>REDACTED.<br> | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communication. | 2.2 | ($874.72) [this is 5/7s of the full $1232 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and fees incurred for attorney-client communications are recoverable.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5647966 | 3/9/2022<br>4/25/2022 | Attend two witness interviews REDACTED<br>REDACTED. | To protect proprietary information. | 1 | ($397.60) [this is 5/7s of the full $560 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5647966 | 3/9/2022<br>4/25/2022 | Attend two witness interviews REDACTED<br>REDACTED | To protect proprietary information. | 1 | ($397.60) [this is 5/7s of the full $560 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Not duplicative, these interviews differ from previous entry. Nature of attorney work is evident and clearly denotes witness interviews were conducted by defense counsel. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5647966 | 3/9/2022<br>4/25/2022 | Review REDACTED Emails. | To protect proprietary information. | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5647966 | 3/9/2022<br>4/25/2022 | Further drafting of anticipated opposition to Plaintiff's motion REDACTED, with particular attention to Plaintiff's claim for the alleged violation of due process under Skelly v. State Personnel Board, 15 Cal.3d 194 (1975). | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants' are entitled to recovery of litigation costs, including expert fees, and |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 3/10/2022 | Strategize with case team re matter status, | To protect content of attorney | ($79.52) [this is 5/7s of the full $112 entry] | Reduced in its entirety by Plaintiffs | | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5647966 | 4/25/2022 | REDACTED | work product, attorney mental | 0.2 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED. | | | | | | |
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Conti | 3/10/2022 | Teleconference with team members re: witness | | ($79.52) [this is 5/7s of the full $112 entry] | Reduced in its entirety by Plaintiffs | | Object | unable to determine how many hours billed for each claim. |
| Invoice=5647966 | 4/25/2022 | introductions, deposition preparations and case | | 0.2 | | | | |
| | | status. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Conti<br>Invoice=5647966 | 3/11/2022<br>4/25/2022 | Teleconference with client re: witness depositions and preparations. | To protect content of attorney-client communication. | ($79.52) [this is 5/7s of the full $112 0.2 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | |
| Robert Conti<br>Invoice=5647966 | 3/11/2022<br>4/25/2022 | Receipt and review of proposed First Amended Complaint. | | ($119.28) [this is 5/7s of the full $168 0.3 entry] | | | | |
| Connie L. Michaels<br>Invoice=5647966 | 3/14/2022<br>4/25/2022 | Review video of COVID update REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect proprietary information. | ($39.76) [this is 5/7s of the full $56 0.1 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5647966 | 3/14/2022<br>4/25/2022 | Review and analyze proposed second amended complaint, review and revise related documents forwarded by Plaintiffs' counsel (order and stipulation), legal research re REDACTED REDACTED, corresponde (separately) with client and opposing counsel re same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($397.60) [this is 5/7s of the full $560 entry] | 1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of redacted entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | | |
| Connie L. Michaels<br>Invoice=5647966 | 3/15/2022<br>4/25/2022 | Forward discovery from plaintiffs' to client. | | | ($39.76) [this is 5/7s of the full $56 entry] | 0.1 | | | |
| | | | | | | | | | |
| Donna Leung<br>Invoice=5647966 | 3/15/2022<br>4/25/2022 | Review the tracked changes and revisions regarding Plaintiffs' 49-page second amended for violation of civil rights and declaratory and injunctive relief in REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($140.23) [this is 5/7s of the full $197.5 entry] | 0.5 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5647966 | 3/16/2022 4/25/2022 | Review and analysis of plaintiffs' requests for documents and interrogatories REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Suzy Richman Invoice=5647966 | 3/16/2022 4/25/2022 | Upload documents to extranet REDACTED | To protect proprietary information. | 0.1 | ($15.98) [this is 5/7s of the full $22.5 entry] | Reduced in its entirety by Plaintiffs | Object | Admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Donna Leung Invoice=5647966 | 3/17/2022 4/25/2022 | Continue drafting and revising anticipated opposition to Plaintiff's motion REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants' are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | REDACTED | | | | | | |
| | | REDACTED. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 3/17/2022 | Determine status of preparation of discovery | | ($39.76) [this is 5/7s of the full $56 | | | | |
| Invoice=5647966 | 4/25/2022 | responses. | | 0.1 entry] | | | | |
| Donna Leung | 3/22/2022 | Review plaintiffs' requests for documents and | To protect content of attorney | ($140.23) [this is 5/7s of the full $197.5 entry] 0.5 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | things in order to determine REDACTED, | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED and ensure compliance with discovery | | | | | | |
| | | obligations. | | | | | | |
| Donna Leung | 3/23/2022 | Continue analysis of proposed responses and | To protect content of attorney | ($168.27) [this is 5/7s of the full $237 entry] 0.6 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | objections on behalf of the LAUSD in response | work product, attorney mental | | | | | |
| | | to plaintiff's interrogatories and send follow-up | impressions, and/or strategy. | | | | | |
| | | correspondence to C. Michaels re strategy re REDACTED. | | | | | | |

Final Joint Statement_00039

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5647966 | 3/23/2022<br>4/25/2022 | Begin drafting responses and objections to<br>plaintiffs' document requests for documents<br>REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($224.36) [this<br>is5/7s of the full<br>$316 entry]<br>0.8 | Reduced in its entirety by Plaintiffs | Object | unable to determine how<br>many hours billed for each<br>claim; unable to determine<br>nature of entry. | Nature of attorney work is<br>evident and clearly denotes<br>activity is related to<br>discovery. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |
| Donna Leung<br>Invoice=5647966 | 3/23/2022<br>4/25/2022 | Communications with client, Narmin Shahin,<br>regarding plaintiff's request for documents<br>in order to REDACTED<br>REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy.<br>To protect content of attorney-<br>client communications. | ($112.18) [this is<br>5/7s of the full $158<br>entry]<br>0.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how<br>many hours billed for each<br>claim; unable to determine<br>nature of entry. | Nature of attorney work is<br>evident and clearly denotes<br>attorney-client<br>communications regarding<br>discovery. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5647966 | 3/23/2022<br>4/25/2022 | Begin drafting responses and objections to<br>plaintiffs' contention interrogatories REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($336.54) [this is 5/7s of the full $474 entry]<br>1.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5647966 | 3/23/2022<br>4/25/2022 | Draft approach for responses to 6<br>interrogatories. | | ($159.04) [this is 5/7s of the full $224 entry]<br>0.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5647966 | 3/24/2022<br>4/25/2022 | Determine status of preparation of responses to<br>discovery and review correspondence REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($79.52) [this is 5/7s of the full $112 entry]<br>0.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| Name | Invoice | Date | Description | Objection basis | Hours | Amount | Plaintiffs' action | Object | Notes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| Donna Leung | Invoice=5647966 | 3/24/2022 4/25/2022 | Further communications with Narmin Shahin of LAUSD re REDACTED responsive documents to plaintiff's discovery requests and objections to the same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes attorney-client communications regarding discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Suzy Richman | Invoice=5647966 | 3/24/2022 4/25/2022 | Download Records received from client and REDACTED REDACTED. | To protect proprietary information. | 0.9 | ($143.78) [this is 5/7s of the full $202.5 entry] | Reduced in its entirety by Plaintiffs | Object | admin task; unable to determine how many hours billed for each claim; unable to determine nature of entry. | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Nick McKinney | Invoice=5647966 | 3/24/2022 4/25/2022 | Weekly litigation team meeting. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney | 3/24/2022 | Weekly litigation team meeting. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. |
| Invoice=5647966 | 4/25/2022 | | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 3/24/2022 | Begin review of documents provided by client in | To protect content of attorney | 0.7 | ($196.32) [this is 5/7s of the full $276.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5647966 | 4/25/2022 | response to plaintiff's request for documents, | work product, attorney mental | | | | | |
| | | including REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED in order to analyze the same. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes attorney interview of fact witness. Redactions have been madde to protect attorney work proudct, attorney metnal impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 3/25/2022 | Participate in telephone interview of fact | To protect content of attorney | ($280.4S) [this is 5/7s of the full $395 1 entry] | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | |
| Invoice=5647966 | 4/25/2022 | witness REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | To protect content of attorney- | | | | | | |
| | | REDACTED | client communications. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED in order to | | | | | | | |
| | | further investigate the same. | | | | | | | |
| | | | | | | | | | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Suzy Richman | 3/29/2022 | Upload documents to Extranet received from | | ($111.83) [this is 5/7s of the full 0.7 $157.5 entry] | | Reduced in its entirety by Plaintiffs | Object | Admin task | |
| Invoice=5647966 | 4/25/2022 | client. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | ($56.09) [this is 5/7s of the full $79 entry] | | | Nature of attorney work is evident and clearly denotes attorney-client communications regarding discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 3/31/2022 | Communications with Narmin Shahin re | To protect content of attorney | 0.2 | | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5647966 | 4/25/2022 | plaintiff's interrogatories to the District in order to | work product, attorney mental | | Reduced in its entirety by Plaintiffs | | |
| | | REDACTED. | impressions, and/or strategy. | | | | |
| | | | To protect content of attorney- | | | | |
| | | | client communications. | | | | |
| | | | | ($224.36) [this is 5/7s of the full $316 entry] | | | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 3/31/2022 | Further drafting of responses and objections to | To protect content of attorney | 0.8 | | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5647966 | 4/25/2022 | Plaintiff's interrogatories re the District's contentions | work product, attorney mental | | Reduced in its entirety by Plaintiffs | | |
| | | and defenses as to the REDACTED | impressions, and/or strategy. | | | | |
| | | in order to REDACTED. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung | 3/31/2022 | Revisions to responses and objections to | To protect content of attorney | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | Plaintiffs' requests for documents in order to REDACTED. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Nick McKinney | 3/31/2022 | Weekly litigation team meeting. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | | | | | | | | |

| Name | Date | Description | | Amount | | Reduction | Objection | Notes | Comments |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 3/31/2022 | Weekly litigation team meeting. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | | | | | | | | |
| Connie L. Michaels | 3/31/2022 | Prepare for and confer with case team regarding case status REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.3 | ($119.28) [this is5/7s of the full $168 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5647966 | 4/25/2022 | | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Robert Conti Invoice=5647966 | 3/31/2022 4/25/2022 | Team teleconference re: case status, strategy and tasks moving forward. | | 0.2 | ($79.52) [this is 5/7s of the full $112 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; vague; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Conti Invoice=5647966 | 3/31/2022 4/25/2022 | Continue REDACTED review of potential medical experts REDACTED REDACTED REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 3.7 | ($1,471.12) [this is 5/7s of the full $2072 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 4/1/2022 | Further drafting of the District's objections | To protect content of attorney | | ($729.17) [this is 5/7s of the full $1027 entry] | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | and responses to Plaintiff's interrogatories, | work product, attorney mental | | 2.6 | | | | |
| | | with particular attention to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 4/4/2022 | Review and analysis of documents from client re | To protect content of attorney | | ($224.36) [this is 5/7s of the full $316 entry] | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | discovery objections as they relate to REDACTED | work product, attorney mental | | 0.8 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung | 4/5/2022 | Review and analysis of plaintiffs' applicable | To protect content of attorney | 1.1 | ($308.50)  [this is 5/7s of the full $434.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to review of documents related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | reasonable accommodations files in order to | work product, attorney mental | | | | | | |
| | | determine scope of the same with respect to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | |
| Donna Leung | 4/5/2022 | Further revisions to the responses and | To protect content of attorney | 1.5 | ($420.68) [this is 5/7s of full $592.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | objections to plaintiffs' requests for | work product, attorney mental | | | | | | |
| | | documents in order to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 4/6/2022<br>6/29/2022 | Further revisions to the proposed responses and objections to plaintiff's requests for documents and interrogatories, with particular attention to REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 4/6/2022<br>6/29/2022 | Continue drafting memorandum of points and authorities of anticipated opposition to motion REDACTED, with particular attention to plaintiff's claims of the violation of due process under the Skelly v. State Personnel Board case. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.5 | ($420.68) [this is 5/7s of full $592.5 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |
| Nick McKinney<br>Invoice=5687235 | 4/6/2022<br>6/29/2022 | Draft answer to second amended complaint. | | 3.1 | ($869.40) [this is 5/7s of the full $1224.5 entry] | | | | |
| Connie L. Michaels<br>Invoice=5687235 | 4/6/2022<br>6/29/2022 | Review and revise draft Answer to Second Amended Complaint REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.3 | ($125.24) [this is 5/7s of the full $176.4 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 4/7/2022 | Complete preparation of answer to second | | | 0.4 | ($112.18) [this is 5/7s of full $158 entry] | | | |
| Invoice=5687235 | 6/29/2022 | amended complaint. | | | | | | | |
| Nick McKinney | 4/7/2022 | Weekly litigation team conference call. | | | 0.2 | ($56.09) [this is 5/7s of full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| Donna Leung | 4/7/2022 | Continue drafting memorandum of points and | To protect content of attorney | | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |
| Invoice=5687235 | 6/29/2022 | authorities of anticipated opposition to motion | work product, attorney mental | | | | | | | |
| | | REDACTED, with particular | impressions, and/or strategy. | | | | | | | |
| | | attention to plaintiff's claims of the | | | | | | | | |
| | | violation of due process under the Skelly v. | | | | | | | | |
| | | State Personnel Board case and declaratory | | | | | | | | |
| | | relief under the Americans with Disabilities | | | | | | | | |
| | | Act. | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5687235 | 4/8/2022 6/29/2022 | Continue drafting memorandum of points and authorities of anticipated opposition to motion REDACTED, with particular attention to revisions made by plaintiffs in their second amended complaint in order to address the same REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |
| Donna Leung Invoice=5687235 | 4/8/2022 6/29/2022 | Review of personnel files and additional personnel-related documents relating to each named plaintiff (over 400 pages), REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect proprietary information. | 1.6 | ($448.72) [this is 5/7s of full $632 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to review of documents related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction of total attorneys' fees. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney Invoice= | 4/8/2022 5/10/2022 | Litigation team conference call to discuss case handling REDACTED. REDACTED | To protect proprietary information. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | |
| Donna Leung Invoice=5687235 | 4/8/2022 6/29/2022 | Review and analysis of written discovery propounded by Plaintiff Cal Educators to the LAUSD Board Members collectively by way to interrogatories and requests for documents in order to determine REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes attorney-client communication regarding discovery in this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 4/8/2022 | Email to Narmin Shahin of the LAUSD re | To protect content of attorney | ($28.05) [this is 5/7s of the full $39.5 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | written discovery propounded by Plaintiff Cal | work product, attorney mental | 0.1 entry] | | | | |
| | | Educators to the LAUSD board members | impressions, and/or strategy. | | | | | |
| | | REDACTED. | To protect content of attorney client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 4/10/2022 | Revise draft responses to special | | ($83.50) [this is 5/7s of the full $117.60 | | | | |
| Invoice=5687235 | 6/29/2022 | interrogatories and document requests. | | 0.2 entry] | | | | |
| | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 4/11/2022 | Interview REDACTED researchers REDACTED | To protect content of attorney | ($375.73) [this is 5/7s of the full $529.2 entry] | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | REDACTED COVID vaccination program. | work product, attorney mental | 0.9 | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Connie L. Michaels** | 4/11/2022 | Draft summary of interview with REDACTED | To protect content of attorney | | 0.9 | ($375.73) [this is 5/7s of the full $529.2 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| **Invoice=5687235** | 6/29/2022 | researchers REDACTED | work product, attorney mental | | | | | | | |
| | | COVID vaccination program. | impressions, and/or strategy. | | | | | | | |
| | | | | | | | | | | |
| **Connie L. Michaels** | 4/11/2022 | Conference with Mr. Conti re expert witnesses. | | | 0.1 | ($41.75) [this is 5/7s of the full $58.8 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine which claims being discussed. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| **Invoice=5687235** | 6/29/2022 | | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5687235 | 4/11/2022 6/29/2022 | Strategize re potential discovery objections to the form interrogatories and requests for documents propounded by Plaintiff Cal Educators to the LAUSD board members REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.5 | ($140.23) [this is 5/7s of the full $197.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5687235 | 4/11/2022 6/29/2022 | Further revisions to draft responses to written discovery propounded by plaintiff to Ileana Davalos, REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 1.2 | ($336.54) [this is 5/7s of the full $474 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 4/11/2022<br>6/29/2022 | Further revisions to requests for documents to each plaintiff, with particular attention to<br>**REDACTED**<br>**REDACTED**<br>**REDACTED.** | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($112.18) [this is 5/7s of the full $158 entry]<br>0.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 4/11/2022<br>6/29/2022 | Review and analysis of applicable collective bargaining agreements for each named plaintiff<br>**REDACTED**<br>**REDACTED** | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($196.32) [this is 5/7s of the full $276.5 entry]<br>0.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney<br>Invoice=5687235 | 4/11/2022<br>6/29/2022 | Review client documents to be produced in response to written discovery. | | ($224.36) [this is 5/7s of the full $316 entry]<br>0.8 | | | | |
| Nick McKinney<br>Invoice=5687235 | 4/11/2022<br>6/29/2022 | Review initial discovery served by Plaintiffs. | | ($168.27) [this is 5/7s of the full $237 entry]<br>0.6 | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 4/11/2022 | Research statutory and case las law regarding | | | ($308.50) [this is 5/7s of the full $434.5 entry] | 1.1 | Reduced in its entirety by Plaintiffs | Object | unnecessary if defense really believed claims are frivolus; unable to determine number of hours billed for each claim | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | Plaintiff's service of discovery on all | | | | | | | |
| | | defendant's via a single request and strategy | | | | | | | |
| | | re the same. | | | | | | | |
| Donna Leung | 4/12/2022 | Further review and analysis of plaintiff's | To protect content of attorney | | ($616.99) [this is5/7s of the full $869 entry] | 2.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | employee files, payroll roles and notices of | work product, attorney mental | | | | | | |
| | | suspensions REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | to comply with discovery obligations. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorney's fees billed for this entry. |
| Donna Leung | 4/12/2022 | Further revisions to the discovery responses | To protect content of attorney | | ($140.23) [this is 5/7s of full $197.5 entry] | | | unable to determine how many hours billed for each claim; unable to determine nature of entry; |
| Invoice=5687235 | 6/29/2022 | drafted on behalf of Ileana Davalos in order to | work product, attorney mental | 0.5 | Reduced in its entirety by Plaintiffs | Object | unnecessary if |
| | | REDACTED | impressions, and/or strategy. | | | | |
| | | REDACTED. | | | | | |
| | | | | | | | | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Suzy Richman | 4/12/2022 | Download additional plaintiff records from | | | ($127.80) [this is 5/7s of the full $180 entry] | | | |
| Invoice=5687235 | 6/29/2022 | client and upload to Extranet. | | 0.8 | Reduced in its entirety by Plaintiffs | Object | Admin task |
| | | | | | | | | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Suzy Richman | 4/13/2022 | Stage documents to R:Drive for upload to | | | ($47.93) [this is 5/7s of the full $67.5 entry] | | | |
| Invoice=5687235 | 6/29/2022 | Relativity. | | 0.3 | Reduced in its entirety by Plaintiffs | Object | Admin task |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Ajay A. Patel<br>Invoice= | 4/13/2022<br>9/22/2022 | Conduct analysis of evidence in Relativity to identify documents that may contain privileged or protected content. | | 0.5 | ($79.88) [this is 5/7s of the full $112.5 entry] | Reduced in its entirety by Plaintiffs | Object | Admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Donna Leung<br>Invoice=5687235 | 4/13/2022<br>6/29/2022 | Continue drafting and revising anticipated opposition to REDACTED, with particular attention to plaintiffs' lack of irreparable harm and the likelihood of REDACTED and state law claims. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 3.3 | ($925.49) [this is 5/7s of the full $1303.5 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | This entry concerned a motion for an injunction which was anticipated to be filed early in the case as it was in the initial related lawsuit. Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 4/14/2022<br>6/29/2022 | Begin drafting discovery objections and responses to the interrogatories propounded by plaintiffs to the District board members in order to REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 4/14/2022<br>6/29/2022 | Communications with Narmin Shahin of the District re REDACTED<br>REDACTED<br>REDACTED<br>REDACTED in order to confer re the same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes communication with client re matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| Name | Date | Description | | Amount | | Reduction | Objection | Notes | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 4/14/2022 | Weekly litigation team strategy call. | | ($14.14) [this is 5/7s of the full $118.5 entry] | 0.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| Suzy Richman | 4/14/2022 | Redact Personally Identifiable Information from | | ($271.58) [this is 5/7s of the full $382.5 entry] | 1.7 | Reduced in its entirety by Plaintiffs | Object | Admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Invoice=5687235 | 6/29/2022 | Plaintiff Personnel files. | | | | | | | |
| Donna Leung | 4/15/2022 | Finalize document production (over 500 pages), | To protect content of attorney | ($364.59) [this is 5/7s of the full $513.5 entry] | 1.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | in response to plaintiff's requests for | work product, attorney mental | | | | | | |
| | | production of documents (set 1) with particular | impressions, and/or strategy. | | | | | | |
| | | attention to REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | REDACTED. | | | | | | |
| Donna Leung | 4/15/2022 | Communications with Narmin Shahin of the LAUSD | To protect content of attorney | ($84.14) [this is 5/7s of the full $118.5 entry] 0.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes communication with client re matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | re REDACTED | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED and finalize the District's | | | | | | |
| | | response to interrogatories propounded by Plaintiffs | | | | | | |
| | | to Ileana Davalos. | | | | | | |
| Suzy Richman | 4/18/2022 | Review documents loaded to Relativity and mark | | ($31.95) [this is 5/7s of the full $45 entry] 0.2 | Reduced in its entirety by Plaintiffs | Object | Admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. |
| Invoice=5687235 | 6/29/2022 | additional documents Responsive for production. | | | | | | |
| Ajay A. Patel | 4/18/2022 | Prepare export of production set of evidence | | ($127.80) [this is 5/7s of the full $180 entry] 0.8 | Reduced in its entirety by Plaintiffs | Object | Admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. |
| Invoice= | 9/22/2022 | (13 documents/LAUSD_HFDF 000001 to LAUSD_HFDF | | | | | | |
| | | 000586) to be produced to opposing counsel. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5687235 | 4/18/2022 6/29/2022 | Review additional proposed revisions to responses to interrogatories proposed by Ileana Davalos (Chief of Human Resources at LAUSD) in order to REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5687235 | 4/18/2022 6/29/2022 | Communications with Narmin Shahin re REDACTED REDACTED REDACTED REDACTED in order to confer re the same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes communication with client re matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5687235 | 4/18/2022 6/29/2022 | Finalize document production (586 pages), including collective bargaining agreements, relevant District policies, and plaintiff's personnel files in order to comply with Defendants' discovery obligations in response to Plaintiff's requests for documents. | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 4/20/2022<br>6/29/2022 | Further drafting and revisions to anticipated opposition to plaintiffs' motion<br>REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.9 | ($252.41) [this is 5/7s of the full $355.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each entry; unable to determine nature of entry. | Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney |
| Donna Leung<br>Invoice=5687235 | 4/21/2022<br>6/29/2022 | Drafting of responses and objections to the requests for documents propounded by Plaintiff California Educators for Medical Freedom to the LAUSD Board members, REDACTED<br>REDACTED<br>REDACTED<br>REDACTED<br>REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 4/21/2022 | Prepare for and strategize with case team re | To protect content of attorney | ($125.24) [this is 5/7s of the full $176.4 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | REDACTED opposition to REDACTED motion, discovery and depositions. | work product, attorney mental impressions, and/or strategy. | 0.3 | | | | |
| | | | | | | | | |
| Donna Leung | 4/22/2022 | Drafting of objections and responses to the | To protect content of attorney | ($420.68) [this is 5/7s of the full $592.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | first set of interrogatories propounded by | work product, attorney mental impressions, and/or strategy. | 1.5 | | | | |
| | | Plaintiff California Educators for Medical | | | | | | |
| | | Freedom to LAUSD Board member George McKenna, | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung | 4/22/2022 | Further drafting of objections and revisions to | To protect content of attorney | ($392.63) [this is 5/7s of the full $553 entry] 1.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | the requests for documents (set one) propounded | work product, attorney mental | | | | | |
| | | by Plaintiffs to the LAUSD board members, REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | | | | | | | |
| Carrie A. Stringham | 4/22/2022 | Review and analysis of file materials in order | | ($616.99) [this is 5/7s of the full $869 entry] 2.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | to strategize further case handling. | | | | | | |
| | | | | | | | | |
| | | | | ($112.18) [this is 5/7s of the full $158 entry] 0.4 | | | | |
| Donna Leung | 4/26/2022 | Further revisions to draft discovery responses | To protect content of attorney | | | | | |
| Invoice=5687235 | 6/29/2022 | and objections to Plaintiff's first request for | work product, attorney mental | | | | | |
| | | documents propounded on the Board members in | impressions, and/or strategy. | | | | | |
| | | order REDACTED | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung | 4/28/2022 | Communications with client Narmin Shahin of the District re plaintiff's interrogatories and request for documents REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | | ($84.14) [this is 5/7s of the full $118.5 entry] | 0.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| Nick McKinney | 4/28/2022 | Weekly litigation team meeting. | | | ($28.05) [this is 5/7s of the full $39.5 entry] | 0.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5687235 | 4/28/2022<br>6/29/2022 | Receive update on change to student vaccine mandate. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5687235 | 4/28/2022<br>6/29/2022 | Strategize with case team re status of case including discovery. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5687235 | 4/28/2022<br>6/29/2022 | Review and revise responses to special interrogatories and document demands. | | 1 | ($417.48) [this is 5/7s of the full $588 entry] | | | | |
| Connie L. Michaels<br>Invoice=5687235 | 4/29/2022<br>6/29/2022 | Correspond with client re filing a motion to dismiss REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |
| | | | To protect content of attorney-client communications. | | | | | | |

| | Date | Description | Protection | | | | | Response |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5687235 | 4/29/2022 6/29/2022 | Draft meet and confer letter to plaintiffs' counsel re defense motion to dismiss the individual defendants. | | 1.1 | ($459.29) [this is 5/7s of the full $646.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5687235 | 5/2/2022 6/29/2022 | Review and stategize arguments to include in motion to dismiss individual defendants, REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5687235 | 5/2/2022 6/29/2022 | Draft outline of procedural facts and history and legal arguments in preparation to draft Motion to Dismiss individual defendants. | | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung | 5/2/2022 | Drafting of requests for documents as to | To protect content of attorney | 0.7 | ($196.32) [this is 5/7s of the full $276.6 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | plaintiffs, with respect to REDACTED | work product, attorney mental | 0.7 | 276.5 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| Donna Leung | 5/2/2022 | Review of proposed meet and confer | To protect content of attorney | 0.3 | ($84.14) [this is 5/7s of the full $118.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | correspondence to plaintiffs' counsel re | work product, attorney mental | | | | | | |
| | | anticipated motion to dismiss the Board members | impressions, and/or strategy. | | | | | | |
| | | from the Second Amended Complaint REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| Donna Leung | 5/3/2022 | Further revisions to requests for documents to | | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Invoice=5687235 | 6/29/2022 | plaintiffs in order to further investigate their claims. | | | | | | | | |
| Donna Leung | 5/3/2022 | Draft deposition notices for named plaintiffs | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | in order to further investigate plaintiffs' claims. | | | | | | | | |
| Donna Leung | 5/4/2022 | Review of additional clarifying discovery | To protect content of attorney | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | responses from Narmin Shahin in response to prior responses to interrogatories propounded by Plaintiff to Ileana Davalos REDACTED | work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | | | | | | | |
| | | REDACTED | | | | | | | | |
| | | REDACTED | | | | | | | | |
| | | REDACTED | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5687235 | 5/4/2022<br>6/29/2022 | Prepare and correspond with plaintiffs' counsel re grounds for defense motion to dismiss the case. | | | 1.7 | ($709.72) [this is 5/7s of the full $999.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5687235 | 5/5/2022<br>6/29/2022 | Review and coordinate plaintiffs' depositions. | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5687235 | 5/5/2022<br>6/29/2022 | Revise document requests. | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5687235 | 5/5/2022<br>6/29/2022 | Prepare for and strategize with case team re status of discovery, pleadings and witness interviews. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 5/5/2022<br>6/29/2022 | Communications with Narmin Shahin re verifications to responses to written discovery<br>REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communications. | 0.4<br>0.4 | ($112.18) [this is 5/7s of the full $158 entry]<br>158 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Conti<br>Invoice=5687235 | 5/6/2022<br>6/29/2022 | Receipt and review of meet and confer letter from plaintiffs' counsel regarding interrogatory responses and document requests. | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | | | | |
| Connie L. Michaels<br>Invoice=5687235 | 5/6/2022<br>6/29/2022 | Initial review of meet and confer correspondence from plaintiffs' counsel re defense discovery responses. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Connie L. Michaels** | 5/9/2022 | Draft correspondence to client re case status including | To protect content of attorney | ($83.50) [this is 5/7s of the full $117.60 entry] 0.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Invoice=5687235** | 6/29/2022 | REDACTED | work product, attorney mental | | | | | |
| | | REDACTED. | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney-client communications. | | | | | |
| **Donna Leung** | 5/9/2022 | Communications with client re REDACTED | To protect content of attorney | ($112.18) [this is 5/7s of the full $158 entry] 0.4 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Invoice=5687235** | 6/29/2022 | REDACTED responses to | work product, attorney mental | | | | | |
| | | interrogatories and requests for documents | impressions, and/or strategy. | | | | | |
| | | propounded by Plaintiff California Educators | To protect content of attorney- | | | | | |
| | | for Medical Freedom REDACTED. | client communications. | | | | | |
| **Donna Leung** | 5/9/2022 | Further revisions to interrogatory responses on | To protect content of attorney | ($560.90) [this is 5/7s of the full $790 entry] 2 | | | | |
| **Invoice=5687235** | 6/29/2022 | behalf of the LAUSD Board Members in order to | work product, attorney mental | | | | | |
| | | finalize the same, REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |

Final Joint Statement_00076

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung | 5/9/2022 | Further revisions to the Board members' | | | ($224.36) [this is 5/7s of the full $316 entry] 0.8 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | responses to document requests in order to | | | | | | |
| | | finalize the same, comply with discovery | | | | | | |
| | | obligations, and protect clients' interests. | | | | | | |
| | | | | | | | | |
| Donna Leung | 5/9/2022 | Review rules and regulations of the LAUSD Board | | | ($196.32) [this is 5/7s of the full $276.50 entry] 0.7 | | | |
| Invoice=5687235 | 6/29/2022 | referenced in the Board member responses to | | | | | | |
| | | interrogatories and requests for documents in | | | | | | |
| | | order to prepare the same for production. | | | | | | |
| | | | | | | | | |
| Donna Leung | 5/9/2022 | Further revisions to requests for production of | | | ($112.18) [this is 5/7s of the full $158 entry] 0.4 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | documents to plaintiffs in order to further | | | | | | |
| | | investigate plaintiff's claims and supporting | | | | | | |
| | | documents re the same. | | | | | | |

| Name | Date | Description | | Amount | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 5/9/2022<br>6/29/2022 | Further revisions to deposition notices of each individual plaintiff in order to further investigate plaintiffs' claims. | | ($56.09) [this is 5/7s of the full $79]<br>0.2 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Christopher P. Wyatt<br>Invoice=<br>Relativity REDACTED<br>REDACTED<br>REDACTED<br>REDACTED<br>REDACTED<br>REDACTED | 5/9/2022<br>9/22/2022 | Review, analyze electronic evidence and prepare specifications for processing and loading into Relativity REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect proprietary information. | ($47.93) [this is 5/7s of the full $67.50]<br>0.3 | Reduced in its entirety by Plaintiffs | Object | admin task; unable to determine nature of entry. | Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Preparing for and advising on the manner in which to maintain potentially privileged documents or |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman | 5/9/2022 | Stage document to R:Drive for upload to | | ($79.88) [this is 5/7s of the full $112.50 | | Reduced in its entirety by Plaintiffs | object | admin task | Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Preparing for and advising on the manner in which to maintain potentially privileged documents or |
| Invoice=5687235 | 6/29/2022 | Relativity, review prior production in | | 0.5 entry] | | | | | |
| | | Relativity, confirm it has been uploaded to | | | | | | | |
| | | NetDocs and email D. Leung re same with next | | | | | | | |
| | | starting Bates number. | | | | | | | |
| | | | | | | | | | |
| Suzy Richman | 5/9/2022 | Upload documents to extranet REDACTED | To protect proprietary | ($15.98) [this is 5/7s of the full $22.50 | | Reduced in its entirety by Plaintiffs | object | admin task | Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Preparing for and advising on the manner in which to maintain potentially privileged documents or |
| Invoice=5687235 | 6/29/2022 | | information. | 0.1 entry] | | | | | |

| Timekeeper | Date | Description | Privilege Objection | Time | Plaintiffs' Position | Objection | Defendants' Position | Defendants' Response |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman Invoice=5687235 | 5/10/2022 6/29/2022 | Review documents uploaded to Relativity, REDACTED and email D. Leung re redline copy REDACTED to produce. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect proprietary information. | 0.2 | ($31.95) [this is 5/7s of the full $45 entry] Reduced in its entirety by Plaintiffs | Object | admin task; unable to determine nature of entry. | Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Preparing for and advising on the manner in which to maintain potentially privileged documents or REDACTED |
| Christopher P. Wyatt Invoice= | 5/10/2022 9/22/2022 | Conduct analysis of evidence in Relativity to identify documents that may contain privileged or protected content. | | 0.2 | ($31.95) [this is 5/7s of the full $45 entry] Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction |
| Donna Leung Invoice=5687235 | 5/10/2022 6/29/2022 | Review and analysis of Plaintiff's meet and confer correspondence re discovery responses to interrogatories and document requests by Ileana Davalos, with particular attention to case law and authorities cited by Plaintiff in order to appropriately respond to the same. | | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 5/10/2022<br>6/29/2022 | Begin strategizing re response to plaintiff's meet and confer correspondence as to Ileana Davalos' discovery responses, REDACTED REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($196.32) [this is 5/7s of the full $276.50 entry]<br>0.7 | | | | |
| Donna Leung<br>Invoice=5687235 | 5/10/2022<br>6/29/2022 | Finalize requests for production of documents to plaintiffs in order to further investigate plaintiff's claims and supporting documents re the same. | | ($84.14) [this is 5/7s of the full $118.50 entry]<br>0.3 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney<br>Invoice=5687235 | 5/10/2022<br>6/29/2022 | Correspondence from Plaintiff's counsel re deposition dates. | | ($56.09) [this is 5/7s of the full $79 entry]<br>0.2 | | | | |
| Connie L. Michaels<br>Invoice=5687235 | 5/10/2022<br>6/29/2022 | Correspond with plaintiffs' counsel re case depositions. | | ($83.50) [this is 5/7s of the full $117.60 entry]<br>0.2 | | | | |
| Suzy Richman<br>Invoice=5687235 | 5/11/2022<br>6/29/2022 | Review documents in Relativity for production, confirm next Bates number and email Lit Support re ready to produce. | | ($63.90) [this is 5/7s of the full $90 entry]<br>0.4 | Reduced in its entirety by Plaintiffs | Object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ajay A. Patel | 5/11/2022 | Prepare export of production set of evidence (1 | | 0.5 | ($79.88) [this is 5/7s of the full $112.50 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Nature of work is evident and clearly related to discovery in this matter. Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice= | 9/22/2022 | document/LAUSD_HFDF 000587 to LAUSD_HFDF 000845) to be produced to opposing counsel. | | | | | | |
| Nick McKinney | 5/12/2022 | Weekly litigation team status meeting. | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 5/12/2022 | Further review of authorities and arguments | To protect content of attorney | | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | cited by Plaintiff in meet and confer letter as | work product, attorney mental | | | | | | |
| | | to Ileana Davalos' discovery responses in order | impressions, and/or strategy. | | | | | | |
| | | to REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 5/12/2022 | Prepare correspondence to client re meet and | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | |
| Invoice=5687235 | 6/29/2022 | confer conference with plaintiffs' counsel re | | | | | | | |
| | | defense motion to dismiss. | | | | | | | |
| | | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 5/12/2022 | Confer with case team re status of case. | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 5/12/2022 | Prepare for and meet and confer with | | | 1.3 | ($542.72) [this is 5/7s of the full $764.40 entry] | | | |
| Invoice=5687235 | 6/29/2022 | plaintiffs' counsel re defense motion to | | | | | | | |
| | | dismiss. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 5/13/2022 | Prepare for and meet and confer with | | | 1.3 | ($542.72) [this is 5/7s of the full $764.40 entry] | | | |
| Invoice=5687235 | 6/29/2022 | plaintiffs' counsel re defense discovery | | | | 764.4 | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | responses. | | | | | |
| Carrie A. Stringham Invoice=5687235 | 5/13/2022 6/29/2022 | Conduct comprehensive review and assessment of legal authority cited by Plaintiff's counsel regarding the applicability of Eleventh Amendment Sovereign Immunity to the claims alleged against the individual defendants as part of ongoing meet and confer efforts relating to a potential dispositive motion and REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($785.26) [this is 5/7s of the full $1,106 entry] 2.8 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5687235 | 5/13/2022 6/29/2022 | Draft analytical summary of research relating to the sovereign immunity defense to the claims against the individual defendants for purposes of drafting response to opposing counsel regarding the same. | | ($448.72) [this is 5/7s of the full $632 entry] 1.6 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5687235 | 5/13/2022 6/29/2022 | Communications with opposing counsel re Defendants' document production in connection with the Board members' responses to document requests propounded by California Educators for Medical Freedom, bates range LAUSD_HFDF 000 587-000845 in order to REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($84.14) [this is 5/7s of the full $118.50 entry] 0.3 | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5687235 | 5/13/2022 6/29/2022 | Further preparation of key arguments and basis of responses in response to plaintiff's correspondence re meet and confer as to Ileana Davalos' objections and responses in order to protect client's interests. | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | | | |
| Donna Leung Invoice=5687235 | 5/13/2022 6/29/2022 | Participate in meet and confer conference with opposing counsel (Brant Hadaway, CJ Dimarco, and Allen Shoff) re Ileana Davalos' responses to interrogatories and requests for documents in order to put forth arguments in favor of the responses and objections asserted and discuss potential areas of clarification and supplementation. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | |
| Donna Leung Invoice=5687235 | 5/13/2022 6/29/2022 | Draft email to client Narmin Shahin re substance of meet and confer meeting with opposing counsel re discovery responses on behalf of Ileana Davalos, with particulart attention to REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung Invoice=5687235 | 5/16/2022 6/29/2022 | Communications with Narmin Shahin re REDACTED REDACTED REDACTED responses to the discovery by Ileana Davalos in order to further confer re | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | the same, with particular attention to the | | | | | |
| | | REDACTED. | | | | | |
| | | | | | | | |
| Donna Leung | 5/17/2022 | Review REDACTED and REDACTED | To protect content of attorney | ($224.36) [this is 5/7s of the full $316 entry] | | | |
| Invoice=5687235 | 6/29/2022 | REDACTED in order to determine | work product, attorney mental | 0.8 | | | |
| | | responsiveness to Plaintiff's discovery | impressions, and/or strategy. | | | | |
| | | requests as to Ileana Davalos and evaluate need | | | | | |
| | | REDACTED | | | | | |
| | | REDACTED. | | | | | |
| | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham | 5/17/2022 | Prepare internal memorandum regarding | To protect content of attorney | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. |
| Invoice=5687235 | 6/29/2022 | REDACTED | work product, attorney mental | 0.8 | | | |
| | | defense to Plaintiff's allegations in | impressions, and/or strategy. | | | | |
| | | furtherance REDACTED | | | | | |
| | | motion to dismiss. | | | | | |
| | | | | | | | |
| Donna Leung | 5/18/2022 | Further communications with opposing counsel re | | ($28.05) [this is 5/7s of the full $39.50 entry] | | | |
| Invoice=5687235 | 6/29/2022 | supplemental discovery responses on behalf of | | 0.1 | | | |
| | | Ileana Davalos to interrogatories and requests | | | | | |
| | | for documents. | | | | | |
| | | | | | | | |
| Donna Leung | 5/18/2022 | Drafting of supplemental responses to | To protect content of attorney | ($84.14) [this is 5/7s of the full $118.50 entry] | | | |
| Invoice=5687235 | 6/29/2022 | interrogatories to plaintiffs' discovery on | work product, attorney mental | 0.3 | | | |
| | | behalf of Ileana Davalos in response to | impressions, and/or strategy. | | | | |
| | | plaintiffs' meet and confer correspondence in | | | | | |
| | | order to REDACTED | | | | | |
| | | REDACTED. | | | | | |
| | | | | | | | |
| Donna Leung | 5/19/2022 | Continue drafting of Supplemental responses to | To protect content of attorney | ($280.45) [this is 5/7s of the full $395 entry] | | | |
| Invoice=5687235 | 6/29/2022 | interrogatories to plaintiffs' discovery on | work product, attorney mental | 1 | | | |
| | | behalf of Ileana Davalos in response to | impressions, and/or strategy. | | | | |
| | | plaintiffs' meet and confer correspondence in | | | | | |
| | | order to REDACTED | | | | | |
| | | REDACTED. | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Carrie A. Stringham** | 5/19/2022 | Continue comprehensive review and analysis of applicable legal authority and viability of arguments in support of the Eleventh Amendment sovereign immunity defense as well as assessment of potential additional legal challenges to each of the seven causes of action in order to REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($729.17) [this is 5/7s of the full $1,027 entry] 2.6 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| | | | | | | | | | |
| **Nick McKinney** | 5/19/2022 | Weekly litigation team strategy call. | | | ($84.14) [this is 5/7s of the full $118.50 0.3 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| | | | | | | | | | |
| **Connie L. Michaels** | 5/19/2022 | Confer with case team re matter status | To protect content of attorney | | ($208.74) [this is 5/7s of the full $294 0.5 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Invoice=5687235 | 6/29/2022 | including motion to dismiss and REDACTED discovery. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Donna Leung | 5/23/2022 | Drafting of supplemental responses to interrogatories on behalf of Ileana Davalos pursuant to the parties' meet and confer efforts in order to REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |
| | | | | | | | | | |
| Donna Leung | 5/23/2022 | Drafting of supplemental responses to requests for documents on behalf of Ileana Davalos pursuant to the parties' meet and confer efforts in order to REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 5/23/2022 | Analysis of FRCP Rule 26 re privilege log | To protect content of attorney | | ($196.32) [this is 5/7s of the full $276.16 entry] | 0.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry. | |
| Invoice=5687235 | 6/29/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung | 5/24/2022 | Further drafting of supplemental responses to | To protect content of attorney | | ($869.40) [this is 5/7s of the full $1,224.50 entry] | 3.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | |
| Invoice=5687235 | 6/29/2022 | plaintiff's interrogatories propounded to | work product, attorney mental | | | | | | |
| | | Ileana Davalos, in order to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Donna Leung | 5/24/2022 | Further drafting of supplemental responses to | To protect content of attorney | ($196.32) [this is 5/7s of the full $276.50 entry] | 0.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorney's fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | plaintiff's requests for documents propounded | work product, attorney mental | | | | | | |
| | | to Ileana Davalos, in order to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| | | | | | | | | | |
| Donna Leung | 5/24/2022 | Draft privilege log of internal REDACTED | To protect content of attorney | ($84.14) [this is 5/7s of the full $118.50 entry] | 0.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity is related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | from the District re REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Nick McKinney**<br>**Invoice=5687235** | 5/24/2022<br>6/29/2022 | Review of case law and authority regarding <span style="color:red">REDACTED in preparation for further motions</span><br><span style="color:red">REDACTED Plaintiff's pleadings.</span> | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.2 | ($336.54) [this is 5/7s of the full $474 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Attorney work conducted on potential motion is recoverable in this context as the research and analysis done in preparation for this potential motion was later utilized in the preparing, filing and arguing of Defendants' Motion for Judgment on the Pleadings. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney |
| | | | | | | | | | |
| **Connie L. Michaels**<br>**Invoice=5687235** | 5/24/2022<br>6/29/2022 | Prepare correspondence to client re plaintiffs' counsel's position regarding deposition logistics. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5687235 | 5/25/2022<br>6/29/2022 | Prepare correspondence to plaintiffs' counsel as part of meet and confer process regarding scheduling and location of depositions. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5687235 | 5/25/2022<br>6/29/2022 | Correspond with client regarding scheduling and location of depositions. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Donna Leung<br>Invoice=5687235 | 5/25/2022<br>6/29/2022 | Further revisions to the supplemental responses to interrogatories on behalf of Ileana Davalos. | | ($84.14) [this is 5/7s of the full $118.50 entry] 0.3 | | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 5/25/2022<br>6/29/2022 | Further revisions to the supplemental responses to the requests for documents on behalf of Ileana Davalos. | | ($168.27) [this is 5/7s of the full $237 entry] 0.6 | | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5687235 | 5/26/2022<br>6/29/2022 | Communications with Narmin Shahin re supplemental responses on behalf of Ileana Davalos, supplemental document to produce, and privilege log REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | ($56.09) [this is 5/7s of the full $79 entry] 0.2 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5687235 | 5/26/2022 6/29/2022 | Prepare for and confer with case team re case status including supplementing discovery responses, depositions and 12c motion. | | 0.5 0.5 | 280 294 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels Invoice=5687235 | 5/26/2022 6/29/2022 | Review and revises two sets of supplemental discovery responses. | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels Invoice=5687235 | 5/26/2022 6/29/2022 | Prepare further correspondence to client re plaintiffs' counsel's position regarding deposition logistics. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 5/26/2022 | Conduct additional review and assessment of | To protect content of attorney | ($448.72) [this is 5/7s of the full $632 entry] 1.6 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction of total attorneys' fees. |
| Invoice=5687235 | 6/29/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | motion to dismiss and the appropriate mechanism | impressions, and/or strategy. | | | | | | |
| | | for pursuing an early challenge to the | | | | | | | |
| | | complaint, including REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| Connie L. Michaels | 5/27/2022 | Confer with case team re REDACTED | To protect content of attorney | ($83.50) [this is 5/7s of the full $117.60 entry] 0.2 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED. | impressions, and/or strategy. | | | | | | |
| Donna Leung | 5/27/2022 | Communications with plaintiffs' counsel re | | ($84.14) [this is 5/7s of the full $118.50 entry] 0.3 | | | | | |
| Invoice=5687235 | 6/29/2022 | status of supplemental responses, objections, | | | | | | | |
| | | and document production on behalf of Ileana | | | | | | | |
| | | Davalos in order to confer re the same. | | | | | | | |
| Connie L. Michaels | 5/29/2022 | Prepare further correspondence to client re | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | | | | | |
| Invoice=5687235 | 6/29/2022 | plaintiffs' counsel's position regarding | | | | | | | |
| | | deposition logistics. | | | | | | | |
| Connie L. Michaels | 5/29/2022 | Review correspondence from plaintiffs' | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | | | | | |
| Invoice=5687235 | 6/29/2022 | counsel's re positions regarding deposition | | | | | | | |
| | | logistics and draft reply to same. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 5/31/2022 | Prepare for and strategize with client re | To protect content of attorney | | (.292.245) [this is 5/7s of the full $411.60 entry] | Reduced in its entirety by Plaintiffs | Object | Unable to determine number of hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | deposition REDACTED REDACTED. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| Suzy Richman | 5/31/2022 | Stage document to R:Drive for upload to | To protect content of attorney- client communications. | | ($31.95) [this is 5/7s of the full $45 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Invoice=5687235 | 6/29/2022 | Relativity. | | | | | | | |
| Donna Leung | 5/31/2022 | Finalize supplemental discovery responses to | To protect content of attorney work product, attorney mental | | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5687235 | 6/29/2022 | interrogatories and requests for documents on | impressions, and/or strategy. | | | | | | |
| | | behalf of Ileana Davalos REDACTED REDACTED. | | | | | | | |

Final Joint Statement_00096

| Name / Invoice | Date | Description | Objection Basis | Hours / Amount | Reduction | Object | Notes | Comments |
|---|---|---|---|---|---|---|---|---|
| Donna Leung Invoice=5687235 | 5/31/2022 6/29/2022 | Communications with Narmin Shahin re REDACTED REDACTED in order to comply with discovery obligations. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | ($56.09) [this is 5/7s of the full $79 entry] 0.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Ajay A. Patel Invoice= | 5/31/2022 9/22/2022 | Review and analyze electronic evidence and prepare specifications for processing and loading into Relativity for substantive case team review. | | ($79.88) [this is 5/7s of the full $112.50 entry] 0.5 | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Carrie A. Stringham Invoice=5706151 | 6/1/2022 7/31/2022 | Conduct further review and assessment of Plaintiffs' Skelly/due process cause of action to REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($504.81) [this is 5/7s of the full $711 entry] 1.8 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' state law claim. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | REDACTED | | | | | |
| | | REDACTED. | | | | | |
| | | | | | | | |
| Connie L. Michaels | 6/1/2022 | Update client on meet and confer conference with | | ($41.75) [this is 5/7s of the full $58.80 | | | |
| Invoice=5706151 | 7/31/2022 | with opposing counsel re deposition | | 0.1 entry] | | | |
| | | scheduling/length. | | | | | |
| | | | | | | | |
| Connie L. Michaels | 6/1/2022 | Prepare for and call with opposing counsel re | | ($417.48) [this is 5/7s of the full $588 | | | |
| Invoice=5706151 | 7/31/2022 | deposition scheduling:location/length.. | | 1 entry] | | | |
| Carrie A. Stringham | 6/1/2022 | Continue to review and assess additional bases | To protect content of attorney | ($420.68) [this is 5/7s of the full 1.5 $592.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | to challenge the Complaint, including REDACTED | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | |
| | | REDACTED | | | | | |
| | | REDACTED | | | | | |
| | | REDACTED | | | | | |
| | | in advance of filing a motion for judgment on the | | | | | |
| | | pleadings. | | | | | |
| Carrie A. Stringham | 6/2/2022 | Begin drafting detailed meet and confer | | ($392.63) [this is 5/7s of the full $553 1.4 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | correspondence to opposing counsel responding | | | | | |
| | | to Plaintiffs' position regarding the sovereign | | | | | |
| | | immunity defense and outlining additional bases | | | | | |
| | | to challenge the Second Amended Complaint via a | | | | | |
| | | Motion for Judgment on the Pleadings. | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5706151 | 6/2/2022<br>7/31/2022 | Strategize with case team re depositions and discovery. | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney<br>Invoice=5706151 | 6/2/2022<br>7/31/2022 | Weekly litigation team strategy call. | | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Donna Leung<br>Invoice=5706151 | 6/3/2022<br>7/31/2022 | Communications with opposing counsel re Ms. Davalos' supplemental document production in order to confer re the same. | | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | | |
| Ajay A. Patel<br>Invoice= | 6/3/2022<br>9/22/2022 | Prepare export of production set of evidence (1 document/LAUSD_HFDF 000846 to LAUSD_HFDF 000848) to be produced to opposing counsel. | | | 0.5 | ($79.88) [this is 5/7s of the full $112.50 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 6/3/2022 | Continue drafting detailed meet and confer | | | ($336.54) [this is 5/7s of the full $474 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | correspondence to opposing counsel in | | | 1.2 | | | | |
| | | accordance with the requirements of Local Rule | | | | | | | |
| | | 7-3 regarding the deficiencies in the Complaint | | | | | | | |
| | | and grounds for filing a motion for judgment on | | | | | | | |
| | | the pleadings. | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 6/3/2022 | Review/analyze Complaint for Damages. | | | ($280.45) [this is 5/7s of the full $395 | | | | |
| Invoice=5706151 | 7/31/2022 | | | | 1 entry] | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/7/2022 | Confer with client re deposition scheduling and | | | ($166.99) [this is 5/7s of the full | | | | |
| Invoice=5706151 | 7/31/2022 | follow up re same including emails to client | | | 0.4 $235.20 entry] | | | | |
| | | with proposed schedule. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/7/2022 | Prepare correspondence to plaintiffs' counsel | | | ($41.75) [this is 5/7s of the full $58.80 | | | | |
| Invoice=5706151 | 7/31/2022 | re deposition scheduling. | | | 0.1 entry] | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/9/2022 | Prepare for and strategize with case team re | | | ($208.74) [this is 5/7s of the full $294 | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | deposition scheduling and logistics, motion to | | | 0.5 entry] | | | | |
| | | dismiss, discovery and meet and confer re same. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/9/2022 | Initial review of plaintiff's' discovery | | | ($125.24) [this is 5/7s of the full | | | | |
| Invoice=5706151 | 7/31/2022 | responses. | | | 0.3 $176.40 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Connie L. Michaels**<br>**Invoice=5706151** | 6/9/2022<br>7/31/2022 | Prepare correspondence to client re deposition scheduling and logistics, responses to defense written discovery, meet and confer correspondence re defense supplemental discovery responses. | | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how many hours billed for each claim. | This is not block billing. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| **Nick McKinney**<br>**Invoice=5706151** | 6/9/2022<br>7/31/2022 | Weekly case status call with litigation team. | | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney Invoice=5706151 | 6/9/2022 7/31/2022 | Commence preparation of overall Plaintiff's deposition outline REDACTED. REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.6 | ($448.72) [this is 5/7s of the full $632 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist Invoice=5706151 | 6/9/2022 7/31/2022 | Strategy regarding meet and confer letter prior to Motion to Dismiss and provide feedback on possible REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5706151 | 6/9/2022 7/31/2022 | Make additional revisions to draft meet and confer letter to opposing counsel regarding potential dispositive motion/motion for judgment on the pleadings to include updated assessment of the Skelley cause of action and add additional arguments relating to Plaintiff's state law claims. | | 1.2 | ($336.54) [this is 5/7s of the full $474 entry] | | | | |
| Connie L. Michaels Invoice=5706151 | 6/10/2022 7/31/2022 | Respond to correspondence from plaintiffs' counsel re deposition scheduling. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 6/12/2022 | Review and revise meet and confer letter to | 0.8 | ($333.987) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | plaintiffs re motion for judgment on the pleadings. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 6/12/2022 | Review correspondence from opposing counsel re | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | changing the depositions to be conduct via Zoom and forward same to client. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 6/13/2022 | Multiple emails and telephone call with | 1 | ($417.48) [this is 5/7s of the full $588 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | opposing counsel re deposition scheduling, location and being in person. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Connie L. Michaels** | **6/13/2022** | **Confer with client re setting of Dr. Maholtra's** | | | **($417.48) [this is 5/7s of the full $588 entry]** | | **Reduced in its entirety by Plaintiffs** | **Object** | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Invoice=5706151** | **7/31/2022** | **deposition, scheduling of plaintiffs'** | | | 1 | 588 | | | |
| | | **depositions, and reasoning for their being in** | | | | | | | |
| | | **person.** | | | | | | | |
| | | | | | | | | | |
| **Nick McKinney** | **6/13/2022** | **Review was of pending vaccine-related matter to** | | | **($112.18) [this is 5/7s of the full $158 entry]** | | **Reduced in its entirety by Plaintiffs** | **Object** | vague; unable to determine how many hours billed for each claim; unable to determine nature of entry. | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Invoice=5706151** | **7/31/2022** | **see effect to Health Freedom case.** | | 0.4 | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 6/13/2022 | Review correspondence from opposing counsel regarding depositions, and regarding meet and confer on supplemental discovery responses. | | | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | | | | | | | | |
| Joy C. Rosenquist | 6/14/2022 | Review pending Senate Bill 1037 regarding compliance with masking during depositions. | | | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary/unreasonable | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Moreover, Plaintiffs' continuously refused to participate in in-person depositions without legal basis. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th |
| Invoice=5706151 | 7/31/2022 | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist Invoice=5706151 | 6/14/2022 7/31/2022 | Review/analyze June 8, 2022 Letter demanding conference of counsel and supplemental responses. | | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5706151 | 6/15/2022 7/31/2022 | Make additional substantive revisions to draft, comprehensive meet and confer letter to opposing counsel regarding the deficiencies in the claims and identifying the legal basis to move for judgment on the pleadings. | | | 1.7 | ($476.77) [this is 5/7s of the full $671.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels Invoice=5706151 | 6/15/2022 7/31/2022 | Prepare correspondence to counsel re case status. | | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 6/16/2022 | Prepare for and attend case status call with | | | ($41.75) [this is 5/7s of the full $58.80 | | | unable to determine how many hours billed for each |
| Invoice=5706151 | 7/31/2022 | team. | | | 0.1 entry] | Reduced in its entirety by Plaintiffs | Object | claim. |
| | | | | | | | | |
| | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 6/17/2022 | Revise notices of three depositions. | | | ($83.50) [this is 5/7s of the full $117.60 | | | unnecessary to extent related to plaintiffs' |
| Invoice=5706151 | 7/31/2022 | | | | 0.2 entry] | Reduced in its entirety by Plaintiffs | Object | depositions |
| | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 6/17/2022 | Exchange correspondence with plaintiffs' | | | ($83.50) [this is 5/7s of the full $117.60 | Reduced in its entirety by Plaintiffs | Object | unnecessary | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | counsel re depositions of plaintiffs. | | | 0.2 entry] | | | | |
| | | | | | | | | | |
| Suzy Richman | 6/17/2022 | Upload related cases to extranet REDACTED. | To protect proprietary | | ($15.98) [this is 5/7s of the full $22.50 | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Invoice=5706151 | 7/31/2022 | | information. | | 0.1 entry] | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 6/17/2022 | Review supplemental discovery responses (RFP | | | ($897.44) [this is 5/7s of the full | | | | |
| Invoice=5706151 | 7/31/2022 | and SROG) in preparation for meet and confer | | | 3.2 $1,264 entry] | | | | |
| | | with Plaintiff's counsel, in addition to review | | | | | | | |
| | | of Letters dated May 6 and June 8 for | | | | | | | |
| | | objections and reasoning (including review of | | | | | | | |
| | | objections to Privilege Log and requirements of | | | | | | | |
| | | FRCP 26(b)(5).). | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist | 6/21/2022 | Review email correspondence to/from client | To protect content of attorney | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions; unable to determine nature of entry | |
| Invoice=5706151 | 7/31/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | depositions. | To protect content of attorney-client communications. | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/21/2022 | Prepare for and engage in meeting with opposing | | 2.6 | ($1085.45) [this is 5/7s of the full $1,528.80 entry] | | | | |
| Invoice=5706151 | 7/31/2022 | counsel in response to June 8 meet and confer | | | | | | | |
| | | letter re defense supplemental responses. | | | | | | | |
| | | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 6/21/2022 | Prepare correspondence to third party witness | To protect content of attorney | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how many hours billed for each claim. | |
| Invoice=5706151 | 7/31/2022 | re REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED. | To protect content of attorney-client communications. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 6/22/2022 | Correspond (separately) with opposing counsel | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | Object | Unnecessary to extent related to Plaintiffs' deposition. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | and client re deposition scheduling. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 6/22/2022 | Revise meet and confer correspondence re 12(c) | | 3.3 | ($1,377.68) [this is 5/7s of the full $1,940.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | motion. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Teresa J. Myers | 6/22/2022 | Analysis of state and federal primary resources | | | 2.5 | ($399.38) [this is 5/7s of the full $562.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice= | 9/22/2022 | re: discovery required by a corporate officer sued in their official capacity. | | | | | | | | |
| Nick McKinney | 6/23/2022 | Weekly litigation team strategy meeting. | | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how many hours billed for each claim | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5706151 | 6/23/2022<br>7/31/2022 | Prepare for and strategize with case team re deposition scheduling and motion to dismiss. | | 0.6 | ($250.49) [this is 5/7s of the full $352.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions; unable to determine how many hours billed for each claim | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Connie L. Michaels<br>Invoice=5706151 | 6/23/2022<br>7/31/2022 | Coordinate information re deposition scheduling. | | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions; unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 6/23/2022 | Correspond with client re REDACTED | To protect content of attorney | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how many hours billed for each claim. | |
| Invoice=5706151 | 7/31/2022 | meet and confer. | work product, attorney mental | | | | | | |
| | | | impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney- | | | | | | |
| | | | client communications. | | | | | | |
| | | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist | 6/23/2022 | Strategy regarding meet and confer, and | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how many hours billed for each claim. | |
| Invoice=5706151 | 7/31/2022 | deposition scheduling. Discovery meet and | | | | | | | |
| | | confer preparation: Coordinate review deadlines | | | | | | | |
| | | and discovery items. | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes activity related to discovery. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 6/24/2022 | Draft updated interrogatory and responses to | | 5.3 | ($2,212.64) [this is 5/7s of the full $3,116.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | |
| Invoice=5706151 | 7/31/2022 | second set of interrogatories. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 6/27/2022 | Email correspondences to fact witnesses re | To protect content of attorney | | ($28.05) [this is 5/7s of the full $39.50 entry] | 0.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; Unable to determine nature of entry; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | REDACTED | work product, attorney mental | | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | | |
| | | | | | | | | | | |
| Susie Keshishyan | 6/27/2022 | Legal review and analysis of plaintiffs Freedom | | | ($112.18) [this is 5/7s of the full $158 entry] | 0.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | Health Defense Fund, CA Educators for Medical | | | | | | | | |
| | | Freedom, Hovhannes Sapoghonian, and Sandra | | | | | | | | |
| | | Garcia's objection and responses to Request for | | | | | | | | |
| | | Production of Documents, Set One in preparation | | | | | | | | |
| | | for drafting meet and confer letter thereto. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5706151 | 6/27/2022<br>7/31/2022 | Commence review of discovery responses in order to determine whether a motion to compel is needed. | | | ($224.36) [this is 5/7s of the full $316 entry] | 0.8 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist<br>Invoice=5706151 | 6/27/2022<br>7/31/2022 | Review of discovery responses of Sotelo, Fuentes, and Brambilla, to determine whether a meet and confer letter is warranted. | | | ($280.45) [this is 5/7s of the full $395 entry] | 1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Joy C. Rosenquist** | 6/28/2022 | Review initial disclosures of Sotelo, Fuentes, | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | and Brambilla, to determine whether their | | | | | | | |
| | | responses to the request for production of | | | | | | | |
| | | documents merits a meet and confer letter. | | | | | | | |
| **Joy C. Rosenquist** | 6/28/2022 | Review Requests for Production of Documents and | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | Determine whether objections have merit | | | | | | | |
| | | regarding work product of grouping responses. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 6/28/2022 | Review case law cited by Plaintiffs regarding | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | attorney work product objections. | | | | | | | | |
| Joy C. Rosenquist | 6/29/2022 | Prepare outline of arguments in support of | To protect content of attorney | | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. . |
| Invoice=5706151 | 7/31/2022 | REDACTED Plaintiffs' discovery responses and | work product, attorney mental | | | | | | | |
| | | REDACTED. | impressions, and/or strategy. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist Invoice=5706151 | 6/29/2022 7/31/2022 | Complete review of discovery issues and draft strategy for response to Plaintiffs' discovery responses and meet with co-counsel to coordinate efforts on strategy REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.2 | ($336.54) [this is 5/7s of the full $474 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist Invoice=5706151 | 6/30/2022 7/31/2022 | Draft lengthy meet and confer letter pertaining to Plaintiffs' discovery responses and objections. | | 2.3 | ($645.04) [this is 5/7s of the full $908.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 6/30/2022 | Review all documents provided in Plaintiffs' | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | dropbox link as part of Initial Disclosures, | | | | | | | | |
| | | labeled "All documents cited and referenced in | | | | | | | | |
| | | plaintiffs complaint". | | | | | | | | |
| Joy C. Rosenquist | 6/30/2022 | Review federal case law cited by Plaintiffs in | | | 1.3 | ($364.59) [this is 5/7s of the full $513.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | their discovery objections and find legal | | | | | | | | |
| | | precedent that overturns or questions said | | | | | | | | |
| | | cases. | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | ($168.27) [this is 5/7s of the full $237 entry] 0.6 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5706151 | 6/30/2022 7/31/2022 | Draft meet and confer letter as to plaintiffs' Health Freedom Defense Fund, CA Educators for Medical Freedom, Hovhannes Saponghian, and Sandra Garcia's deficient responses to Defendants' Request for Production, Set One. | | | | | | | |
| | | | | | | | | | |
| | | | | | ($196.32) [this is 5/7s of the full $276.50 entry] 0.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5706151 | 6/30/2022 7/31/2022 | Analyze case laws cited by plaintiffs Freedom Health Defense Fund, CA Educators for Medical Freedom, Hovhannes Saponghian, and Sandra Garcia's objections to defendants' Request for Production of Documents, Set One, REDACTED REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 6/30/2022 | Email correspondence to LAUSD general counsel | To protect content of attorney | | ($28.05) [this is 5/7s of the full $39.50 entry] 0.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | Narmin Shahin regarding REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | To protect content of attorney- | | | | | | |
| | | REDACTED depositions. | client communications. | | | | | | |
| | | | | | | | | | |
| Susie Keshishyan | 6/30/2022 | Email correspondences to fact witness Dr. | | | ($28.05) [this is 5/7s of the full $39.50 entry] 0.1 | | | | |
| Invoice=5706151 | 7/31/2022 | Staudenmayer regarding plaintiffs' intent to | | | | | | | |
| | | depose witness and her availability. | | | | | | | |
| | | | | | | | | | |
| Nick McKinney | 6/30/2022 | Weekly litigation team strategy meeting. | | | ($56.09) [this is 5/7s of the full $79 entry] 0.2 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how much time billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 6/30/2022 | Review subpoena REDACTED | To protect content of attorney | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | | | | |
| Invoice=5706151 | 7/31/2022 | REDACTED. | work product, attorney mental | | | | | | |
| | | | impressions, and/or strategy. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 6/30/2022 | Determine status of deposition scheduling. | To protect content of attorney-client communications. | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5706151 | 7/31/2022 | | client communications. | | | | | | |
| | | | | | | | | | |
| Carrie A. Stringham | 7/1/2022 | Begin drafting memorandum of points and | | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | authorities in support of motion for judgment | | | | | | | |
| | | on the pleadings. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5723230 | 7/5/2022<br>8/27/2022 | Revise lengthy meet and confer letter re<br>plaintiffs' discovery responses. | | | 2 | ($834.96) [this is 5/7s of the full $1,176 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5723230 | 7/6/2022<br>8/27/2022 | Confer with client re Plaintiffs' change of<br>deposition date, ojbection to discovery responses, and<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy.<br>To protect content of attorney-<br>client communications. | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 7/6/2022 | Correspond with plaintiffs' counsel re his | | ($41.75) [this is 5/7s of the full $58.80 | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | unilateral scheduling of a deposition. | | 0.1 entry] | | | depositions | |
| | | | | | | | | |
| Susie Keshishyan | 7/6/2022 | Continue legal analysis of case law of | To protect content of attorney | ($196.32) [this is 5/7s of the full | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | REDACTED | work product, attorney mental | 0.7 $276.5 entry] | | | nature of entry. | |
| | | in preparation for further analysis | impressions, and/or strategy. | | | | | |
| | | within defendants' meet and confer letter REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | Response to Request to Production, Set One. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan Invoice=5723230 | 7/6/2022 8/27/2022 | Legal analysis of plaintiffs' meet and confer letter to defendant Davalos re her response to production request to identify case law and/or arguments to be used against plaintiffs' within defendants' meet and confer letter re plaintiffs' deficient responses to Request for Production, Set One. | | | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5723230 | 7/6/2022 8/27/2022 | Continue drafting meet and confer letter re plaintiffs' deficient response to defendants' Request for Production, Set One re plaintiffs' failure to abide by Local Rule 34-2. | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Susie Keshishyan** Invoice=5723230 | 7/6/2022 8/27/2022 | Continue drafting meet and confer letter re plaintiffs' deficient response to Request for Production, Set One to include further legal analysis as to case law cited in REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | |
| **Suzy Richman** Invoice=5723230 | 7/6/2022 8/27/2022 | Submit request for trial calendar. | | 0.2 | ($31.95) [this is 5/7s of the full $45 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| **Carrie A. Stringham** Invoice=5723230 | 7/7/2022 8/27/2022 | Review and analysis of arguments and legal authority referenced in lengthy meet and confer correspondence with opposing counsel regarding the deficiencies in the Complaint and our intent to file a motion for judgment on the pleadings and anticipate potential counter arguments REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney | 7/7/2022 | Continue preparation of overall template for | | | ($476.77) [this is 5/7s of the full $671.50 entry] 1.7 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how much time billed for each claim. | |
| Invoice=5723230 | 8/27/2022 | Plaintiffs' deposition outlines. | | | | | | | |
| | | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney | 7/7/2022 | Weekly litigation team status meeting. | | | ($84.14) [this is 5/7s of the full $118.50 entry] 0.3 | Reduced in its entirety by Plaintiffs | Object | unnecessary; unable to determine how much time billed for each claim. | |
| Invoice=5723230 | 8/27/2022 | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist Invoice=5723230 | 7/7/2022 8/27/2022 | Review REDACTED Writ Decision to determine whether holding has an effect on Health Freedom case. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($140.23) [this is 5/7s of the full 0.5 $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Partially unredacted. Review was of a case decision to determine whether its holding had an effect on Health Freedom case.   Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5723230 | 7/8/2022 8/27/2022 | Attend and participate in conference call with opposing counsel in regards to ongoing meet and confer efforts relating to the deficiencies in the Second Amended Complaint and the filing of a motion for judgment on the pleadings and assess counsel's arguments and strategize REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($196.32) [this is 5/7s of the full 0.7 $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of redacted portion of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.   Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 7/8/2022 | Revise objection to deposition unilaterally | | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | set. | | 0.2 entry] | | | | |
| | | | | | | | | |
| Connie L. Michaels | 7/8/2022 | Prepare for and participate in meet and confer | To protect content of attorney | ($751.46) [this is | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how many hours billed for each claim; unable to determine nature of redacted portion of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | conference with plaintiffs' counsel re defense | work product, attorney mental | 5/7s of the full | | | | |
| | | motion for judgment on the pleading, prepare | impressions, and/or strategy. | 1.8 $1,058.40 entry] | | | | |
| | | summary of same for client, correspond with | | | | | | |
| | | client and opposing counsel REDACTED | | | | | | |
| | | REDACTED. | | | | | | |
| | | | | | | | | |
| Suzy Richman | 7/11/2022 | Email C. Michaels Trial Calendar received from | | ($15.98) [this is 5/7s of the full $22.50 | Reduced in its entirety by Plaintiffs | Object | admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Invoice=5723230 | 8/27/2022 | E. Peterson and upload same to NetDocs. | | 0.1 entry] | | | | |
| | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5723230 | 7/11/2022<br>8/27/2022 | Review and assess opposing counsel's argument during meet and confer process regarding pleading standards relating to individuals sued in their official capacities in order to<br>REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($392.63) [this is 5/7s of the full $553 entry]<br>1.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of redacted portion of entry. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham<br>Invoice=5723230 | 7/11/2022<br>8/27/2022 | Begin drafting memorandum of points and authorities in support of motion for judgment on the pleadings as to each of Plaintiff's seven causes of action to include detailed introduction and outline for each section of the motion. | | | ($673.08) [this is 5/7s of the full $948 entry]<br>2.4 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham<br>Invoice=5723230 | 7/12/2022<br>8/27/2022 | Draft Notice of Motion for Judgment on the Pleadings seeking dismissal of all seven causes of action in the Second Amended Complaint. | | | ($112.18) [this is 5/7s of the full $158 entry]<br>0.4 | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan Invoice=5746759 | 7/12/2022 9/30/2022 | Email correspondences with fact witness Dr. Vladimir Manuel regarding his personal preference for in person deposition in preparation for providing said information to opposing counsel for scheduling. | | | ($28.05) [this is 5/7s of the full $39.50 entry] 0.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5746759 | 7/12/2022 9/30/2022 | Email correspondences with client regarding availability of fact witness, Dr. Kristan Staudenmayer's availability for deposition in preparation for providing information to opposing counsel. | | | ($28.05) [this is 5/7s of the full $39.50 entry] 0.1 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5723230 | 7/12/2022<br>8/27/2022 | Review Health Freedom blast email regarding LAUSD matter. | | | ($84.14) [this is 5/7s of the full $118.50 entry]<br>0.3 | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan<br>Invoice=5746759 | 7/13/2022<br>9/30/2022 | Draft amended notice of deposition of plaintiffs Norma Brambila, Jeffrey Fuentes, and Sandra Garcia. | | | ($140.23) [this is 5/7s of the full $197.50 entry]<br>0.5 | Reduced in its entirety by Plaintiffs | Object | unnecessary | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful.If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims made against Defendants.  Moreover, Defendants are entitled to recovery of litigation costs, |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan Invoice=5746759 | 7/13/2022 9/30/2022 | Continue to revise meet and confer letter re plaintiffs' deficient responses to Request for Production of Documents Set One, addressing plaintiffs' inaccurately relied upon case law as to the requests seeking counsel's mental impressions. | | | ($112.18) [this is 5/7s of the full $158 0.4 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5746759 | 7/13/2022 9/30/2022 | Email correspondences (x7) with fact witnesses and client regarding scheduled deposition and plaintiffs' notice of deposition. | | | ($140.23) [this is 5/7s of the full 0.5 $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim;  unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Susie Keshishyan Invoice=5746759 | 7/13/2022 9/30/2022 | Email correspondences (x3) with opposing counsel re plaintiffs' notices of depositions for individual defendant and fact witnesses. | | | ($56.09) [this is 5/7s of the full $79 0.2 entry] | | | | |
| Connie L. Michaels Invoice=5723230 | 7/13/2022 8/27/2022 | Review Plaintiff's meet and confer letter re Davalos' second set of discovery response and | | | ($41.75) [this is 5/7s of the full $58.80 0.1 entry] | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | forward same to client. | | | | | |
| Connie L. Michaels<br>Invoice=5723230 | 7/13/2022<br>8/27/2022 | Further revise meet and confer letter re<br>plaintiffs' discovery responses. | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham<br>Invoice=5723230 | 7/13/2022<br>8/27/2022 | Continue drafting memorandum of points and<br>authorities in support of Motion for Judgment<br>on the Pleadings to include statement of<br>relevant facts and procedural history with<br>citations to specific portions of the record. | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 7/13/2022 | Review and edit meet and confer letter | | | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | regarding Plaintiffs' discovery responses. | | | 0.8 | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 7/13/2022 | Correspondence to Narmin regarding REDACTED | To protect content of attorney- | | ($56.09) [this is 5/7s of the full $79 entry] | | | | |
| Invoice=5723230 | 8/27/2022 | meet and confer letter to Plaintiffs' counsel. | client communications. | | 0.2 | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 7/13/2022 | Read correspondence from Plaintiff's attorney | | | ($28.05) [this is 5/7s of the full $39.50 entry] | | | | |
| Invoice=5723230 | 8/27/2022 | requesting a conference to discuss Davalos | | | 0.1 | | | | |
| | | response to Request for production no.2. | | | | | | | |
| | | | | | | | | | |
| Carrie A. Stringham | 7/14/2022 | Continue drafting memorandum of points and | | | ($532.86) [this is 5/7s of the full $750.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim. | Nature of attorney work is evident and clearly denotes drafting of the MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | authorities in support of Motion for Judgment | | | 1.9 | | | | |
| | | on the Pleadings, including legal analysis | | | | | | | |
| | | section addressing Plaintiffs' due process and | | | | | | | |
| | | equal protection claims. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 7/14/2022 | Continue drafting memorandum of points and | | ($729.17) [this is 5/7s of the full $1,027 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each | Nature of attorney work is evident and clearly denotes drafting of the MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | authorities in support of Motion for Judgment | | 2.6 | | | claim. | |
| | | on the Pleadings, including legal analysis | | | | | | |
| | | section addressing Plaintiff's state-law | | | | | | |
| | | claims. | | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist | 7/14/2022 | Send meet and confer correspondence to | | ($56.09) [this is 5/7s of the full $79 entry] | | | | |
| Invoice=5723230 | 8/27/2022 | Plaintiff's counsel. | | 0.2 | | | | |
| | | | | | | | | |
| Carrie A. Stringham | 7/15/2022 | Continue drafting and finalizing memorandum of | | ($785.26) [this is 5/7s of the full $1,106 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each | Nature of attorney work is evident and clearly denotes drafting of the MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5723230 | 8/27/2022 | Judgment on the Pleadings to include additional | | 2.8 | | | claim. | |
| | | legal analysis and assessment of applicable | | | | | | |
| | | legal authority and ensure accuracy of all | | | | | | |
| | | citations. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 7/15/2022 | Review and analyze plaintiff's correspondence | | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |
| Invoice=5723230 | 8/27/2022 | re dismissing claims from lawsuit. | | 0.2 | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Susie Keshishyan | 7/15/2022 | Revised notices of depositions of plaintiffs | | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary |
| Invoice=5746759 | 9/30/2022 | Sandra Garcia, Norma Brambila, and Jeffery Fuentes. | | | | | | | |
| | | | | | | | | |
| Carrie A. Stringham | 7/18/2022 | Exchange email correspondence with opposing | | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | |
| Invoice=5723230 | 8/27/2022 | counsel regarding recent deposition subpoena to | | | | | | | |
| | | LA County Health Department. | | | | | | | |
| | | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 7/18/2022 | Correspond with client re expert witness | | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim. |
| Invoice=5723230 | 8/27/2022 | disclosures. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5723230 | 7/18/2022<br>8/27/2022 | Multiple meet and confer correspondence with Allen Shoff and Brent Hadaway regarding Plaintiffs' responses to document demands, and scheduling of meeting. | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Joy C. Rosenquist<br>Invoice=5723230 | 7/18/2022<br>8/27/2022 | Preparation for Meet and confer meeting with Plaintiff's counsel. | | | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5723230 | 7/19/2022<br>8/27/2022 | Meet and Confer meeting with Plaintiff's<br>counsel regarding Plaintiffs' responses to<br>document demands. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Susie Keshishyan<br>Invoice=5746759 | 7/19/2022<br>9/30/2022 | Meet and confer call re discovery with plaintiff's counsel. | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Susie Keshishyan<br>Invoice=5746759 | 7/20/2022<br>9/30/2022 | Legal review of local rules re  whether plaintiffs will meet requirement for filing motion for leave to amend as REDACTED<br>REDACTED<br>REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims made against Defendants, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing |
| Susie Keshishyan<br>Invoice=5746759 | 7/21/2022<br>9/30/2022 | Analyze options for trial experts in anticipation for upcoming deadline to exchange experts. | | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following  a ruling on the motion. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 7/21/2022 | Review of opposing counsel's email | | | ($28.05) [this is 5/7s of the full $39.50 0.1 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Invoice=5746759 | 9/30/2022 | correspondence post meet and confer call as to | | | | | |
| | | plaintiffs' deficient responses to Request for | | | | | |
| | | Production of Documents, Set One in preparation | | | | | |
| | | for response thereto. | | | | | |
| Susie Keshishyan | 7/21/2022 | Draft correspondence to opposing counsel in | | | ($84.14) [this is 5/7s of the full $118.50 0.3 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense - should have filed MTD or MJOP earlier in case rather than continuing to incur expenses engaging in discovery. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Invoice=5746759 | 9/30/2022 | response to counsel's meet and confer email | | | | | |
| | | post meet and confer call as to plaintiffs' | | | | | |
| | | deficient responses to Request for Production | | | | | |
| | | of Documents, Set One. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5723230 | 7/21/2022<br>8/27/2022 | Confer with client re expert REDACTED responding to request to compel discovery and REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communications. | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine nature of entry | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A. , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims made against Defendants, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing |
| Connie L. Michaels<br>Invoice=5723230 | 7/21/2022<br>8/27/2022 | Prepare for and strategize with case team re REDACTED REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A. , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims made against Defendants, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants are |
| Joy C. Rosenquist<br>Invoice=5723230 | 7/21/2022<br>8/27/2022 | Receive and review communications from Plaintiff's counsel regarding discovery and strategize on response to counsel. | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 7/21/2022 | Review and analysis of Plaintiffs' proposed | | | ($392.63) [this is 5/7s of the full $553 entry] 1.4 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cobrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants.  Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Invoice=5723230 | 8/27/2022 | Amended Complaint and compare to Second | | | | | | | | |
| | | handling, including assess Plaintiffs' request | | | | | | | | |
| | | to stipulate to the filing of the TAC and the | | | | | | | | |
| | | addition of new parties. | | | | | | | | |
| | | | | | | | | | | |
| Joy C. Rosenquist | 7/21/2022 | Receive and review correspondence from Allen | | | ($56.09) [this is 5/7s of the full $79 entry] 0.2 | | Reduced in its entirety by Plaintiffs | Object | unable to determine how many hours billed for each claim; unnecessary to extent related to defendants' discovery requests | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cobrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants.  Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Invoice=5723230 | 8/27/2022 | Shoff regarding responses to request for | | | | | | | | |
| | | production of documents. | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| Connie L. Michaels | 7/22/2022 | Draft correspondence to opposing counsel re | | | ($208.74) [this is 5/7s of the full $294 entry] 0.5 | | | | | |
| Invoice=5723230 | 8/27/2022 | their request to amend the complaint for a | | | | | | | | |
| | | third time (.3), and motion to compel further | | | | | | | | |
| | | supplemental discovery of Ms. Davalos (.2). | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5723230 | 7/24/2022<br>8/27/2022 | Prepare deposition outline and exhibits for<br>deposition of Jeffrey Fuentes. | | 2.2 | ($616.99) [this is 5/7s of the full $869 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful.If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims made against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, |
| | | | | | | | | | |
| Connie L. Michaels<br>Invoice=5723230 | 7/25/2022<br>8/27/2022 | Review correspondence from client re arguments<br>opposing motion to amend the complaint. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review of client communications related to Plaintiffs' stated intent to amended complaint again. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | | |
| Connie L. Michaels<br>Invoice=5723230 | 7/25/2022<br>8/27/2022 | Prepare for and meet and confer conference with<br>plaintiffs' counsel re plaintiffs' third<br>amended complaint. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5723230 | 7/25/2022<br>8/27/2022 | Review and analysis of Plaintiffs' proposed<br>Third Amended Complaint and assess impact on<br>anticipated Motion for Judgment on the<br>Pleadings and strategize options for further<br>handling both as to the proposed amended<br>pleading and the Motion. | | | 0.9 | ($252.41) [this is 5/7s of the full $355.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review of Plaintiffs' stated intent to amended complaint again. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist<br>Invoice=5723230 | 7/26/2022<br>8/27/2022 | Review rules regarding disclosure of experts. | | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist Invoice=5723230 | 7/26/2022 8/27/2022 | Review extensive deposition outline and determine whether it needs to be edited in light REDACTED. REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense (especially if related to plaintiffs' depos); unable to determine nature of entry; unable to determine how much time billed for each claim | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claim, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |
| Connie L. Michaels Invoice=5723230 | 7/26/2022 8/27/2022 | Brief research re type of expert that is required to produce a report. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels Invoice=5723230 | 7/26/2022 8/27/2022 | Confer re approach for motion to dismiss in view of counsel's failure to formally dismiss claims and expert designation. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 7/27/2022 | Email correspondence to client seeking | | | ($28.05) [this is 5/7s of the full $39.50 | | | | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, |
| Invoice=5746759 | 9/30/2022 | authorization to video record deposition of | | | 0.1 | entry] | Reduced in its entirety by Plaintiffs | object | unnecessary |
| | | plaintiff Norma Brambila, Sandra Garcia, and | | | | | | | |
| | | Jeffrey Fuentes. | | | | | | | |
| | | | | | | | | | |
| Carrie A. Stringham | 7/27/2022 | Review and incorporate revisions by client | | | ($224.36) [this is 5/7s of the full $316 | | | | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. Plaintiffs' never dismissed the state law and ADA claims despite numerous representations |
| Invoice=5723230 | 8/27/2022 | representative to draft Motion for Judgment on | | | 0.8 | entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim. |
| | | the Pleadings. | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 7/27/2022 | Receive and review amended deposition notices. | | | ($84.14) [this is 5/7s of the full $118.50 | | | | |
| Invoice=5723230 | 8/27/2022 | | | | 0.3 | entry] | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Continue review/revision of Deposition Outline for the Plaintiffs in light of possible amended complaint. | | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, |
| Joy C. Rosenquist<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Review CV's of recommended experts REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| Name | Date | Description | Hours | Amount | Plaintiffs' Objection | Object | Reason | Defendants' Response |
|------|------|-------------|-------|--------|----------------------|--------|--------|---------------------|
| Joy C. Rosenquist<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Strategy regarding depositions and written discovery to Plaintiffs. | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | Unnecessary discovery expenses; unable to determine how much time billed for each claim. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, |
| Joy C. Rosenquist<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Obtain Immunology and infectious disease expert recommendations and research possible experts. | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Carrie A. Stringham<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Draft attorney declaration in support of Motion for Judgment on the Pleadings as evidence of required meet and confer efforts. | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | | | | |
| Carrie A. Stringham<br>Invoice=5723230 | 7/28/2022<br>8/27/2022 | Draft proposed Order granting Motion for Judgment on the Pleadings to file concurrently with motion. | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan Invoice=5746759 | 7/28/2022 9/30/2022 | Teleconference with office of REDACTED re REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.1 | ($28.05) [this is 5/7s of the full $39.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Susie Keshishyan Invoice=5746759 | 7/28/2022 9/30/2022 | Commence review of facts alleged in Second Amended Complaint in preparation for drafting Request for Production, Set Two. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. Plaintiffs' never dismissed the state law and ADA claims despite numerous representations |

Final Joint Statement_00150

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Commence drafting Request for Production, Set Two re factual allegations within Second Amended Complaint. | | | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. Plaintiffs never dismissed the state law and ADA claims despite numerous representations |
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Legal strategy as to upcoming expert exchange, discovery meet and confer and further drafting of discovery, and deposition outlines. | | | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim. | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. Plaintiffs never dismissed the state law and ADA claims despite numerous representations |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Email correspondence to Dr. Andrea Kim re REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.1 | ($28.05) [this is 5/7s of the full $39.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Email correspondences to fact witness Dr. Smita Malhotra re her upcoming deposition and preparation meeting. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Entry unredacted. Nature of attorney work is evident and clearly denotes remail correspondences with potential expert. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy |
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Update deposition and deposition preparation scheduling chart re client and fact witnesses. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Preparing for and advising clients and witnesses as to upcoming depositions is not an administrative task. |
| Susie Keshishyan<br>Invoice=5746759 | 7/28/2022<br>9/30/2022 | Email correspondences with client re upcoming depositions and preparation meetings. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 7/28/2022 | Email correspondences to potential experts Drs. | | | ($84.14) [this is 5/7s of the full $118.50 | 0.3 | entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | REDACTED re | | | | | | | | | |
| | | possibly retaining them as experts for trial. | | | | | | | | | |
| Judy M. Iriye | 7/28/2022 | Evaluate potential experts re REDACTED | To protect content of attorney | | ($41.75) [this is 5/7s of the full $58.80 | 0.1 | entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5723230 | 8/27/2022 | REDACTED | work product, attorney mental | | | | | | | | |
| | | REDACTED. | impressions, and/or strategy. | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 7/28/2022 | Prepare for and strategize with litigation team | | | 0.9 | ($375.73) [this is 5/7s of the full $529.20 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expenses; unable to determine how much time billed for each claim | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the |
| Invoice=5723230 | 8/27/2022 | re experts, depositions, discovery and motion to dismiss. | | | | | | | | |
| Connie L. Michaels | 7/28/2022 | Correspond with opposing counsel re agreement | | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following  a ruling on the motion. |
| Invoice=5723230 | 8/27/2022 | to extend expert disclosure date by 1 month. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 7/28/2022 | Correspond with client re expert witness | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5723230 | 8/27/2022 | disclosures. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 7/29/2022 | Consider qualifications of additional experts | | ($166.99) [this is 5/7s of the full $235.20 entry] 0.4 | Reduced in its entirety by Plaintiffs | | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5723230 | 8/27/2022 | and documents to provide to selected experts to | | | | | | |
| | | review. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 7/29/2022 | Revise declaration supporting 12(c) motion and | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim |
| Invoice=5723230 | 8/27/2022 | stipulation to continue expert designation | | | | | | |
| | | date. | | | | | | |
| | | | | | | | | |
| | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Susie Keshishyan | 7/29/2022 | Draft proposed Joint Stipulation to Modify | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | | | |
| Invoice=5746759 | 9/30/2022 | Scheduling Order re Expert Exchange Dates. | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Susie Keshishyan** Invoice=5746759 | 7/29/2022 9/30/2022 | Review and legal analysis of documents provided by client, including REDACTED REDACTED REDACTED for expert review. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. Redaction have been made to protect attorney work product, |
| **Carrie A. Stringham** Invoice=5723230 | 7/29/2022 8/27/2022 | Conduct final quality review of all moving and supporting papers and finalize documents for filing. | | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | | | | |
| **Joy C. Rosenquist** Invoice= | 8/1/2022 9/30/2022 | Determine whether proposed order is needed with stipulation and review proposed stipulation. | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | | | | |
| **Susie Keshishyan** Invoice=5746759 | 8/1/2022 9/30/2022 | Commence draft of deposition outline re plaintiff Sandra Garcia. | | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Susie Keshishyan | 8/1/2022 | Comprehensive review and legal analysis of | | | ($168.27) [this is 5/7s of the full $237 entry] 0.6 | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |
| Invoice=5746759 | 9/30/2022 | factual allegations alleged by plaintiff Sandra | | | | | | | |
| | | Garcia in preparation for drafting deposition | | | | | | | |
| | | outline. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Susie Keshishyan | 8/1/2022 | Revise Joint Stipulation to Modify Scheduling | | | ($56.09) [this is 5/7s of the full $79 entry] 0.2 | | | | |
| Invoice=5746759 | 9/30/2022 | Order pursuant to opposing counsel's request to | | | | | | | |
| | | extend discovery deadline along with expert | | | | | | | |
| | | change deadlines. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/2/2022 | Draft correspondence to client re plaintiffs' | | | ($83.50) [this is 5/7s of the full $117.60 entry] 0.2 | | | | |
| Invoice=5746759 | 9/30/2022 | document requests and deposition scheduling. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/2/2022 | Review letter from opposing counsel re | | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | object | unnecessary to extent related to plaintiffs' depositions or defendants' discovery requests | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |
| Invoice=5746759 | 9/30/2022 | deposition scheduling and supplemental document | | | | | | | |
| | | production. | | | | | | | |
| | | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/2/2022 | Prepare correspondence to Ms. Davalos re | | ($41.75) [this is 5/7s of the full $58.80 | | | |
| Invoice=5746759 | 9/30/2022 | scheduling her deposition. | | 0.1 entry] | | | |
| Joy C. Rosenquist | 8/2/2022 | Correspondences to/from Plaintiff's counsel | | ($140.23) [this is 5/7s of the full | | | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |
| Invoice=5746759 | 9/30/2022 | regarding depositions and review schedule of | | 0.5 $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary to extent related to plaintiffs' depositions |
| | | depositions and preparation. | | | | | |
| Joy C. Rosenquist | 8/3/2022 | Handle issues pertaining to deposition | | ($140.23) [this is 5/7s of the full | | | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's |
| Invoice=5746759 | 9/30/2022 | scheduling and review correspondence regarding | | 0.5 $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary to extent related to plaintiffs' depositions |
| | | same from Davilier law offices. | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/3/2022 | Prepare for, call with client re case status and | To protect content of attorney | 0.6 | ($250.49) [this is 5/7s of the full $352.80 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine how much time billed for each claim. | Nature of attorney work is evident and clearly denotes client communication re case status. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | REDACTED. | work product, attorney mental | | | | | | |
| | | REDACTED. | impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney-client communications. | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/3/2022 | Prepare correspondence to plaintiffs' counsel | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful.  Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th |
| Invoice=5746759 | 9/30/2022 | re depositions of plaintiffs, of LAUSD | | | | | | | |
| | | witnesses and Davalos document production. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Correspondence with opposing counsel re deposition scheduling. | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th |
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Correspond with client re deposition scheduling. | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th |
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Update client request postponement of 30(b)6 deposition. | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Update case team re postpone the of 30(b)(6) deposition. | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Strategizing between defense counsel on status of case and plan of action is not administrative task. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Confer with counsel for LA County department of<br>public health re REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | | ($208.74) [this is<br>5/7s of the full $294<br>entry]<br>0.5 | Reduced in its entirety by Plaintiffs | Object | unable to determine how<br>much time billed for each<br>claim; unable to determine<br>nature of entry. | Attorney activity was<br>conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.* , 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |
| Connie L. Michaels<br>Invoice=5746759 | 8/4/2022<br>9/30/2022 | Prepare for and conduct status/strategy meeting<br>with case team including re REDACTED<br>REDACTED. | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | | ($125.42) [this is<br>5/7s of the full<br>$176.40 entry]<br>0.3 | Reduced in its entirety by Plaintiffs | object | unable to determine how<br>much time billed for each<br>claim; unable to determine<br>nature of entry. | A brief case team meeting<br>was held for all defense<br>counsel weekly to confer<br>and strategize regarding the<br>case and its developments.<br>Nature of attorney work is<br>evident and clearly denotes<br>review and analysis of email<br>correspondences related to<br>this matter. Attorney<br>activity was conducted in<br>light of all allegations within<br>Plaintiffs' Complaint.<br>However, if a prevailing<br>party ultimately wins on a<br>particular claim, it is<br>entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.* , 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Susie Keshishyan Invoice=5746759 | 8/4/2022 9/30/2022 | Email correspondence with expert Art Reingold providing necessary memorandums, pleadings, and agreements in anticipation for his expert report. | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Susie Keshishyan Invoice=5746759 | 8/4/2022 9/30/2022 | Email correspondences to thirteen potential experts inquiring as to availability to provide expertise/report during trial re immunology. | | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | ($84.14) [this is 5/7s of the full $118.50 entry] | | | | unable to determine how much time billed for each | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of attorney work is evident and clear. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cobrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
|---|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 8/4/2022 | Weekly litigation team conference call to | 0.3 | | Reduced in its entirety by Plaintiffs | Object | | claim | |
| Invoice=5746759 | 9/30/2022 | discuss case strategy and analysis. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 8/5/2022 | Review meet and confer letter from Plaintiff's | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | | | |
| Invoice=5746759 | 9/30/2022 | counsel regarding Davalos response to document demand. | | | | | | | |
| | | | | | | | | | |
| | | | | | | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 8/8/2022 | Prepare for and call with expert epidemiologist | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | Object | | | |
| Invoice=5746759 | 9/30/2022 | re assignment. | | | | | | | |
| | | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5746759 | 8/8/2022<br>9/30/2022 | Initiate legal research re experts used in<br>other litigation involving plaintiffs' counsel. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5746759 | 8/8/2022<br>9/30/2022 | Prepare correspondence to client re gathering information requested by expert. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5746759 | 8/8/2022<br>9/30/2022 | Correspond with client re accepting service of Rule 45 subpoena. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Entry unredacted. Nature of attorney work is evident and clearly denotes client communication. Redaction have been made to protect attorney-client communications, attorney work product, mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991).Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 8/9/2022 | Correspond with client re preparing witness for | To protect content of attorney | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry; unable to determine how much time billed for each claim | |
| Invoice=5746759 | 9/30/2022 | deposition. | work product, attorney mental | | | | | | |
| | | | impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney-client communications. | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/9/2022 | Correspond with plaintiffs' counsel re Rule 45 | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | subpoena to LAUSD. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry.  Nature of the attorney work is evident, and necessary given the claims brought against Defendants. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. Plaintiffs never dismissed the state law and ADA claims despite numerous representations |
| Connie L. Michaels | 8/9/2022 | Review case file with particular attention to | | 3.1 | ($1,294.19) [this is 5/7s of the full $1,822.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery generally, and fees associated with experts contradict argument that claims are frivolous or without merit and are irrelevant to Plaintiffs' state law/ADA claims; unreasonable block billing; unable to determine how much time billed for each claim | |
| Invoice=5746759 | 9/30/2022 | responding to document demands, producing | | | | | | | |
| | | additional documents, addressing plaintiffs' | | | | | | | |
| | | request for a continuance of hearing on defense | | | | | | | |
| | | motion to dismiss, subpoena to LAUSD, | | | | | | | |
| | | supplementing witness list in initial | | | | | | | |
| | | disclosures, providing data to and selection of | | | | | | | |
| | | experts. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman | 8/9/2022 | Review Relativity for all productions and add | | 1.1 | ($175.73) [this is 5/7s of the full $247.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Invoice=5746759 | 9/30/2022 | Production 003 to NetDocs, create folder in | | | | | | |
| | | Netdocs for Defendant productions, review | | | | | | |
| | | extranet for additional personnel files, | | | | | | |
| | | download personnel file for Howswepian - | | | | | | |
| | | Rodriguez and stage on R:drive for upload to | | | | | | |
| | | Relativity. | | | | | | |
| Christopher P. Wyatt | 8/9/2022 | Review, analyze electronic evidence and prepare | | 0.3 | ($47.93) [this is 5/7s of the full $67.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Invoice=5746759 | 9/30/2022 | specifications for processing and loading into | | | | | | |
| | | Relativity consisting of quality assurance | | | | | | |
| | | measures to ensure specifications align with | | | | | | |
| | | case team objectives associated with requested | | | | | | |
| | | form of production, i.e. ensuring metadata is | | | | | | |
| | | unaltered, the appropriate custodian is | | | | | | |
| | | attached, and that the proper level of | | | | | | |
| | | deduplication is applied. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 8/9/2022 | Review correspondences to/from client at | To protect content of attorney | | ($84.14) [this is 5/7s of the full $118.50 | | | | Nature of attorney work is evident and clearly denotes client communications re subpoenas (served by Plaintiffs). Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | regarding subpoena REDACTED | work product, attorney mental | | 0.3 | entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry |
| | | REDACTED. | impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney- | | | | | | |
| | | | client communications. | | | | | | |
| Suzy Richman | 8/10/2022 | Review Personnel file of M. | | | ($79.88) [this is 5/7s of the full $112.50 | | | | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Invoice=5746759 | 9/30/2022 | Howswepian-Rodriguez upload to Relativity and | | | 0.5 | entry] | Reduced in its entirety by Plaintiffs | object | admin task |
| | | mark Responsive for production and redact | | | | | | | |
| | | personally identifiable information. | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Teresa J. Myers | 8/10/2022 | Analysis of federal primary resources re: | | | 0.7 | ($111.83) [this is 5/7s of the full $157.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | background information on opposing counsel's | | | | | | | | |
| | | COVID vaccination experts. | | | | | | | | |
| Carrie A. Stringham | 8/11/2022 | Review and analysis of all available federal | | | 2.4 | ($673.08) [this is 5/7s of the full $948 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim. | Nature of attorney work is evident and clearly denotes legal analysis in preparation for drafting Defendants' Reply Brief. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | court cases addressing vaccine mandates in | | | | | | | | |
| | | order to assess potential application to case | | | | | | | | |
| | | and prepare to draft Reply Brief in support of | | | | | | | | |
| | | Motion for Judgment on the Pleadings. | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Suzy Richman** Invoice=5746759 | 8/11/2022 9/30/2022 | Stage various documents on R:Drive for upload to Relativity. | | | 0.4 | ($63.90) [this is 5/7s of the full $90 entry] | Reduced in its entirety by Plaintiffs | Object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| **Ajay A. Patel** Invoice=5746759 | 8/11/2022 9/30/2022 | Review and analyze electronic evidence and prepare specifications for processing and loading into Relativity for substantive case team review. | | | 0.4 0.4 | ($63.90) [this is 5/7s of the full $90 entry] 90 | Reduced in its entirety by Plaintiffs | Object | admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| **Connie L. Michaels** Invoice=5746759 | 8/11/2022 9/30/2022 | Prepare for and strategize with case team re several meet and confer letters from Plaintiffs' counsel, REDACTED, REDACTED, REDACTED, REDACTED, REDACTED, REDACTED REDACTED, REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | 0.6 | ($250.49) [this is 5/7s of the full $352.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes strategy re Plaintiffs' meet and confer letters. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

Final Joint Statement_00170

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/11/2022 | Review case file re and draft agenda for and | To protect content of attorney | ($1836.91) [this is 5/7s of the full 4.4 $2,587.20 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes strategy for client communication re case status. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | discussion with client re REDACTED | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | To protect content of attorney- | | | | | |
| | | REDACTED | client communications. | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED | | | | | | |
| | | REDACTED. | | | | | | |
| Joy C. Rosenquist | 8/11/2022 | Strategy conference regarding discovery issues. | | ($140.23) [this is 5/7s of the full 0.5 $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unnecessary discovery expense | Nature of attorney work is evident and clearly denotes strategy re discovery issues. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5746759 | 8/11/2022<br>9/30/2022 | Commence research of Rule 45 Subpoenas and Motions to Quash for third party recipients of subpoenas. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Plaintiffs served numerous subpoenas on Defendants. Nature of the attorney work is evident, and necessary given the extensive number of subpoenas served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |
| Joy C. Rosenquist<br>Invoice=5746759 | 8/12/2022<br>9/30/2022 | Continue research of Rule 45 Subpoenas and Motions to Quash for third party recipients of subpoenas. | | 1 | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Plaintiffs served numerous subpoenas on Defendants. Nature of the attorney work is evident, and necessary given the extensive number of subpoenas served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. . Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 8/12/2022 | Receive and review email correspondences from | To protect content of attorney | | ($280.45) [this is 5/7s of the full $395 entry] | 1 | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim; unable to determine nature of entry. | Plaintiffs served numerous subpoenas on Defendants. Nature of the attorney work is evident, and necessary given the extensive number of subpoenas served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |
| Invoice=5746759 | 9/30/2022 | client and opposing counsel regarding response to | work product, attorney mental | | 395 | 1 | | | | |
| | | production of documents, subpoenas, REDACTED | impressions, and/or strategy. | | | | | | | |
| | | REDACTED | To protect content of attorney- | | | | | | | |
| | | REDACTED. | client communications. | | | | | | | |
| Connie L. Michaels | 8/12/2022 | Correspond with client re REDACTED | To protect content of attorney | | ($41.7S) [this is 5/7s of the full $58.80 entry] | 0.1 | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim; unable to determine nature of entry. | Plaintiffs served numerous subpoenas on Defendants. Nature of the attorney work is evident, and necessary given the extensive number of subpoenas served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |
| Invoice=5746759 | 9/30/2022 | document review. | work product, attorney mental | | | | | | | |
| | | | impressions, and/or strategy. | | | | | | | |
| | | | To protect content of attorney- | | | | | | | |
| | | | client communications. | | | | | | | |
| Connie L. Michaels | 8/12/2022 | Draft correspondence to opposing counsel | | | ($83.50) [this is 5/7s of the full $117.60 entry] | 0.2 | | | | |
| Invoice=5746759 | 9/30/2022 | responding to meet and confer correspondence re | | | | | | | | |
| | | Davalos document production. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5746759 | 8/12/2022<br>9/30/2022 | Revise responses to second set of document requests. | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Plaintiffs served discovery on Defendants. Nature of the attorney work is evident, and necessary given the numerous sets of discovery served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/12/2022<br>9/30/2022 | Draft correspondence responding to plaintiffs' counsel's request to continue the hearing date on defendants' motion to dismiss. | | 1 | ($417.48) [this is 5/7s of the full $588 entry] | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/12/2022<br>9/30/2022 | Prepare, review and oversee defense supplemental document production. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Plaintiffs served discovery on Defendants. Nature of the attorney work is evident, and necessary given the numerous sets of discovery served by Plaintiffs. Plaintiffs never dismissed the state law and ADA claims despite numerous representations that these claims would be dismissed. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman Invoice=5746759 | 8/12/2022 9/30/2022 | Review documents that have been loaded to Relativity, mark same for REDACTED, emails with C. Michaels re production, emails with Lit support reproduction, coordinate production, production, prepare POS and upload to Biscom to send to Opposing Counsel. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($175.73) [this is 5/7s of the full 1.1 $247.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Ajay A. Patel Invoice=5746759 | 8/12/2022 9/30/2022 | Prepare export of production set of evidence (3 documents/LAUSD_HFDF 000849 to LAUSD_HFDF 000982) to be produced to opposing counsel. | | ($95.85) [this is 5/7s of the full $135 0.6 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Connie L. Michaels Invoice=5746759 | 8/13/2022 9/30/2022 | Draft factual summary for expert REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($333.98) [this is 5/7s of the full 0.8 $470.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

Final Joint Statement_00175

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| | | | | | | | | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each | |
| Connie L. Michaels | 8/14/2022 | Call with Dr. Reingold re report. | | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | Object | claim | |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/14/2022 | Update client on deposition schedule. | | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | | | | |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes client correspondence related to this matter. Redactions have been made to protect attorney-client communications, attorney work product, mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | | | | | | unable to determine how much time billed for each claim; unable to determine | |
| Connie L. Michaels | 8/15/2022 | Correspond with client re REDACTED | To protect content of attorney | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | Object | nature of entry. | |
| Invoice=5746759 | 9/30/2022 | decisions made REDACTED. | work product, attorney mental | | | | | | |
| | | | impressions, and/or strategy. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes client correspondence related to this matter. Redactions have been made to protect attorney-client communications, attorney work product, mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 8/15/2022 | Correspond with client re REDACTED | To protect content of attorney | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry. | |
| Invoice=5746759 | 9/30/2022 | REDACTED related emails. | work product, attorney mental | | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney-client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes review Defendant Davalos' emails in preparation for production in response to Plaintiffs' discovery requests. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 8/15/2022 | Commence review Ms. Davalos' REDACTED | To protect content of attorney | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine nature of entry. | |
| Invoice=5746759 | 9/30/2022 | related emails and REDACTED | work product, attorney mental | | | | | |
| | | for production. | impressions, and/or strategy. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/15/2022 | Review research re timing and format of motion | | | ($83.50) [this is 5/7s of the full $117.60 0.2 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to discovery re several subpoenas served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| Invoice=5746759 | 9/30/2022 | to quash. | | | | | | |
| Connie L. Michaels | 8/15/2022 | Draft supplemental responses to interrogatory | | | ($1,711.69) [this is 5/7s of the full 4.1 $2,410.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary/excessive discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to discovery re several subpoenas served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| Invoice=5746759 | 9/30/2022 | and document requests, and forward same to | | | | | | |
| | | client for review. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/15/2022 | Draft three amended deposition notices. | | | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary to extent related to plaintiffs' depositions | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th |
| Invoice=5746759 | 9/30/2022 | | | | | | | |
| Ajay A. Patel | 8/15/2022 | Review and analyze electronic evidence and | | | ($79.88) [this is 5/7s of the full $112.50 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; administrative tasks | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Moreover, this is not block billing. This task was done in anticpation of supplemental production of documents in response to discovery and subpoenas propounded by Plaintiffs. |
| Invoice=5746759 | 9/30/2022 | prepare specifications for processing and | | | | | | |
| | | loading into Relativity for substantive case | | | | | | |
| | | team review. | | | | | | |
| | | | | | | | | |
| Suzy Richman | 8/15/2022 | Review email from opposing counsel  to C. | | | ($31.95) [this is 5/7s of the full $45 entry] | | | |
| Invoice=5746759 | 9/30/2022 | Michaels re recent production, review documents | | | | | | |
| | | produced and email C. Michaels re the documents | | | | | | |
| | | we intended to produce were produced. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Suzy Richman<br>Invoice=5746759 | 8/15/2022<br>9/30/2022 | Stage R:Drive with documents recently for upload to Relativity. | | 0.5 | ($79.88) [this is 5/7s of the full $112.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Joy C. Rosenquist<br>Invoice=5746759 | 8/15/2022<br>9/30/2022 | Complete research into motion to quash deadline and prepare summary of research on Rule 45 subpoenas and strategy for handling. | | 3 | ($841.35) [this is 5/7s of the full $1,185 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist<br>Invoice=5746759 | 8/15/2022<br>9/30/2022 | Multiple correspondences to/from client REDACTED production. | To protect content of attorney work product, attorney mental | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine number of hours billed for each claim. | Nature of attorney work is evident and clearly denotes client correspondences related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | impressions, and/or strategy. | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | To protect content of attorney-client communications. | | | | | |
| Carrie A. Stringham | 8/15/2022 | Review and assess relevant file materials, | | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; unnecessary discovery expense | Nature of attorney work is evident and clearly denotes client correspondences related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction of total attorneys' fees. |
| Invoice=5746759 | 9/30/2022 | including Plaintiffs' Second Amended Complaint, | | 1.8 | | | | |
| | | proposed Third Amended Complaint, discovery | | | | | | |
| | | responses, and factors analyzed by court's in | | | | | | |
| | | recent vaccine mandate cases in order to | | | | | | |
| | | prepare carefully tailored written discovery to | | | | | | |
| | | Plaintiffs. | | | | | | |
| Al LeBrun | 8/15/2022 | Begin review of board meeting agenda items REDACTED | To protect content of attorney | ($766.80) [this is 5/7s of the full $1,080 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes client correspondences related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | 4.8 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Al LeBrun<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Draft correspondence re shared repository for responsive board meeting agendas with references to Covid, vaccine and mandate. | | | 0.3 | ($47.93) [this is 5/7s of the full $67.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim | Nature of attorney work is evident and clearly denotes correspondences related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction of total attorneys' fees. |
| Al LeBrun<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Conference with Mr. Rousseau re completion of initial review of board meeting agendas for references to Covid, vaccine and mandate. | | | 0.4 | ($63.90) [this is 5/7s of the full $90 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Al LeBrun | 8/16/2022 | Continue review of board meeting agenda items | | ($575.10) [this is 5/7s of the full $810 entry] 3.6 | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | for references to Covid, vaccine and mandate and download responsive items. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist | 8/16/2022 | Upload discovery documents to NetDocs for use | | ($168.27) [this is 5/7s of the full $237 entry] 0.6 | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Nature of attorney work is evident and is clearly related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | in responses to subpoena and document demands. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 8/16/2022 | Draft comprehensive and targeted Special | | ($308.50) [this is 5/7s of the full | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | 1.1 | $434.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; unnecessary discovery expense | |
| Invoice=5746759 | 9/30/2022 | Interrogatories, Set One, on behalf of | | | | | | |
| | | Plaintiff Carvalho to Defendant Health Freedom | | | | | | |
| | | Defense Fund, Inc. addressing Plaintiffs' | | | | | | |
| | | specific factual allegations and seeking | | | | | | |
| | | specific information relating to this entity | | | | | | |
| | | Plaintiff. | | | | | | |
| Carrie A. Stringham | 8/16/2022 | Draft comprehensive and targeted Special | | ($252.41) [this is 5/7s of the full | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| | | | 0.9 | $355.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; unnecessary discovery expense | |
| Invoice=5746759 | 9/30/2022 | Interrogatories, Set One, on behalf of | | | | | | |
| | | Plaintiff Davalos to Defendant Health Freedom | | | | | | |
| | | Defense Fund, Inc. addressing Plaintiffs' | | | | | | |
| | | specific factual allegations and seeking | | | | | | |
| | | details relating to the specific factual | | | | | | |
| | | allegations against the individual defendants. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Draft comprehensive and targeted Special<br>Interrogatories, Set One, on behalf of<br>Plaintiff Carvalho to Defendant California<br>Educators for Medical Freedom. addressing<br>Plaintiffs' specific factual allegations and<br>seeking specific information relating to this<br>entity Plaintiff. | | | ($336.54) [this is<br>5/7s of the full $474<br>1.2 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine<br>number of hours billed for<br>each claim; unnecessary<br>discovery expense | Nature of attorney work is<br>evident and clearly denotes<br>document review related to<br>discovery served by<br>Plaintiffs. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |
| Carrie A. Stringham<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Draft Special Interrogatories, Set One, on<br>behalf of Defendant Carvalho, directed at each<br>of the individual Plaintiffs seeking specific<br>information relating to the facts, witnesses,<br>and documents supporting the allegations in the<br>complaint. | | | ($616.99) [this is<br>5/7s of the full $869<br>2.2 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine<br>number of hours billed for<br>each claim; unnecessary<br>discovery expense | Nature of attorney work is<br>evident and clearly denotes<br>document review related to<br>discovery served by<br>Plaintiffs. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Commence determination of whether all subpoenas served on LAUSD employees are subject to a motion to quash. | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; unnecessary discovery expense | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Suzy Richman<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Redact personally identifiable information from emails to AskHR in Relativity and mark Responsive. | | 0.7 ($111.83) [this is 5/7s of the full $157.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Ajay A. Patel<br>Invoice=5746759 | 8/16/2022<br>9/30/2022 | Prepare export of production set of evidence (19 documents/LAUSD_HFDF 000983 to LAUSD_HFDF 001035) to be produced to opposing counsel. | | 0.7 ($111.83) [this is 5/7s of the full $157.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Rousseau | 8/16/2022 | Review public meeting agendas for Covid related | | ($1,006.43) [this is 5/7s of the full $1,417.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine number of hours billed for each claim; excessive block billing. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | topics. | | 6.3 | | | | |
| Susie Keshishyan | 8/16/2022 | Continue drafting deposition outline in | | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | preparation for Plaintiff Sandra Garcia's | | 0.8 | | | | |
| | | deposition. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/16/2022 | Revise deposition outline for Plaintiffs. | | 4.1 | ($1,711.69) [this is 5/7s of the full $2,410.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/16/2022 | Review and approve for production of Davalos | | 0.6 | ($250.49) [this is 5/7s of the full $352.80 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | emails. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/16/2022 | Draft privilege log to accompany production re | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | reactions for privacy reasons. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/16/2022 | Strategize re basis and timing for motion to | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | quash. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Suzy Richman | 8/17/2022 | Review redacted documents and fill in Privilege | | | ($175.73) [this is 5/7s of the full 1.1 $247.50 entry] | Reduced in its entirety by Plaintiffs | object | admin tasks | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Invoice=5746759 | 9/30/2022 | Log with Bates numbers of redacted documents, coordinate production and prepare POS, and upload documents to Biscom to send to OPC. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/17/2022 | Continue to prepare for plaintiffs' depositions | | | ($2,588.38) [this is 5/7s of the full 6.2 $3,645.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unreasonable/excessive block billing | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | and responding to Rule 45 subpoenas including review of defense document productions, plaintiffs' document productions and unproduced documents provided by client, and revise deposition outline. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/17/2022 | Correspond with client re REDACTED | To protect content of attorney | | ($41.75) [this is 5/7s of the full 0.1 $58.80 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | to produce supplemental discovery on behalf of Board. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney-client communications. | | | | | | |
| Connie L. Michaels | 8/17/2022 | Correspond with plaintiffs' counsel responding | | | ($41.75) [this is 5/7s of the full 0.1 $58.80 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | to two meet and confer letters re further document production. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/17/2022 | Confer with expert witness. | | ($83.50) [this is 5/7s of the full $117.60 0.2 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | | | | | | | |
| Connie L. Michaels | 8/17/2022 | Strategize re timing and basis for motion to | | ($83.50) [this is 5/7s of the full $117.60 0.2 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | quash. | | | | | | |
| Connie L. Michaels | 8/17/2022 | Correspond with plaintiffs' counsel re change | | ($41.75) [this is 5/7s of the full $58.80 0.1 entry] | | | | |
| Invoice=5746759 | 9/30/2022 | in deposition order. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5746759 | 8/17/2022<br>9/30/2022 | Review and analysis of additional records relating to Jeffrey Fuentes in preparation for deposition. | | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Ajay A. Patel<br>Invoice=5746759 | 8/17/2022<br>9/30/2022 | Review and analyze electronic evidence and prepare specifications for processing and loading into Relativity for substantive case team review. | | 0.5 | ($79.88) [this is 5/7s of the full $112.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |

| | | | | | | |
|---|---|---|---|---|---|---|
| Robert Rousseau<br>Invoice=5746759 | 8/17/2022<br>9/30/2022 | Continue to process and prepare public meeting agendas for production and produce same. | | 4.5 | ($718.88) [this is 5/7s of the full $1,012.50 entry] | Reduced in its entirety by Plaintiffs | object | excessive; unable to determine number of hours billed for each claim. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham<br>Invoice=5746759 | 8/17/2022<br>9/30/2022 | Draft comprehensive Requests for Production of Documents, Set One, by defendant Carvahlo to Plaintiff Health Freedom Defense Fund, Inc. seeking production of all documents referenced in the Complaint as well as all documents supporting or evidencing each of the Complaint's extensive factual allegations. | | 2.6 | ($729.17) [this is 5/7s of the full $1,027 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine number of hours billed for each claim. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham Invoice=5746759 | 8/17/2022 9/30/2022 | Draft comprehensive Requests for Production of Documents, Set One, by Defendant Carvalho to each of the individual Defendants addressing their specific claims, employment status, and contentions relating to the mandate. | | | ($616.99) [this is 5/7s of the full $869 2.2 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine number of hours billed for each claim. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist Invoice=5746759 | 8/17/2022 9/30/2022 | Analysis of Subpoena sent to LAUSD August 5, 2022 to determine grounds for Motion to Quash, REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($841.35) [this is 5/7s of the full 3 $1,185 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 8/17/2022 | Preparation of objections to Rule 45 subpoena | | | ($1,121.80) [this is 5/7s of the full $1,580 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine number of hours billed for each claim. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | for custodian of records for LAUSD, for all 24 categories of documents. | | 4 | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist | 8/18/2022 | Correspondence to/from client and Francisco | To protect content of attorney | | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine number of hours billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes client communications related to the case. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | regarding motion REDACTED and objections | work product, attorney mental | 0.4 | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | | To protect content of attorney- | | | | | | |
| | | | client communications. | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 8/18/2022 | Review draft requests for production of | | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine number of hours billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | documents to Plaintiffs and provide edits. | | 0.4 | | | | |
| Joy C. Rosenquist | 8/18/2022 | Continue preparation of objections to Rule 45 | | ($981.58) [this is 5/7s of the full $1,382.50 entry] | Reduced in its entirety by Plaintiffs | Object | excessive (already billed 4.0 hours above) - these objections to Plaintiffs' recollection were nearly all copied and pasted. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | subpoena for custodian of records for LAUSD, | | 3.5 | | | | |
| | | for all 24 categories of documents. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Joy C. Rosenquist**<br>Invoice=5746759 | 8/18/2022<br>9/30/2022 | Commence preparation of Objections to Rule 45<br>subpoena for Kristen Murphy. | | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each entry. | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Carrie A. Stringham**<br>Invoice=5746759 | 8/18/2022<br>9/30/2022 | Review and revise draft master deposition<br>outline for use in the depositions of<br>Plaintiffs to include additional questions<br>targeted directly at Plaintiffs' substantive<br>due process and equal protection claims as well<br>as additional questions relating to Plaintiffs'<br>other five causes of action. | | | ($532.86) [this is 5/7s of the full 1.9 [$750.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each entry. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham | 8/18/2022 | Continue drafting and revising comprehensive | | | ($673.08) [this is 5/7s of the full $948 | | | | unnecessary discovery expense; unable to determine how much time billed for each claim. |
| Invoice=5746759 | 9/30/2022 | Special Interrogatories, Set One, to Plaintiffs | | | 2.4 entry] | Reduced in its entirety by Plaintiffs | | object | |
| | | to ensure all key factual allegations are | | | | | | | |
| | | addressed across each of the 8 sets of | | | | | | | |
| | | interrogatories. | | | | | | | |
| | | | | | | | | | This entry involved a review of documents related to another lawsuit alleging similar claims as in the Heath Freedom case. Nature of attorney work is evident and clearly denotes review and analysis of Court's order re Defendants' MJOP and a review of documents related to another lawsuit alleging similar claims as in the Health Freedom case. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. |
| Carrie A. Stringham | 8/18/2022 | Review and analysis of recent Order by the | To protect content of attorney | | ($504.81) [this is 5/7s of the full $711 | | | unable to determine how much time billed for each claim; unable to determine | |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | | 1.8 entry] | Reduced in its entirety by Plaintiffs | | object | nature of entry. |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | motion to dismiss a lawsuit challenging the | | | | | | | |
| | | vaccine mandate, and related briefing, | | | | | | | |
| | | in REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ($878.63) [this is 5/7s of the full | | | | excessive and vague; unable to determine how much time billed for each | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Rousseau | 8/18/2022 | Review database of previous document | | 5.5 | $1,237.50 entry] | Reduced in its entirety by Plaintiffs | Object | claim | |
| Invoice=5746759 | 9/30/2022 | productions to compare to documents for | | | | | | | |
| | | possible production. | | | | | | | |
| | | | | ($239.63) [this is 5/7s of the full | | | | unnecessary discovery expense; unable to determine how much time | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Teresa J. Myers | 8/18/2022 | Analysis of federal primary resources re: | | 1.5 | $337.50 entry] | Reduced in its entirety by Plaintiffs | Object | billed for each claim | |
| Invoice=5746759 | 9/30/2022 | motions to quash subpoenas issued on third | | | | | | | |
| | | parties. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 8/18/2022 | Prepare deposition outline for Brambila. | | 3.6 | ($1,009.62) [this is 5/7s of the full $1,422 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim. | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| Nick McKinney | 8/18/2022 | Weekly litigation team conference call. | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary; unable to determine how much time billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Connie L. Michaels** | 8/18/2022 | Prepare for, follow up from and conference with | To protect content of attorney | 0.9 | ($375.73) [this is 5/7s of the full $529.20 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| **Invoice=5746759** | 9/30/2022 | case team re REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| **Connie L. Michaels** | 8/18/2022 | Review and revise extensive set of objections | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | unnecessary discovery expense; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Invoice=5746759** | 9/30/2022 | to document Rule 45 document subpoena. | | | | | | | |
| **Suzy Richman** | 8/18/2022 | Telephone call with R. Rousseau re reviewing | To protect content of attorney | 0.8 | ($127.80) [this is 5/7s of the full $180 entry] | | | | |
| **Invoice=5746759** | 9/30/2022 | additional docs for productions vs documents | work product, attorney mental | | | | | | |
| | | already produced and review 8/16/22 production | impressions, and/or strategy. | | | | | | |
| | | to confirm docs to be produced REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes meeting with client. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 8/19/2022 | Prepare to meet with Ms. Davalos re REDACTED | To protect content of attorney | ($626.22) [this is 5/7s of the full $882 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | 1.5 | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney-client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 8/19/2022 | Travel to/from and attend meeting with Ms. | To protect content of attorney | 3.5 | 5/7s of the full | Reduced in its entirety by Plaintiffs | Object | much time billed for each | Nature of attorney work is |
| Invoice=5746759 | 9/30/2022 | Davalos and Mr. Hernandez REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney-client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 8/19/2022 | Confer with expert epidemiologist re REDACTED | To protect content of attorney | ($626.22) [this is 5/7s of the full $882 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | 1.5 | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/19/2022 | Prepare to meet with Ms. Davalos to prepare REDACTED | To protect content of attorney | | ($500.98) [this is 5/7s of the full $705.60 entry] 1.2 | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes meeting with client. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | To protect content of attorney-client communications. | | | | | | |
| Nick McKinney | 8/19/2022 | Prepare exhibits for deposition of Brambila. | | | ($336.54) [this is 5/7s of the full $474 entry] 1.2 | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Plaintiffs never dismissed the State law and ADA claims. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Robert Rousseau<br>Invoice=5746759 | 8/19/2022<br>9/30/2022 | Prepare revised production of documents. | | ($159.75) [this is 5/7s of the full $225 1 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist<br>Invoice=5746759 | 8/19/2022<br>9/30/2022 | Commence preparation of Objections to Rule 45 subpoena for Gifty Beets. | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Joy C. Rosenquist | 8/19/2022 | Commence preparation of Objections to Rule 45 | | ($280.45) [this is 5/7s of the full $395 1 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice=5746759 | 9/30/2022 | subpoena for Dr. Malhotra. | | | | | | |
| Joy C. Rosenquist | 8/19/2022 | Commence preparation of objections to Rule 45 | | ($280.45) [this is 5/7s of the full $395 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | subpoena for Karla Gould. | | | | | | |
| Connie L. Michaels | 8/20/2022 | Prepare to conduct three plaintiffs' depositions, including revision of query | 9.3 | ($3,882.56) [this is 5/7s of the full $5,468.40 entry] | Reduced in its entirety by Plaintiffs | Object | excessive and unreasonable block billing; unnecessary discovery expense; unable to determine how much time billed for each claim | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defense against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | outlines and review of case documents to select | | | | | | |
| | | exhibits. | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/21/2022 | Review and revise 6 sets of document demands | | ($667.97) [this is 5/7s of the full 1.6 $940.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | and 8 sets of interrogatories. | | | | | | |
| Connie L. Michaels | 8/22/2022 | Revise deposition outline of Sandra Garcia in | | ($459.23) [this is 5/7s of the full 1.1 $646.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense; unable to determine how much time billed for each claim | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | view of dismissal of 5 causes of actions. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/22/2022 | Travel to/from deposition of plaintiff Norma | | 1.6 | 896 | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | Bramila. (Only 1/2 of the total time billed.). | | 0.8 | 448.5 | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/22/2022 | Conduct deposition of Norma Bramila. | | 4.4 | ($1,836.91) [this is 5/7s of the full $2,587.20 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| | | | | | | | | | |
| Robert Rousseau | 8/22/2022 | Process additional case documents for database. | | 1.7 | ($271.58) [this is 5/7s of the full $382.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Robert Rousseau<br>Invoice=5746759 | 8/22/2022<br>9/30/2022 | Finalize and produce additional client documents. | | ($127.80) [this is 5/7s of the full $180 entry]<br>0.8 | | | | |
| Joy C. Rosenquist<br>Invoice=5746759 | 8/22/2022<br>9/30/2022 | Continue preparation of Objections to Rule 45 Subpoenas issued to Beets, Gould and Murphy. | | ($981.58) [this is 5/7s of the full $1,382.50 entry]<br>3.5 | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Janice A. Jones<br>Invoice=5746759 | 8/22/2022<br>9/30/2022 | Compile articles since March 1, 2020 re Los Angeles Unified School District's response to COVID, REDACTED REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($271.58) [this is 5/7s of the full $382.50 entry]<br>1.7 | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5746759 | 8/22/2022<br>9/30/2022 | Review and analysis of multiple exhibits (31<br>total exhibits, many multi-page scientific<br>journal articles) in order to REDACTED<br>REDACTED<br>REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($813.31) [this is<br>5/7s of the full<br>2.9 $1,145.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how<br>much time billed for each<br>claim; unable to determine<br>nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Given Defendants seek recovery of State and ADA claim only, Defendants intend to seek 5/7 fraction of total attorneys' fees. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham<br>Invoice=5746759 | 8/22/2022<br>9/30/2022 | Make additional revisions to and finalize<br>written discovery requests to Plaintiffs (15<br>sets in total) to ensure all claims and causes<br>REDACTED<br>REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | ($785.26) [this is<br>5/7s of the full<br>2.8 $1,106 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery<br>expense; unable to<br>determine how much time<br>billed for each claim;<br>unable to determine<br>nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham Invoice=5746759 | 8/22/2022 9/30/2022 | Comprehensive review and analysis of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Judgment on the Pleadings and assess arguments and cases cited by Plaintiffs in order to strategize response thereto. | | | ($673.08) [this is 5/7s of the full $948 2.4 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim. | Nature of attorney work is evident and clearly denotes review and analysis of Plaintiffs' opposition to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5746759 | 8/23/2022 9/30/2022 | Comprehensive review and assessment of a handful of federal court cases address COVID-19 vaccine mandates adopted by various public entities throughout the country in order to REDACTED to cite in Reply Brief in support of Motion for Judgment on the Pleadings. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($785.26) [this is 5/7s of the full 2.8 $1,106 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry. | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Joy C. Rosenquist | 8/23/2022 | Continue preparation of Objections to Rule 45 | | | ($560.90) [this is 5/7s of the full $790 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | |
| Invoice=5746759 | 9/30/2022 | Subpoena issued to Dr. Malhotra. | | | 2 | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Joy C. Rosenquist | 8/23/2022 | Review lengthy meet and confer correspondence | | | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | |
| Invoice=5746759 | 9/30/2022 | from CJ Dimarco regarding Objections to | | | 0.5 | | | | |
| | | Subpoena served on Custodian of Records for | | | | | | | |
| | | LAUSD. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5746759 | 8/23/2022<br>9/30/2022 | Commence preparation of meet and confer correspondence to CJ Dimarco regarding Motions to Quash and his objections to Defendant's LAUSD Custodian Objections to Rule 45 subpoena. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expenses; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham<br>Invoice=5746759 | 8/23/2022<br>9/30/2022 | Begin drafting Memorandum of Points and Authorities for Reply Brief in support of Motion for Judgment on the pleadings to include<br>REDACTED<br>REDACTED<br>REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 2.4 | ($673.08) [this is 5/7s of the full $948 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/23/2022 | Conduct deposition of Sandra Garcia. | | 3.5 | ($1,461.18) [this is 5/7s of the full $2,058 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expenses | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| Connie L. Michaels | 8/23/2022 | REVISE Travel to/from deposition of Sandra | | 1.3 | ($542.72) [this is 5/7s of the full $764.4 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expenses | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | Garcia. (Only half time billed). | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5746759 | 8/23/2022<br>9/30/2022 | Further prepare for taking deposition of<br>plaintiff Fuentes. | | 1.1 | ($459.23) [this is<br>5/7s of the full<br>$646.80 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery<br>expenses; unable to<br>determine total time billed<br>for each claim. | Defendants were entitled to<br>depose Plaintiffs and to do<br>so in person. Defendants<br>proceeded when they did as<br>they faced pre-trial<br>deadlines and had no<br>guarantee their motion to<br>dismiss would be fully<br>successful. Moreover,<br>Plaintiffs' never dismissed<br>any State law claims or ADA<br>claims, requiring<br>Defendants to incur<br>expenses in its defese<br>against said claims,<br>including expenses related<br>to Plaintiffs' depositions.<br>Attorney activity was<br>conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935 |
| | | | | | | | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/24/2022<br>9/30/2022 | Research re helpful 9th circuit decisions<br>regarding 14th amendment arguments re<br>vaccinations. | | 0.8 | ($333.98) [this is<br>5/7s of the full<br>$470.40 entry] | Reduced in its entirety (.8) by Defendants | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/24/2022<br>9/30/2022 | Strategize re objections and motion to quash re<br>rule 45 subpoenas. | | 0.3 | ($125.24) [this is<br>5/7s of the full<br>$176.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery<br>expenses; unable to<br>determine total time billed<br>for each claim. | Nature of attorney work is<br>evident and clearly denotes<br>document review related to<br>discovery served by<br>Plaintiffs. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry.<br>Redactions have been made<br>to protected attorney work<br>product, attorney mental<br>impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/24/2022 | Travel to/from deposition of Jeffrey Fuentes. | | 1.6 | ($349.88) [this is 5/7s of the full $492.8 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | (Only half time billed). | | | | | | |
| Connie L. Michaels | 8/24/2022 | Conduct deposition of Jeffrey Fuentes. | | 2.8 | ($1,168.94) [this is 5/7s of the full $1,646.40 entry] | Reduced in its entirety by Plaintiffs | Object | unnecessary discovery expense | Defendants were entitled to depose Plaintiffs and to do so in person. Defendants proceeded when they did as they faced pre-trial deadlines and had no guarantee their motion to dismiss would be fully successful. Moreover, Plaintiffs' never dismissed any State law claims or ADA claims, requiring Defendants to incur expenses in its defese against said claims, including expenses related to Plaintiffs' depositions. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 |
| Invoice=5746759 | 9/30/2022 | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes communication with client related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney mental impressions, and strategy. |
| Connie L. Michaels | 8/24/2022 | Confer with Ms. Davallos re REDACTED | To protect content of attorney | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry. |
| Invoice=5746759 | 9/30/2022 | REDACTED. | work product, attorney mental | | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney- | | | | | |
| | | | client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 8/24/2022 | Correspond with client re plaintiffs' request | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | |
| Invoice=5746759 | 9/30/2022 | to reschedule defense motion to dismiss. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 8/24/2022 | Correspond with opposing counsel re his request | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | |
| Invoice=5746759 | 9/30/2022 | to reschedule defense motion to dismiss. | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham | 8/24/2022 | Review and analysis of potential sources for | To protect content of attorney | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry. |
| Invoice=5746759 | 9/30/2022 | data regarding COVID-19 cases and deaths in Los | work product, attorney mental | | | | | |
| | | Angeles County, including REDACTED | impressions, and/or strategy. | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | REDACTED | | | | | |
| | | REDACTED | | | | | |
| | | | | | | | |

| | | | | | | | | | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
|---|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 8/24/2022 | Review and analysis of World Health | To protect content of attorney | 0.9 | ($252.41) [this is 5/7s of the full $355.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry. | |
| Invoice=5746759 | 9/30/2022 | Organization and Centers for Disease Control | work product, attorney mental | | | | | | |
| | | websites in order to REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED    Reply | | | | | | | |
| | | Brief to Motion for Judgment on the Pleadings. | | | | | | | |

| | | | | | | | | | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
|---|---|---|---|---|---|---|---|---|---|
| Robert Rousseau | 8/24/2022 | Continue to review LAUSD meeting agendas and | | 4.4 | ($702.90) [this is 5/7s of the full $990 entry] | Reduced in its entirety by Plaintiffs | Object | excessive; unreasonable block billing; unable to determine how much time billed for each claim | |
| Invoice=5746759 | 9/30/2022 | supporting documents re Covid matters. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5746759 | 8/24/2022<br>9/30/2022 | Continue preparation of objections to Rule 45 Subpoenas for Gifty Beets, Kristen Murphy and Karla Gould. | | 6.8 | ($1,907.06) [this is 5/7s of the full $2,686 entry] | Reduced in its entirety by Plaintiffs | Object | excessive; unreasonable block billing; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Joy C. Rosenquist<br>Invoice=5746759<br>REDACTED | 8/24/2022<br>9/30/2022 | Correspondence to/from client regarding edits and approval of draft objections to rule 45 subpoena to Gifty Beets, and REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy.<br>To protect content of attorney-client communications. | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham Invoice=5746759 | 8/24/2022 9/30/2022 | Review and analysis of recent COVID-19 mandate case from the Central District of California, REDACTED and related briefing in order to address the same in Reply Brief in support of Motion for Judgment on the Pleadings. | | | ($504.81) [this is 5/7s of the full $711 1.8 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham Invoice=5746759 | 8/24/2022 9/30/2022 | Review and analysis of email correspondence from client relating to REDACTED REDACTED            in Reply Brief in support of Motion for Judgment on the Pleadings. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | | ($196.32) [this is 5/7s of the full 0.7 $276.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes client correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, mental impressions and strategy. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 8/25/2022 | Complete preparation of objections to Rule 45 | | 2.9 | ($813.31) [this is 5/7s of the full $1,1450.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | Subpoenas for Smita Malhotra. | | | | | | |
| Joy C. Rosenquist | 8/25/2022 | Correspondence to Narmin regarding REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5746759 | 9/30/2022 | REDACTED | | | | | | |
| | | | To protect content of attorney-client communications. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Revise and finalize objections to subpoenas<br>issued to Gould, Beets and Murphy. | | | 1.3 | ($364.59) [this is 5/7s of the full $513.50 entry] | Reduced in its entirety by Plaintiffs | Object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protected attorney work product, attorney mental impressions and strategy. |
| Robert Rousseau<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Continue to review LAUSD meeting agendas and supporting documents re Covid matters. | | | 4 | ($639) [this is 5/7s of the full $900 entry] | Reduced in its entirety by Plaintiffs | Object | excessive; unreasonable block billing; unable to determine how much time billed for each claim | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |
| Carrie A. Stringham<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Continue to review and assess Plaintiffs' 25 page Opposition to Defendants' Motion for Judgment on the Pleadings to ensure each of Plaintiffs' arguments are identified and addressed in Reply Brief and to identify documents referenced that were not referenced | | | 1.8 | ($504.81) [this is 5/7s of the full $711 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | in the Complaint in order to prepare objections thereto. | | | | | | |
| | | | | | | | | |
| Carrie A. Stringham<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Continue drafting Memorandum of Points and Authorities in support of Reply Brief to Motion for Judgment on the Pleadings to include arguments relating to Plaintiff's failure to dismiss the third through seventh causes of action and Plaintiff's Eleventh Amendment Immunity challenge. | | ($673.08) [this is 5/7s of the full $948 2.4 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. . Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| | | | | | | | | |
| Carrie A. Stringham<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Continue drafting legal argument section of Memorandum of Points and authorities to include key case citations and language from similar cases and ensure accurate case citations. | | ($504.81) [this is 5/7s of the full $711 1.8 entry] | Reduced in its entirety by Plaintiffs | Object | unreasonable block billing; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5746759 | 8/25/2022<br>9/30/2022 | Travel to/from deposition of Ms. Davalos. (Only half time billed). | | ($480.10) [this is 5/7s of the full 2.3 $676.20 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ($208.74) [this is 5/7s of the full $294 0.5 entry] | | | unable to determine how much time billed for each claim; unable to determine nature of entry | Entry unredacted. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 8/25/2022 | Prepare for and strategize with case team re | | | Reduced in its entirety by Plaintiffs | object | | |
| Invoice=5746759 | 9/30/2022 | motion to quash, objections to Rule 45 | | | | | | |
| | | subpoenas, and reply brief re motion to | | | | | | |
| | | dismiss. | | | | | | |
| | | | | | | | | |
| | | | | | | | unable to determine how much time billed for each claim; unable to determine nature of entry; unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following  a ruling on the motion. |
| | | | | ($208.74) [this is 5/7s of the full $294 0.5 entry] | | | | |
| Connie L. Michaels | 8/25/2022 | Confer with Dr. Reingold with Ms. Shahin re | To protect content of attorney | | Reduced in its entirety by Plaintiffs | object | | |
| Invoice=5746759 | 9/30/2022 | REDACTED | work product, attorney mental | | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney- | | | | | |
| | | | client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | ($1,878.66) [this is 5/7s of the full 4.5 $2,646 entry] | | | | |
| Connie L. Michaels | 8/25/2022 | Defend deposition of Ms. Davalos, and confer | To protect content of attorney | | | | | |
| Invoice=5746759 | 9/30/2022 | with her and Ms. Shamin before/during/after re | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | | To protect content of attorney- | | | | | |
| | | | client communications. | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5746759 | 8/26/2022 9/30/2022 | Revise reply memorandum re defense motion to dismiss. | | 6.2 | ($2,588.38) [this is 5/7s of the full $3,645.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham Invoice=5746759 | 8/26/2022 9/30/2022 | Continue to revise draft Reply Brief to Motion for Judgment on the Pleadings to enhance legal arguments and improve organization of brief and conform brief to Court's page limit requirements. | | 2.8 | ($785.26) [this is 5/7s of the full $1,106 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 8/26/2022 | Review and assess requirements under Federal | | | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | Rule of Evidence Section 201 and Court's rules | | | 0.7 | | | | |
| | | to determine if Plaintiffs met requirements for | | | | | | | |
| | | taking judicial notice of the exhibits in order | | | | | | | |
| | | to continue to draft objections to Plaintiffs' | | | | | | | |
| | | evidence submitted with Opposition. | | | | | | | |
| Carrie A. Stringham | 8/26/2022 | Begin drafting objections to Plaintiffs' 31 | | | ($448.72) [this is 5/7s of the full $632 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | Exhibits attached to their Opposition to | | | 1.6 | | | | |
| | | Defendants' Motion for Judgment on the | | | | | | | |
| | | Pleadings to file concurrently with Reply | | | | | | | |
| | | Brief. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5746759 | 8/27/2022<br>9/30/2022 | Continue drafting objections to Plaintiffs'<br>evidence filed in support of their Opposition<br>to Defendants' Motion for Judgment on the<br>Pleadings, including a summary of arguments. | | ($673.08) [this is<br>5/7s of the full $948<br>2.4 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how<br>much time billed for each<br>claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels<br>Invoice=5746759 | 8/27/2022<br>9/30/2022 | Continue to revise reply brief supporting<br>motion to dismiss. | | ($1,085.45) [this is<br>5/7s of the full<br>2.6 $1,528.80 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how<br>much time billed for each<br>claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/28/2022 | Review and revise objections to plaintiffs' | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | evidence submitted in opposition to defense | | | | | |
| | | motion to dismiss. | | | | | |
| | | | | | | | |
| Carrie A. Stringham | 8/28/2022 | Draft Request for Judicial Notice in support of | | 2.7 | ($757.22) [this is 5/7s of the full $1,066.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | Reply Brief to Motion for Judgment on the | | | | | |
| | | Pleadings, including citation to authority | | | | | |
| | | supporting the request to judicially notice | | | | | |
| | | information published by government agencies. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham | 8/28/2022 | Revise and finalize draft Objections to | | | ($336.54) [this is 5/7s of the full $474 entry] | | | unable to determine how much time billed for each |
| Invoice=5746759 | 9/30/2022 | Plaintiff's evidence submitted in support of | | | 1.2 | Reduced in its entirety by Plaintiffs | object | claim |
| | | Opposition to Motion for Judgment on the | | | | | | |
| | | Pleadings (31 documents) in advance of filing. | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 8/29/2022 | Review and revise request for judicial notice | | | ($83.50) [this is 5/7s of the full $117.60 entry] | | | unable to determine how much time billed for each |
| Invoice=5746759 | 9/30/2022 | and revised objections to plaintiffs' evidence | | | 0.2 | Reduced in its entirety by Plaintiffs | object | claim |
| | | both re defense motion to dismiss. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 8/29/2022 | Draft supplemental Rule 26 disclosures. | | | ($834.96) [this is 5/7s of the full $1,176 entry] | | | |
| Invoice=5746759 | 9/30/2022 | | | | 2 | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/29/2022 | Draft expert disclosures. | | | 2.6 | ($1,085.45) [this is 5/7s of the full $1,528.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | | | | | | | | | |
| | | | | | | | | | | |
| Carrie A. Stringham | 8/29/2022 | Continue to revise and finalize all moving | | | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in preparation for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5746759 | 9/30/2022 | papers, including memorandum of points and | | | | | | | | |
| | | authorities, to ensure accuracy of citations | | | | | | | | |
| | | and cogency of legal arguments, in preparation | | | | | | | | |
| | | for filing. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist Invoice=5746759 | 8/29/2022 9/30/2022 | Commence preparation of motions to quash for Gould, Beets, Custodian of LAUSD, Malhotra and Murphy: memorandum of points and authorities (legal standards), including research FRCP 45 cases to include. | | | 4.2 | ($1,177.89) [this is 5/7s of the full $1,659 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expenses; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Carrie A. Stringham Invoice=5746759 | 8/30/2022 9/30/2022 | Review and assess legal standard underlying motions to quash and protective orders for third party subpoenas in order to assist in responding to Plaintiffs' multiple third party subpoenas. | | | 1.1 | ($308.98) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expenses; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/30/2022 | Review redrafted expert report. | | | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 8/30/2022 | Confer with expert and client re export report. | | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5746759 | 8/30/2022 9/30/2022 | Prepare correspondence to client request searches for REDACTED REDACTED REDACTED re motion to quash. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels Invoice=5746759 | 8/31/2022 9/30/2022 | Call and correspond with client REDACTED REDACTED responsive to subpoenas and document request, and witness interview. | To protect content of attorney work product, attorney mental impressions, and/or strategy. To protect content of attorney-client communications. | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Entry partially unredacted. Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 8/31/2022 | Correspond (separately) with expert and client | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5746759 | 9/30/2022 | re export report. | | | | | |
| | | | | | | | |
| Connie L. Michaels | 8/31/2022 | Correspond with counsel for the county re | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | |
| Invoice=5746759 | 9/30/2022 | status of plaintiffs' subpoena. | | | | | |
| | | | | | | | |
| Joy C. Rosenquist | 8/31/2022 | Communications to/from Brent Hathaway and CJ | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | | | |
| Invoice=5746759 | 9/30/2022 | Dimarco regarding meet and confer on subpoena objections. | | | | | |
| | | | | | | | |
| Connie L. Michaels | 9/1/2022 | Revise defense expert disclosure. | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Invoice=5749467 | 10/10/2022 | | | | | | |
| | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham | 9/1/2022 | Review and analysis of Response by Plaintiffs | To protect content of attorney | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | to Defendants' Request for Judicial Notice and Objections to Plaintiff's Evidence submitted in opposition to Defendants' Motion for Judgment on the Pleadings in order to assess REDACTED REDACTED REDACTED | work product, attorney mental impressions, and/or strategy. | | | | | | |
| Connie L. Michaels | 9/1/2022 | Correspond with Dr. Reingold re plaintiffs' | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5749467 | 10/10/2022 | expert designations. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/1/2022<br>10/10/2022 | Review, revises and finalize 12 sets of supplemental discovery responses (interrogatories and document requests) to board members. | | 0.6 | ($250.49) [this is 5/7s of the full $352.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels<br>Invoice=5749467 | 9/1/2022<br>10/10/2022 | Draft responses to requests for production sent to Ms. Davalos and Superintendent Carvalho, and REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.2 | ($500.98) [this is 5/7s of the full $705.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5749467 | 9/1/2022<br>10/10/2022 | Plan and prepare for meet and confer meeting<br>regarding subpoenas: Review subpoena and<br>objections, prepare itemized list of meet and<br>confer topics, and determine REDACTED<br>REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | 2 | (\$560.90) [this is<br>5/7s of the full \$790<br>entry] | Reduced in its entirety by Plaintiffs | object | unable to determine<br>nature of redacted entry;<br>unable to determine how<br>much time billed for each<br>claim | Nature of attorney work is<br>evident and clearly denotes<br>document review related to<br>discovery served by<br>Plaintiffs. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991). Defendants<br>intend to seek 5/7 fraction<br>of total attorneys' fees<br>billed for this entry.<br>Redactions have been<br>made to protect attorney-<br>client communications,<br>attorney work product,<br>attorney mental<br>impressions and strategy. |
| | | | | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/1/2022<br>10/10/2022 | Correspondence to/from client  regarding<br>subpoenas and witness fees. | | 0.2 | (\$56.09) [this is 5/7s<br>of the full \$79<br>entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how<br>much time billed for each<br>claim | Nature of attorney work is<br>evident and clearly denotes<br>client communications re<br>discovery served by<br>Plaintiffs. Attorney activity<br>was conducted in light of all<br>allegations within Plaintiffs'<br>Complaint. However, if a<br>prevailing party ultimately<br>wins on a particular claim, it<br>is entitled to all attorney's<br>fees reasonably expended<br>in pursuing that claim.<br>*Cabrales v. Co. of L.A.*, 935<br>F.2d 1050, 1053 (9th<br>Cir.1991).Defendants intend<br>to seek 5/7 fraction of total<br>attorneys' fees billed for<br>this entry.  Redactions<br>have been made to protect<br>attorney-client<br>communications, attorney<br>work product, attorney<br>mental impressions and<br>strategy. |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5749467 | 9/1/2022<br>10/10/2022 | Continue preparation of motion to quash for<br>Custodian of LAUSD. | | 1.5 | ($420.68) [this is 5/7s of the full $592.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/2/2022<br>10/10/2022 | Review witness fee requirement and case law regarding application of fee to depositions or document production review scope of subpoena and prepare REDACTED<br>REDACTED. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 2.3 | ($645.68) [this is 5/7s of the full $908.50 entry] | Reduced in its entirety by Plaintiffs | object | unreasonable block billing; unable to determine nature of redacted entry; unable to determine how much time billed for each claim | If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/2/2022<br>10/10/2022 | Review correspondence from Plaintiff's counsel regarding depositions, 30(b)(6) witnesses and further discovery, and expert designations. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/2/2022<br>10/10/2022 | Multiple correspondences to/from CJ DiMarco regarding conferral on subpoenas. | | 0.6 | ($168.27) [this is 5/7s of the full $237 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist | 9/2/2022 | Review Court's ruling on Motion to Dismiss and | To protect content of attorney | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review Court's order re MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | determine REDACTED. | work product, attorney mental impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Carrie A. Stringham | 9/2/2022 | Review and analysis of Court's Order granting | To protect content of attorney | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review Court's order re MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | Defendants' Motion for Judgment on the | work product, attorney mental | | | | | | |
| | | Pleadings and strategize REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 9/2/2022 | Evaluate best responsive pleading should a | To protect content of attorney | 0.7 | ($292.24) [this is 5/7s of the full $411.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine how much time billed for each entry | Nature of attorney work is evident and clearly denotes legal analysis of next steps given Court's ruling re MJOP, including possibility of an amended complaint. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | third amended complaint be filed, REDACTED | work product, attorney mental | | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED. | | | | | | | |
| Connie L. Michaels | 9/2/2022 | Assist in preparation of arguments to raise in | | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | meet and confer conference motion to quash Rule | | | | | | | |
| | | 45 subpoenas. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | ($41.75) [this is 5/7s of the full $58.80 entry] | | | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 9/2/2022 | Confer with Dr. Reingold re reviewing 3 reports | 0.1 | | Reduced in its entirety by Plaintiffs | object | |
| Invoice=5749467 | 10/10/2022 | by plaintiffs' experts. | | | | | |
| | | | | | | | |
| | | | ($140.23) [this is 5/7s of the full $197.50 entry] | | | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes review and legal analysis in preparation for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Nick McKinney | 9/2/2022 | Review court ruling on Motion for Judgment on | 0.5 | | Reduced in its entirety by Plaintiffs | object | |
| Invoice=5749467 | 10/10/2022 | the Pleadings. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Carrie A. Stringham**<br>**Invoice=5749467** | 9/2/2022<br>10/10/2022 | Comprehensive review and analysis of<br>Plaintiffs' voluminous expert witness<br><span style="color:red">**REDACTED**</span><br><span style="color:red">**REDACTED**</span><br><span style="color:red">**REDACTED**</span><br><span style="color:red">**REDACTED.**</span> | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | 2.8 | **($785.26) [this is 5/7s of the full $1,106 entry]** | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim ; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| **Connie L. Michaels**<br>**Invoice=5749467** | 9/2/2022<br>10/10/2022 | Review and analyze court order granting defense<br>motion to dismiss. | | 0.4 | **($166.99) [this is 5/7s of the full $235.20 entry]** | | | | |
| **Connie L. Michaels**<br>**Invoice=5749467** | 9/2/2022<br>10/10/2022 | Correspond with client re plaintiffs' third<br>expert witness, deposition scheduling and<br>granting of motion to dismiss. | | 0.3 | **($125.24) [this is 5/7s of the full $176.40 entry]** | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Entry unredacted. Nature of attorney work is evident and clearly denotes client correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 9/2/2022 | Review plaintiffs' counsel's correspondence, | To protect content of attorney | 0.8 | ($333.98) [this is 5/7s of the full $470.40 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes client correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | REDACTED and prepare (separate) | work product, attorney mental | | | | | | |
| | | correspondence with six witnesses re REDACTED | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | | | | | | | | |
| Robert Rousseau | 9/6/2022 | Review prior productions and case documents for | To protect content of attorney | 2 | ($319.50) [this is 5/7s of the full $450 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. . Redacations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | REDACTED | work product, attorney mental | | | | | | |
| | | | impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Robert Rousseau | 9/6/2022 | Revise draft production and finalize. | | 1.3 | ($207.68) [this is 5/7s of the full $292.50 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 9/6/2022 | Correspondence to CJ Dimarco regarding Meet and | | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | Confer meeting regarding all five subpoenas | | | | | | | |
| | | issued to LAUSD staff. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/6/2022<br>10/10/2022 | Review additional case documents for potential supplemental document production. | | 2 | ($834.96) [this is 5/7s of the full $1,176 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Entry unredacted. Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels<br>Invoice=5749467 | 9/6/2022<br>10/10/2022 | Correspond with third party expert witnesses re deposition scheduling. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Preparation for Meet and Confer meeting regarding all five subpoenas issued to LAUSD staff. | | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Review Plaintiff's correspondence regarding amended complaint. | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Correspondence to/from CJ Dimarco regarding conferral on subpoenas. | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Carrie A. Stringham<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Review and analysis of correspondence from opposing counsel meeting and conferring as to the Court's Order granting Defendants' Motion for Judgment on the Pleadings and the REDACTED<br>REDACTED<br>REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($112.18) [this is 5/7s of the full $158 0.4 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and legal analysis in preparation for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Various calls and correspondence with expert witness and other potential expert witnesses re REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($542.72) [this is 5/7s of the full 1.3 $764.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim ; unable to determine nature of redacted entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Final revision of supplemental interrogatory and document request responses of Board defendants. | | | ($250.49) [this is 5/7s of the full 0.6 $352.80 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Continued review and organization of REDACTED documents for production. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.7 | ($709.72) [this is 5/7s of the full $999.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim ; unable to determine nature of redacted entry | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels<br>Invoice=5749467 | 9/7/2022<br>10/10/2022 | Strategize with case team re meet and confer conference re Rule 45 subpoenas. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and legal analysis in prepration for Reply to MJOP. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 9/7/2022 | Review meet and confer letter from opposing | To protect content of attorney | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim ; unable to determine nature of redacted entry | |
| Invoice=5749467 | 10/10/2022 | counsel re clarifying court order re defense | work product, attorney mental | | | | | | |
| | | motion for judgment on the pleadings, and | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 9/8/2022 | Correspondences to/from Plaintiff's counsel | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | regarding discovery. | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 9/8/2022 | Prepare for Meet and Confer meeting with CJ | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | DiMarco. | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Susie Keshishyan | 9/8/2022 | Review and revise Supplemental Responses to | | 2 | ($560.90) [this is 5/7s of the full $790 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim ;  admin task | |
| Invoice=5749467 | 10/10/2022 | Interrogatories and Request for Production re | | | | | | | |
| | | Defendants Garcia, Schmerelson, Goldberg, | | | | | | | |
| | | McKenna, Melvoin, and Gonez after opposing | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | counsel advise of inconsistencies in the numbering of said responses. | | | | | |
| | | | | | | | |
| Susie Keshishyan Invoice=5749467 | 9/8/2022 10/10/2022 | Email correspondence to REDACTED REDACTED expert REDACTED expert | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.1 | ($28.05) [this is 5/7s of the full $39.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels Invoice=5749467 | 9/8/2022 10/10/2022 | Research REDACTED experts, correspond with same, correspond with expert Dr. Reingold, correspond with counsel REDACTED REDACTED re deposition scheduling. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 3.3 | ($1,377.68) [this is 5/7s of the full $1,940.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry; unreasonable block billing | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/8/2022<br>10/10/2022 | Prepare for and confer with case team the subpoena meet and confer, finalizing discovery responses, and motion to dismiss. | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| | | | | | | | | | |
| Connie L. Michaels<br>Invoice=5749467 | 9/8/2022<br>10/10/2022 | Draft response to plaintiffs' meet and confer letter re interpretation of court order re defense motion to dismiss. | | 1.1 | ($459.23) [this is 5/7s of the full $646.80 entry] | | | | |
| | | | | | | | | | |
| Robert Rousseau<br>Invoice=5749467 | 9/8/2022<br>10/10/2022 | Commence preparation of additional documents for production. | | 0.4 | ($63.90) [this is 5/7s of the full $90 entry] | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/9/2022<br>10/10/2022 | Outline of narrowed down subpoena requests in preparation for call with C.J. DiMarco. | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | | | | |
| | | | | | | | | | |
| Joy C. Rosenquist | 9/9/2022 | Review stipulation offered by Plaintiff and | To protect content of attorney | 1.1 | ($308.50) [this is 5/7s of the full $434.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes review and analysis plaintiffs' proposed stipulation and client communications thereto. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney client communications, attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice=5749467 | 10/10/2022 | determine REDACTED | work product, attorney mental | | | | | |
| | | REDACTED correspondence to/from | impressions, and/or strategy. | | | | | |
| | | clients REDACTED | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes communications with client related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Joy C. Rosenquist | 9/9/2022 | Communication from Kristen Murphy regarding | To protect content of attorney | 0.2 | ($56.09) [this is 5/7s of the full $79 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry |
| Invoice=5749467 | 10/10/2022 | REDACTED | work product, attorney mental | | | | | |
| | | 45 subpoenas. | impressions, and/or strategy. | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes document review related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Robert Rousseau | 9/9/2022 | Review and prepare additional documents for | | 2 | ($319.50) [this is 5/7s of the full $450 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; admin task; vague |
| Invoice=5749467 | 10/10/2022 | database for eventual production. | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/9/2022<br>10/10/2022 | Prepare for meeting and correspondence with potential rebuttal expert by review of portions of plaintiffs' experts reports. | | 3.3 | ($1,377.68) [this is 5/7s of the full $1,940.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine number of hours billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5749467 | 9/9/2022<br>10/10/2022 | Attend meeting with potential rebuttal expert. | | 0.4 | ($166.99) [this is 5/7s of the full $235.20 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine number of hours billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels<br>Invoice=5749467 | 9/9/2022<br>10/10/2022 | Correspond (separately) with client and opposing counsel re plaintiffs' proposal to stay discovery, deposition scheduling, expert discovery, and document production. | | 0.5 | ($208.74) [this is 5/7s of the full $294 entry] | | | | |
| Connie L. Michaels<br>Invoice=5749467 | 9/9/2022<br>10/10/2022 | Confer with counsel for LA county department of health re deposition scheduling. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7s total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental |
| Connie L. Michaels | 9/9/2022 | Strategize with case team re REDACTED | To protect content of attorney | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | |
| Invoice=5749467 | 10/10/2022 | REDACTED | work product, attorney mental | 0.3 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| Robert Rousseau | 9/9/2022 | Process revised document production and | | ($127.80) [this is 5/7s of the full $180 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | transmit to opposing counsel. | | 0.8 | | | | |
| | | | | | | | | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Connie L. Michaels | 9/11/2022 | Confer with Dr. Reingold re his expert | To protect content of attorney | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | |
| Invoice=5749467 | 10/10/2022 | testimony REDACTED | work product, attorney mental | 0.2 | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | REDACTED LAUSD lawsuit. | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 9/11/2022 | Draft correspondence to client summarizing | | ($208.74) [this is 5/7s of the full $294 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | case development. | | 0.5 | | | | |

Final Joint Statement_00250

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Joy C. Rosenquist<br>Invoice=5749467 | 9/12/2022<br>10/10/2022 | Correspondence to/from Gifty Beets, Narmin regarding REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | ($84.14) [this is 5/7s of the full $118.50<br>0.3 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine how much time billed for each claim; unable to determine nature of entry | Nature of attorney work is evident and clearly denotes communications with client related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| | | | | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist<br>Invoice=5749467 | 9/12/2022<br>10/10/2022 | Review proposed stipulation regarding discovery stay. | | ($56.09) [this is 5/7s of the full $79<br>0.2 entry] | | | | |
| | | | | | | | | |
| Robert Rousseau<br>Invoice=5749467 | 9/12/2022<br>10/10/2022 | Finalize additional document production. | | ($15.98) [this is 5/7s of the full $22.50<br>0.1 entry] | | | | |
| | | | | | | | | |
| Ajay A. Patel<br>Invoice=5749467 | 9/12/2022<br>10/10/2022 | Review and analyze electronic evidence and prepare specifications for processing and loading into Relativity for substantive case team review. | | ($79.88) [this is 5/7s of the full $112.50<br>0.5 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels Invoice=5749467 | 9/12/2022 10/10/2022 | Draft language for stipulation seeking to continue the trials and pretrial dates, and confer REDACTED opposing counsel re same. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($417.48) [this is 5/7s of the full $588 1 entry] | reduced in its entirety by Plaintiffs | object | unable to determine nature of redacted entry. | Nature of attorney work is evident and clearly denotes drafting of stipulation. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels Invoice=5749467 | 9/13/2022 10/10/2022 | Review, revise and confer REDACTED REDACTED opposing counsel re Stipulation to Continue the Trial and related dates. | To protect content of attorney work product, attorney mental impressions, and/or strategy. | | ($125.24) [this is 5/7s of the full 0.3 $176.40 entry] | | | | |
| Connie L. Michaels Invoice=5749467 | 9/13/2022 10/10/2022 | Prepare for and interview potential expert. | | | ($333.98) [this is 5/7s of the full 0.8 $470.40 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Robert Rousseau<br>Invoice=5749467 | 9/13/2022<br>10/10/2022 | Process and transmit documents to expert for review. | | ($127.80) [this is 5/7s of the full $180 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. Attorneys' fee awards must account for work of non-attorneys, |
| Robert Rousseau<br>Invoice=5749467 | 9/14/2022<br>10/10/2022 | Re-configure expert report files for expert Moore and re-send. | | ($127.80) [this is 5/7s of the full $180 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim; admin task | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. Attorneys' fee awards must account for work of non-attorneys, |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 9/14/2022 | Relate for and confer with potential expert | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 1.1 | ($459.23) [this is 5/7s of the full $646.80 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following  a ruling on the motion. |
| Invoice=5749467 | 10/10/2022 | REDACTED | | | | | | |
| | | | | | | | | |
| Joy C. Rosenquist | 9/15/2022 | Strategy regarding written discovery. | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Nick McKinney | 9/15/2022 | Weekly litigation team strategy call. | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary; unable to determine how much time billed for each claim | |
| Invoice=5749467 | 10/10/2022 | | | | | | | | |
| | | | | | | | | | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redacations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 9/16/2022 | Review plaintiffs' emails to determine which to | | 3.5 | ($1,461.18) [this is 5/7s of the full $2,058 entry] | Reduced in its entirety by Plaintiffs | object | excessive; unnecessary discovery expense | |
| Invoice=5749467 | 10/10/2022 | produce in response to Rule 45 subpoena to LAUSD. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 9/16/2022 | Prepare for and confer (separately) with two | | 2.2 | ($918.46) [this is 5/7s of the full $1,293.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5749467 | 10/10/2022 | expert consultants re impeaching plaintiffs' experts. | | | | | | | |
| | | | | | | | | | |
| Connie L. Michaels | 9/17/2022 | Prepare for, follow up re and call with expert | | 1.2 | ($500.98) [this is 5/7s of the full $705.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. |
| Invoice=5749467 | 10/10/2022 | Podany. | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Robert Rousseau | 9/19/2022 | Prepare and transmit documents to expert. | | 0.2 | ($31.95) [this is 5/7s of the full $45 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following  a ruling on the motion. Attorneys' fee awards must account for work of non-attorneys. |
| Invoice=5749467 | 10/10/2022 | | | | | | | | |
| Carrie A. Stringham | 9/19/2022 | Review and analysis of information, REDACTED | To protect content of attorney | 1.4 | ($392.63) [this is 5/7s of the full $553 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine how much time billed for each claim; unable to determine nature of entry. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Moreover, Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Nature of the attorney work is evident, and redactions have been made to protect attorney work product, attorney mental impressions and strategy. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and |
| Invoice=5749467 | 10/10/2022 | REDACTED relating to | work product, attorney mental | | | | | | |
| | | Plaintiffs' retained expert, Jay Bhattacharya, | impressions, and/or strategy. | | | | | | |
| | | REDACTED | | | | | | | |
| | | REDACTED | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Connie L. Michaels | 9/19/2022 | Revise response to requests for documents to | | ($333.98) [this is 5/7s of the full [$470.40 entry] | | | unnecessary discovery expense; unable to determine how much time billed for each entry | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. . Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | superintendent, and correspond with client re the same. | | 0.8 | | | | |
| | | | | | | | | |
| Connie L. Michaels | 9/19/2022 | Correspond with REDACTED re REDACTED | To protect content of attorney | ($83.50) [this is 5/7s of the full $117.60 | Reduced in its entirety by Plaintiffs | object | unnecessary (contradicts argument that claims are frivolous or without merit and irrelevant to Plaintiffs' state law/ADA claims); unable to determine nature of entry; unable to determine amount of time billed for each claim. | This entry concerns case experts. Defendants retained experts regarding the 14th amendment claims and the ADA claim. Given that Defendants seek recovery solely on State law claims and ADA claim, Defendants intend to seek 1/3 of the amount of the total attorneys' fees related to experts. Defendants retained the experts when they did as they faced pre-trial deadlines and, while Defendants believed the ADA claim was frivolous, they had no guarantee their motion to dismiss it would be successful, that Plaintiffs would dismiss the claim in response or elect not to amend their Complaint following a ruling on the motion. Attorneys' fee awards must account for work of non-attorneys, |
| Invoice=5749467 | 10/10/2022 | REDACTED impeachment of an expert of plaintiffs. | work product, attorney mental impressions, and/or strategy. | 0.2 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5749467 | 9/19/2022<br>10/10/2022 | Review and analysis of case law and authority<br>regarding REDACTED<br>REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | 0.7 | ($196.32) [this is<br>5/7s of the full<br>$276.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine<br>nature of entry; unable to<br>determine amount of time<br>billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Nick McKinney<br>Invoice=5749467 | 9/20/2022<br>10/10/2022 | Review additional case law regarding the<br>REDACTED<br>REDACTED | To protect content of attorney<br>work product, attorney mental<br>impressions, and/or strategy. | 0.8 | ($224.36) [this is<br>5/7s of the full $316<br>entry] | Reduced in its entirety by Plaintiffs | object | unable to determine<br>nature of entry; unable to<br>determine amount of time<br>billed for each claim. | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint.  However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 9/20/2022 | Prepare objections to Plaintiffs' request for | | 1.7 | ($476.77) [this is 5/7s of the full $671.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine amount of time billed for each claim. | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | production of documents, set one to Albert | | | | | | |
| | | Carvalho. | | | | | | |
| Joy C. Rosenquist | 9/20/2022 | Review Errata filed by Plaintiff's counsel to | | 0.3 | ($84.14) [this is 5/7s of the full $118.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim. | Nature of attorney work is evident and clearly denotes review and analysis of Plaintiffs' Notice of Errata. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Invoice=5749467 | 10/10/2022 | the Second Amended Complaint. | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Ajay A. Patel | 9/20/2022 | Review and analyze electronic evidence and prepare specifications for processing and loading into Relativity for substantive case team review. | | | ($79.88) [this is 5/7s of the full $112.50 entry] 0.5 | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 9/20/2022 | Confer with client re deposition scheduling. | | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | | | |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| Connie L. Michaels | 9/20/2022 | Review plaintiffs' errata to complaint. | | | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim. | Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A. , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5749467 | 10/10/2022 | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Connie L. Michaels<br>Invoice=5749467 | 9/20/2022<br>10/10/2022 | Review and revise responses to plaintiffs' requests for documents to superintendent Carvalho. | | 0.2 | ($83.50) [this is 5/7s of the full $117.60 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine amount of time billed for each claim. | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Carrie A. Stringham<br>Invoice=5749467 | 9/21/2022<br>10/10/2022 | Review and analysis of Notice of Errata filed by Plaintiffs relating to their Second Amended Complaint and REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine amount of time billed for each claim. | Nature of attorney work is evident and clearly denotes review and analysis of Plaintiffs' Notice of Errata. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels<br>Invoice=5749467 | 9/21/2022<br>10/10/2022 | Review plaintiffs' emails for possible production. | | 1.9 | ($793.21) [this is 5/7s of the full $1,117.20 entry] | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes client communication regarding matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 9/21/2022 | Correspond with client re REDACTED | To protect content of attorney-client communications. | ($41.75) [this is 5/7s of the full $58.80 entry] 0.1 | Reduced in its entirety by Plaintiffs | object | unable to determine nature of entry; unable to determine amount of time billed for each claim. | |
| Invoice=5749467 | 10/10/2022 | REDACTED | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Robert Rousseau | 9/21/2022 | Review documents for duplicates. | | ($830.70) [this is 5/7s of the full $1,170 entry] 5.2 | Reduced in its entirety by Plaintiffs | object | excessive; unable to determine how much time billed for each claim. | |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney | 9/22/2022 | Weekly litigation team conference call. | | | 0.5 | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary; unable to determine amount of time billed for each claim. | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| Robert Rousseau | 9/22/2022 | Complete review of documents to be produced for duplicates. | | | 4.3 | ($686.93) [this is 5/7s of the full $967.50 entry] | Reduced in its entirety by Plaintiffs | object | vague; excessive; unable to determine amount of time billed for each claim. | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989).Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| Joy C. Rosenquist | 9/22/2022 | Review procedural status of case. | | | 0.4 | ($112.18) [this is 5/7s of the full $158 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ($208.74) [this is 5/7s of the full $294 0.5 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim; | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Connie L. Michaels | 9/22/2022 | Team call. | | | | | | |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| | | | | ($834.96) [this is 5/7s of the full 2 $1,176 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redacations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 9/22/2022 | Continued review of plaintiffs' emails for | | | | | | |
| Invoice=5749467 | 10/10/2022 | possible production. | | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Mohamed A. El Bana | 9/22/2022 | Conduct analysis of evidence in Relativity to | | | ($47.93) [this is 5/7s of the full $67.50 entry] | Reduced in its entirety by Plaintiffs | object | admin task | Preparing for and advising on the manner in which to maintain potentially privileged documents or information is not an administrative task. Moreover, attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989).Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. |
| Invoice=5749467 | 10/10/2022 | identify documents that may contain privileged or protected content. | | | 0.3 | | | | |
| | | | | | | | | | |
| Susie Keshishyan | 9/22/2022 | Strategy call re possible filing of plaintiffs' third | To protect content of attorney | | ($140.23) [this is 5/7s of the full $197.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim; unable to determine nature of redacted entry | Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Prevailing party may recover attorneys' fees for time reasonably expended on a motion for attorneys' fees and costs. Thompson v. Gomez, 45 F.3d 1365, 1367 (9th Cir. 1995). |
| Invoice=5749467 | 10/10/2022 | amended complaint, filing of defendants' motion for | work product, attorney mental | | 0.5 | | | | |
| | | fees and costs, and pending subpoena REDACTED. | impressions, and/or strategy. | | | | | | |
| | | | | | | | | | |
| Robert Rousseau | 9/23/2022 | Process documents for production. | | | ($159.75) [this is 5/7s of the full $225 entry] | | | | |
| Invoice=5749467 | 10/10/2022 | | | | 1 | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | A brief case team meeting was held for all defense counsel weekly to confer and strategize regarding the case and its developments. Nature of the attorney work is evident and necessary in the defense against Plaintiffs' claims.  Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental |
| Connie L. Michaels | 9/23/2022 | Prepare for and strategize with case team re | To protect content of attorney | 0.3 | ($125.24) [this is 5/7s of the full $176.40 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim; unable to determine nature of entry |
| Invoice=5749467 | 10/10/2022 | REDACTED | work product, attorney mental | | | | | |
| | | REDACTED | impressions, and/or strategy. | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 9/23/2022 | Review court order denying trial continuance. | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | |
| Invoice=5749467 | 10/10/2022 | | | | | | | |
| | | | | | | | | |
| Connie L. Michaels | 9/23/2022 | Draft correspondence to plaintiffs' counsel re | | 0.1 | ($41.75) [this is 5/7s of the full $58.80 entry] | | | |
| Invoice=5749467 | 10/10/2022 | scheduling of expert depositions. | | | | | | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 of total attorneys' fees billed for this entry. Redacations have been made to protect attorney-client communications, attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 9/23/2022 | Further review of case emails for REDACTED | To protect content of attorney | 1.2 | ($500.98) [this is 5/7s of the full $705.60 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim; unable to determine nature of entry |
| Invoice=5749467 | 10/10/2022 | REDACTED | work product, attorney mental | | | | | |
| | | | impressions, and/or strategy. | | | | | |
| | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nick McKinney<br>Invoice=5749467 | 9/23/2022<br>10/10/2022 | Complete preparation of responses to Request for Production of Documents to Carvalho, includes incorporating client edits. | | | 0.8 | ($224.36) [this is 5/7s of the full $316 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim | Nature of attorney work is evident and clearly denotes task related to discovery served by Plaintiffs. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| Ajay A. Patel<br>Invoice=5749467 | 9/23/2022<br>10/10/2022 | Prepare export of production set of evidence (430 documents/LAUSD_HFDF 001132 to LAUSD_HFDF 002274) to be produced to opposing counsel. | | | 1.6 | ($255.60) [this is 5/7s of the full $360 entry] | Reduced in its entirety by Plaintiffs | object | unnecessary discovery expense; unable to determine amount of time billed for each claim | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991).Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Attorneys' fee awards must account for work of non-attorneys, including paralegals and law clerks "whose labor contributes to the work product for which an attorney bills her client." Missouri v. Jenkins, 491 U.S. 274, 285 (1989). Non-attorney activity was conducted in light of Plaintiffs' numerous sets of discovery requests. If a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. Cabrales v. Co. of L.A., 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. |
| **Robert Rousseau** **Invoice=5749467** | 9/24/2022 10/10/2022 | Continue preparation of documents for production. | | 0.8 | ($127.80) [this is 5/7s of the full $180 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim | |
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.*, 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| **Joy C. Rosenquist** **Invoice=5749467** | 9/26/2022 10/10/2022 | Receive and review correspondence to/from Plaintiffs counsel, REDACTED REDACTED regarding status of pleadings REDACTED REDACTED | To protect content of attorney work product, attorney mental impressions, and/or strategy. | 0.7 | ($196.32) [this is 5/7s of the full $276.50 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim; unable to determine nature of entry | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Nature of attorney work is evident and clearly denotes review and analysis of email correspondences related to this matter. Attorney activity was conducted in light of all allegations within Plaintiffs' Complaint. However, if a prevailing party ultimately wins on a particular claim, it is entitled to all attorney's fees reasonably expended in pursuing that claim. *Cabrales v. Co. of L.A.* , 935 F.2d 1050, 1053 (9th Cir.1991). Defendants intend to seek 5/7 fraction of total attorneys' fees billed for this entry. Redactions have been made to protect attorney work product, attorney mental impressions and strategy. |
| Connie L. Michaels | 9/26/2022 | Correspond with opposing counsel re plaintiffs | | 1.1 | ($459.23) [this is 5/7s of the full $646.80 entry] | Reduced in its entirety by Plaintiffs | object | unable to determine amount of time billed for each claim | |
| Invoice=5749467 | 10/10/2022 | declining to amend their complaint, advise | | | | | | | |
| | | client and various witnesses of same. | | | | | | | |

| Date | Name | Quantity | Amount Billed | Amount Sought | Description | Defendants' Position | Plaintiff's Position | Amount Plaintiffs' Agree to Remit | Defendants' Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | of expenses related to depositions costs as Plaintiffs never dismissed the State law and ADA claims despite numerous representations. Moreover, Plaintiffs continued to propound sets of discovery, subpoenas, and participated in numerous meet and confers thereto. In fact, during the deposition of Plaintiff Norma Brambila, after numerous hours of attorney work resulted in incurred fees and expenses, opposing counsel, on record, once again claimed that "Today we are going to inform the court that we're agreeing to dismiss counts three through seven without prejudice. So if your questioning goes to any of those counts, you might |
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with plaintiffs' depositions as unnecessary discovery expenses. Plaintiffs' counsel advised defense counsel shortly after Plaintiffs were noticed for deposition that the noticed Plaintiffs had no knowledge pertaining to any legal issues in the case. Plaintiffs' depositions did not elicit any information supportive of the arguments made in the defense's MJOP, especially not for the state law/ADA claims, which Defendants have argued should be dismissed based on 11th Amendment Immunity, a jurisdictional and purely legal issue that could have been raised at the onset of this case, as detailed in our November 18, 2022, and December 20, 2022, correspondence. *See also Oregon Short Line R.R. Co. v. Dep't of Revenue* , 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington* , 45 F.3d 316, 319 (9th Cir.1995)). | 0 | |
| 8/22/2022 | Connie L. Michaels | 1 | 1,810.30 | 699.50 | Court Reporter - - VERITEXT CORPORATION | Pursuant to FRCP Rule 54(d) | | | |
| | | | | | Original with 1 Certified Transcrpt on Norma Brambila | attorneys' fees and nontaxable expenses are recoverable. | | | |
| | | | | | | Furthermore, 42 U.S.C. § 12205 provides grounds for prevailing party | | | |
| | | | | | | to recover litigation expenses. | | | |
| | | | | | Vendor=VERITEXT CORPORATION | Taxable costs under 28 U.S.C. sect. | | | |
| | | | | | | 1920 (taxation of costs), have | | | |
| | | | | | | been sought via Bill of Costs (CV-059) | | | |
| | | | | | | filed with Clerk on November 23, | | | |
| | | | | | | 2022 | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | of expenses related to depositions costs as Plaintiffs never dismissed the State law and ADA claims despite numerous representations. Moreover, Plaintiffs continued to propound sets of discovery, subpoenas, and participated in numerous meet and confers thereto. In fact, during the deposition of Plaintiff Norma Brambila, after numerous hours of attorney work resulted in incurred fees and expenses, opposing counsel, on record, once again claimed that "Today we are going to inform the court that we're agreeing to dismiss counts three through seven without prejudice. So if your questioning goes to any of those counts, you might |
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with plaintiffs' depositions as unnecessary discovery expenses. Plaintiffs' counsel advised defense counsel shortly after Plaintiffs were noticed for deposition that the noticed Plaintiffs had no knowledge pertaining to any legal issues in the case. Plaintiffs' depositions did not elicit any information supportive of the arguments made in the defense's MJOP, especially not for the state law/ADA claims, which Defendants have argued should be dismissed based on 11th Amendment Immunity, a jurisdictional and purely legal issue that could have been raised at the onset of this case, as detailed in our November 18, 2022, and December 20, 2022, correspondence. *See also Oregon Short Line R.R. Co. v. Dep't of Revenue* , 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington* , 45 F.3d 316, 319 (9th Cir.1995)). | 0 | |
| 8/23/2022 | Connie L. Michaels | 1 | 1,285.20 | 590.80 | Court Reporter - - VERITEXT CORPORATION | Pursuant to FRCP Rule 54(d) | | | |
| | | | | | Original with 1 Certified transcript on Sandra Garcia | attorneys' fees and nontaxable expenses are recoverable. | | | |
| | | | | | Vendor=VERITEXT CORPORATION | Furthermorem, 42 U.S.C. § 12205 provides grounds for prevailing party | | | |
| | | | | | | to recover litigation expenses. | | | |
| | | | | | | Taxable costs under 28 U.S.C. sect. | | | |
| | | | | | | 1920 (taxation of costs), have | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | been sought via Bill of Costs (CV-059) filed with Clerk on November 23, 2022 | | |
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with plaintiffs' depositions as unnecessary discovery expenses. Plaintiffs' counsel advised defense counsel shortly after Plaintiffs were noticed for deposition that the noticed Plaintiffs had no knowledge pertaining to any legal issues in the case. Plaintiffs' depositions did not elicit any information supportive of the arguments made in the defense's MJOP, especially not for the state law/ADA claims, which Defendants have argued should be dismissed based on 11th Amendment Immunity, a jurisdictional and purely legal issue that could have been raised at the onset of this case, as detailed in our November 18, 2022, and December 20, 2022, correspondence. *See also Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995)). | 0 | of expenses related to depositions costs as Plaintiffs never dismissed the State law and ADA claims despite numerous representations. Moreover, Plaintiffs continued to propound sets of discovery, subpoenas, and participated in numerous meet and confers thereto. In fact, during the deposition of Plaintiff Norma Brambila, after numerous hours of attorney work resulted in incurred fees and expenses, opposing counsel, on record, once again claimed that "Today we are going to inform the court that we're agreeing to dismiss counts three through seven without prejudice. So if your questioning goes to any of those counts, you might |
| 8/23/2022 | Connie L. Michaels | 1 | 849 | 849 | Videotape - - VERITEXT CORPORATION Viceo Service on Sandra Garcias | Pursuant to FRCP Rule 54(d) attorneys' fees and nontaxable expenses are recoverable. | | |
| | | | | | Vendor=VERITEXT CORPORATION | Furthermore, 42 U.S.C. § 12205 provides grounds for prevailing party to recover litigation expenses. | | |
| | | | | | | | | |
| | | | | | | | | of expenses related to depositions costs as Plaintiffs never dismissed the State law and ADA claims despite numerous representations. Moreover, Plaintiffs continued to propound sets of discovery, subpoenas, and participated in numerous meet and confers thereto. In fact, during the deposition of Plaintiff Norma Brambila, after numerous hours of attorney work resulted in incurred fees and expenses, opposing counsel, on record, once again claimed that "Today we are going to inform the court that we're agreeing to dismiss counts three through seven without prejudice. So if your questioning goes to any of those counts, you might |
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with plaintiffs' depositions as unnecessary discovery expenses. Plaintiffs' counsel advised defense counsel shortly after Plaintiffs were noticed for deposition that the noticed Plaintiffs had no knowledge pertaining to any legal issues in the case. Plaintiffs' depositions did not elicit any information supportive of the arguments made in the defense's MJOP, especially not for the state law/ADA claims, which Defendants have argued should be dismissed based on 11th Amendment Immunity, a jurisdictional and purely legal issue that could have been raised at the onset of this case, as detailed in our November 18, 2022, and December 20, 2022, correspondence. *See also Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995)). | 0 | |
| 8/24/2022 | Connie L. Michaels | 1 | 906.4 | 196 | Court Reporter - - VERITEXT CORPORATION Original with 1 Certified transcript on Jeffrey Fuentes | Pursuant to FRCP Rule 54(d) attorneys' fees and nontaxable expenses are recoverable. | | |
| | | | | | Vendor=VERITEXT CORPORATION | Furthermore, 42 U.S.C. § 12205 provides grounds for prevailing party to recover litigation expenses. | | |
| | | | | | | Taxable costs under 28 U.S.C. sect. 1920 (taxation of costs), have been sought via Bill of Costs (CV-059) filed with Clerk on November 23, 2022 | | |

| Date | Name | | | | Description | | Notes | Amount | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with plaintiffs' depositions as unnecessary discovery expenses. Plaintiffs' counsel advised defense counsel shortly after Plaintiffs were noticed for deposition that the noticed Plaintiffs had no knowledge pertaining to any legal issues in the case. Plaintiffs' depositions did not elicit any information supportive of the arguments made in the defense's MJOP, especially not for the state law/ADA claims, which Defendants have argued should be dismissed based on 11th Amendment Immunity, a jurisdictional and purely legal issue that could have been raised at the onset of this case, as detailed in our November 18, 2022, and December 20, 2022, correspondence. *See also Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995)). | | 0 | of expenses related to depositions costs as Plaintiffs never dismissed the State law and ADA claims despite numerous representations. Moreover, Plaintiffs continued to propound sets of discovery, subpoenas, and participated in numerous meet and confers thereto. In fact, during the deposition of Plaintiff Norma Brambila, after numerous hours of attorney work resulted in incurred fees and expenses, opposing counsel, on record, once again claimed that "Today we are going to inform the court that we're agreeing to dismiss counts three through seven without prejudice. So if your questioning goes to any of those counts, you might |
| 8/24/2022 | Connie L. Michaels | 1 | 855 | $855 | Videotape - - VERITEXT CORPORATION Video | Pursuant to FRCP Rule 54(d) | | | |
| | | | | | Service on Jeffrey Fuentes | attorneys' fees and nontaxable | | | |
| | | | | | Vendor=VERITEXT CORPORATION | expenses are recoverable. | | | |
| | | | | | | Furthermore, 42 U.S.C. § 12205 | | | |
| | | | | | | provides grounds for prevailing party | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | Plaintiffs object to all costs requested by defendants that are associated with their retained and nonretained expert witnesses as unnecessary discovery expenses. Defendants do not intend to seek fees/costs associated with defending against Plaintiffs' 14th Amendment SDP and EPC claims (which defendants' experts were primarily retained to defend against), and expert testimony is not needed to argue that the court lacked jurisdiction over Plaintiffs' state law/ADA claims based on 11th Amendment immunity. Rather, as above, whether the 11th Amendment immunizes defendants from suit against Plaintiffs' state law/ADA claims is a pure legal question. *See Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995)). Indeed, Dr. Reingold's report contains no opinions on or even related to Plaintiffs' state law or ADA claims. | | 0 | Defendants seek recovery of expenses related to the the State law and ADA claims, including expert fees. Despite numerous representations, Plaintiffs never dismissed these claims and Defendants incurred costs in their effort to retain experts. Plaintiffs unfounded representation that Defendants experts were solely pursuant to defending against Plaintiffs' section 1983 claims is conclusory and untrue. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |
| 9/27/2022 | Arthur Reingold, M.D. | 14 | 600 | $2,800 (this is 1/3s of the total $8400) | Expert witness fee re Arthur Reingold, M.D., for services provided | Litigation expenses normally | | | |
| | | | | | including review of documents, advising, and drafting of initial report. | encompasses expert witness fees. | | | |
| | | | | | | *See Lovell v. Chandler* 303 F.3d | | | |
| | | | | | | 1039 (9th Cir. 2002). See also, | | | |
| | | | | | | Pursuant to FRCP Rule 54(d) | | | |
| | | | | | | attorneys' fees and nontaxable | | | |
| | | | | | | expenses are recoverable. | | | |
| | | | | | | Furthermore, 42 U.S.C. § 12205 | | | |
| | | | | | | provides grounds for prevailing party | | | |

| 9/28/2022 | Anthony Podany, Pharm.D., Ph.D. | 6.25 | 450 | $937.5 [this is 1/3 of the total $2812.5] | Expert witness fee re Athony Podany, Pharm.D., Ph.D., for services provided including advising and review of documents. | Litigation expenses normally encompasses expert witness fees. See *Lovell v. Chandler* 303 F.3d 1039 (9th Cir. 2002). See also, Pursuant to FRCP Rule 54(d) attorneys' fees and nontaxable expenses are recoverable. Furthermore, 42 U.S.C. § 12205 provides grounds for prevailing party | Plaintiffs object to all costs requested by defendants that are associated with their retained and nonretained expert witnesses as unnecessary discovery expenses. Defendants do not intend to seek fees/costs associated with defending against Plaintiffs' 14th Amendment SDP and EPC claims (which defendants' experts were primarily retained to defend against), and expert testimony is not needed to argue that the court lacked jurisdiction over Plaintiffs' state law/ADA claims based on 11th Amendment immunity. Rather, as above, whether the 11th Amendment immunizes defendants from suit against Plaintiffs' state law/ADA claims is a pure legal question. *See Oregon Short Line R.R. Co. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1263 (9th Cir. 1998) ("Whether a state is immune from suit under the Eleventh Amendment is a question of law[.]") (quoting *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995)). | 0 | Defendants seek recovery of expenses related to the the State law and ADA claims, including expert fees. Despite numerous representations, Plaintiffs never dismissed these claims and Defendants incurred costs in their effort to retain experts. Plaintiffs unfounded representation that Defendants experts were solely pursuant to defending against Plaintiffs section 1983 claims is conclusory and untrue. Moreover, Defendants are entitled to recovery of litigation costs, including expert fees, and attorneys' fee based on ADA statute if they are the prevailing party, as is the case here. |